# LAZARD

LAZARD FRÈRES & CO. LLC
30 ROCKEFELLER PLAZA
NEW YORK, NY 10020
PHONE 212-632-6000
www.lazard.com

WorldCom, Inc.
July 17, 2002

As of July 11, 2002

WorldCom, Inc.
500 Clinton Center Dr.
Clinton, MS 39056

Attention:   Susan Mayer
             Treasurer

Dear Sirs:

This letter agreement (the "Agreement") confirms the understanding and agreement between Lazard Frères & Co. LLC ("Lazard") and WorldCom, Inc. ("WorldCom") and MCI Communications Corporation, Intermedia Communications Inc. and Brooks Fiber Properties, Inc. and each of their respective subsidiaries (collectively, the "Company").

*Assignment Scope:*

The Company hereby retains Lazard as its investment banker to provide it with general restructuring advice in connection with any Restructuring Transaction (as defined below) on the terms and conditions set forth herein. The Company currently has approximately $37 billion of outstanding indebtedness for borrowed money and trade payables ("Existing Obligations"). As used in this Agreement, the term "Restructuring Transaction" shall mean, collectively, any restructuring, reorganization (whether or not pursuant to Chapter 11 of the United States Bankruptcy Code) and/or recapitalization of all or substantially all of the Company that is achieved, without limitation, through a solicitation of waivers and consents, rescheduling of debt maturities, change in interest rates, repurchase, settlement or forgiveness of debt, conversion of debt into equity, exchange offer involving new securities, issuance of new securities, sale or disposition of assets, sale of debt or equity securities or other interests, merger or consolidation or other similar transaction or series of transactions. By signing this Agreement, we hereby accept our appointment as your investment banker under the terms hereof.

*Description of Services:*

1. Lazard agrees, in consideration of the compensation provided in Section 2 below, to perform such of the following investment banking services as the Company may reasonably request, including:

   (a)   A review and analysis of the Company's business, operations and financial projections;

# LAZARD

WorldCom, Inc.
July 17, 2002

(b) Evaluating the Company's potential debt capacity in light of its projected cash flows;

(c) Assisting in the determination of a capital structure for the Company;

(d) Determining a range of values for the Company on a going concern basis;

(e) Advising WorldCom on tactics and strategies for negotiating with the holders of the Existing Obligations (the "Stakeholders");

(f) Rendering financial advice to WorldCom and participating in meetings or negotiations with the Stakeholders and/or rating agencies or other appropriate parties in connection with any restructuring, modification or refinancing of the Company's Existing Obligations;

(g) Advising the Company on the timing, nature, and terms of new securities, other consideration or other inducements to be offered pursuant to the Restructuring;

(h) If requested by the Company, advising and assisting the Company in evaluating potential capital markets transactions of public or private debt or equity offerings, including any debtor-in-possession financing by the Company, and, on behalf of the Company, evaluating and contacting potential sources of capital and assisting in negotiating such financing;

(i) Assisting the Company in preparing documentation within our area of expertise that is required in connection with the restructuring of the Existing Obligations;

(j) If requested by the Company, assisting in identifying and evaluating candidates for a potential Business Combination involving all or a portion of the Company, advising the Company in connection with negotiations and aiding in the consummation of a Business Combination[1];

(k) Advising and attending meetings of the Company's Board of Directors and its committees;

---

[1] As used in this letter, the term "Business Combination" means any transaction or series of transactions involving (a) an acquisition, merger, consolidation, or other business combination pursuant to which the business or assets of all or a portion of the Company are combined with another company or any of such company's subsidiaries; (b) the acquisition, directly or indirectly, by a buyer or buyers (which term shall include a "group" of persons as defined in Section 13(d) of the Securities Exchange Act of 1934, as amended), of equity interests or options, or any combination thereof constituting a majority of the then outstanding stock of the Company or possessing a majority of the then outstanding voting power of the Company (except as may occur with current Stakeholders as a result of a Restructuring); (c) any other purchase or acquisition by a buyer or buyers of significant assets, securities or other interests of the Company or (d) the formation of a joint venture or partnership with the Company or direct investment in the Company for the purpose of effecting a transfer of a controlling or significant minority interest in the Company to a third party.

# LAZARD

WorldCom, Inc.
July 17, 2002

(l) Providing testimony and/or other evidence, as necessary, in any proceeding before the bankruptcy court; and

(m) Providing the Company with other general restructuring advice.

## Fees:

2. As consideration for the services to be provided, the Company shall pay Lazard certain fees as follows:

(a) A monthly fee of $300,000, payable in cash on execution of this agreement and on the 1st day of each month thereafter until the earlier of the completion of the Restructuring or the termination of Lazard's engagement pursuant to paragraph 10.

(b) A cash fee equal to $15 million payable in cash upon the consummation of a Restructuring Transaction (the "Restructuring Fee").

(c) (i) If the Company requests Lazard to assist in connection with any proposed Business Combination and such Business Combination is consummated, a Business Combination Fee in cash based on the Aggregate Consideration calculated as set forth in Schedule I hereto, such fee to be paid promptly upon the closing of such Business Combination.

(ii) If the Company requests Lazard to assist in connection with any transaction involving the sale of certain of the Company's business lines, divisions or operating groups (a "Sale Transaction"), a Sale Transaction Fee in cash based on the Aggregate Consideration calculated as set forth in Schedule I hereto, such fee to be payable promptly upon the closing of such transaction.

One-half of any fee payable under this Section 2(c) shall be credited against the Restructuring Fee if, as and when such fee is payable to Lazard under Section 2(b).

(d) For the avoidance of any doubt, more than one fee may be payable pursuant to clauses (b) and (c) above.

(e) In addition to any fees that may be payable to Lazard and, regardless of whether any transaction occurs, the Company shall promptly reimburse Lazard for all: (i) reasonable out-of pocket expenses (including travel and lodging, data processing and communications charges, courier services and other appropriate expenditures) and (ii) other reasonable fees and expenses, including expenses of counsel, if any.

# LAZARD

WorldCom, Inc.
July 17, 2002

(f) As part of the compensation payable to Lazard hereunder, the Company agrees to the indemnification and contribution provisions (the "Indemnification Letter") attached to this Agreement as Addendum A and incorporated herein in their entirety.

(g) All amounts hereunder shall be paid promptly after such amounts accrue hereunder.

### *Retention in Chapter 11 Proceedings:*

3. Upon the commencement of Chapter 11 proceedings, the Company agrees that it will use best efforts to obtain prompt authorization from the Bankruptcy Court to retain Lazard on the terms and conditions set forth in this Agreement under the provisions of Section 328(a) of the Bankruptcy Code. Subject to being so retained, Lazard agrees that during the pendency of any such proceedings, it shall continue to perform its obligations under this Agreement and that it shall file interim and final applications for allowance of the fees and expenses payable to it under the terms of this Agreement pursuant to the applicable Federal Rules of Bankruptcy Procedure, and the local rules and order of the Bankruptcy Court. The order of the Bankruptcy Court approving the Agreement and authorizing Lazard's retention shall be acceptable to Lazard in its reasonable discretion. In so agreeing to seek Lazard's retention under Section 328(a) of the Bankruptcy Code, the Company acknowledges that it believes that Lazard's general restructuring experience and expertise, its knowledge of the capital markets and its merger and acquisition capabilities will inure to the benefit of the Company in pursuing any Restructuring Transaction, Business Combination, Sale Transaction or financing, that the value to the Company of Lazard's services hereunder derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of the contingent Restructuring Transaction Fee, Business Combination Fee and Sale Transaction Fee are reasonable regardless of the number of hours to be expended by Lazard's professionals in the performance of the services to be provided hereunder.

### *Other:*

4. No fee payable to any other person, by you or any other party, shall reduce or otherwise affect any fee payable hereunder to us.

5. The Company will furnish or cause to be furnished to Lazard such current and historical financial information and other information regarding the business of the Company as Lazard may reasonably request in connection with this engagement. The Company agrees to keep Lazard advised of all material developments materially affecting the Company or its financial position. In performing its services pursuant to this Agreement, including in connection with any valuation of the Company, Lazard shall be entitled to rely upon information furnished to it by the Company or that is publicly available, may assume the accuracy and completeness of such information and shall not assume any responsibility for independent verification of any such information. Lazard will not, as part of its engagement, undertake any

# LAZARD

WorldCom, Inc.
July 17, 2002

independent valuation or appraisal of any of the assets or liabilities of the Company or of any third party, or opine or give advice to the Boards of Directors, the Company or management or shareholders with respect thereto.

6. In performing its services pursuant to this Agreement, Lazard is not assuming any responsibility for the decision by the Company or any other party to pursue (or not to pursue) any business strategy or to effect (or not to effect) any Restructuring Transaction, Sale Transaction, Business Combination or other transaction. Lazard shall not have any obligation or responsibility to provide "crisis management" for or business consultant services to the Company, and shall have no responsibility for designing or implementing operating, organizational, administrative, cash management or liquidity improvements; nor shall Lazard be responsible for providing any tax, legal or other specialist advice.

7. It is understood and agreed that nothing contained in this Agreement shall constitute an express or implied commitment by Lazard to underwrite, place or purchase any securities in a financing or otherwise, which commitment shall only be set forth in a separate underwriting, placement agency or purchase agreement, as applicable, relating to the financing.

8. Simultaneously herewith, the parties hereto are entering into the Indemnification Letter. The Indemnification Letter shall survive any termination or expiration of this Agreement.

9. In order to coordinate our efforts on behalf of the Company during the period of our engagement hereunder, in the event that the Company receives an inquiry concerning any potential transaction, the Company will promptly inform Lazard of such inquiry so that we can assess such inquiry and if requested by the Company, assist in any resulting negotiations. In the event that Lazard receives an inquiry concerning any transaction, we will promptly inform the Company of such inquiry.

10. Our engagement hereunder may be terminated by you or us at any time without liability or continuing obligation to you or us, except that following such termination and any expiration of this agreement (a) we shall remain entitled to any fees accrued pursuant to Section 2 but not yet paid prior to such termination or expiration, as the case may be, and to reimbursement of expenses incurred prior to such termination or expiration, as the case may be, and (b) in the case of termination by you and any expiration of this agreement, we shall remain entitled to full payment of all fees contemplated by Section 2 hereof in respect to any (i) Restructuring Transaction, and (ii) Business Combination and Sale Transaction in respect of which Lazard was requested to provide assistance, in each case (i) and (ii), announced or consummated during the period from the date hereof until one year following such termination or expiration, as the case may be.

11. The Company recognizes that Lazard has been engaged only by the Company and that the engagement of Lazard is not deemed to be on behalf of and is not intended to confer rights upon any shareholder, partner or other owner of the Company, any creditor, lender or any other person not a party hereto as against Lazard or any of its affiliates or any of their respective directors, officers, agents, employees or representatives. Unless otherwise expressly agreed, no

# LAZARD

WorldCom, Inc.
July 17, 2002

one other than the Company's management and board of directors, is authorized to rely upon the engagement of Lazard or any statements, advice, opinions or conduct by Lazard. Without limiting the foregoing, any advice, written or oral rendered to the Company's Boards of Directors or management in the course of the engagement of Lazard is solely for the purpose of assisting the Boards or management, as the case may be, in evaluating the Restructuring Transaction, and if applicable a Business Combination. Sale Transaction, financing or other transaction, and does not constitute a recommendation to any stakeholder of the Company that such stakeholder might or should take in connection with the Restructuring Transaction, Business Combination, Sale Transaction, financing or other transaction. Lazard's role herein is that of an independent contractor; nothing herein is intended to create or shall be construed as creating a fiduciary relationship between Lazard and the Company or its Boards of Directors.

12. In connection with the services to be provided hereunder, Lazard may employ the services of its affiliates and such affiliates may share with Lazard any information concerning the Company, provided that Lazard and such affiliates shall hold any nonpublic information confidential in accordance with their respective customary policies relating to nonpublic information. Any such affiliate so employed (and its directors, officers, employees, agents, attorneys, and affiliates) shall be entitled to all of the benefits afforded to Lazard hereunder and shall be entitled to be reimbursed for its costs and expenses on the same basis as Lazard.

13. The provisions hereof shall inure to the benefit of and be binding upon the successors and assigns of the Company, Lazard and any other person entitled to indemnity under the Indemnification Letter. This agreement may be amended, modified or supplemented only by written instrument by the parties hereto.

14. This letter agreement and any claim related directly or indirectly to this agreement (including any claim concerning advice provided pursuant to this agreement) shall be governed by and construed in accordance with the laws of the State of New York without regard to the principle of conflicts of law. No such claim shall be commenced, prosecuted or continued in any forum other than the courts of the State of New York located in the City and County of New York or in the United States District Court for the Southern District of New York, and each of the parties hereby submits to the jurisdiction of such courts. Each of Lazard and the Company hereby waives on behalf of itself and its successors and assigns any and all right to argue that the choice of forum provision is or has become unreasonable in any legal proceeding. Each of Lazard and the Company waives all right to trial by jury in any action, proceeding or counterclaim (whether based upon contract, tort or otherwise) related to or arising out of the engagement of Lazard pursuant to, or the performance by Lazard of the services contemplated by, this agreement.

# LAZARD

WorldCom, Inc.
July 17, 2002

If the foregoing letter is in accordance with your understanding of the terms of our engagement, please sign and return to us the enclosed duplicate hereof.

Very truly yours,

LAZARD FRERES & CO. LLC

By: _____
Terry Savage
Managing Director

Accepted and Agreed to as of the date first written above.

WORLDCOM, INC., on behalf of itself and MCI Communications Corporation, Intermedia Communications Inc., Brooks Fiber Properties, Inc. and each of their respective subsidiaries.

By. _____
Susan Mayer
Treasurer

# LAZARD

WorldCom, Inc.
July 17, 2002

## SCHEDULE I

### Fees for a Sale Transaction and Business Combination

The total fee is calculated by breaking down the Aggregate Consideration and multiplying each increment by the corresponding incremental fee. For example, for a transaction in which the Aggregate Consideration paid is $60 million, the fee would be $625,000 + $550,000 + $175,000 which totals $1.35 million.

| Aggregate Consideration ($ in millions) | Incremental Fee % |
|---|---|
| $0 - $25 | 2.50% |
| $25 - $50 | 2.20% |
| $50 - $100 | 1.75% |
| $100 - $200 | 1.30% |
| $200 - $300 | 1.10% |
| $300 - $400 | 1.00% |
| $400 - $500 | 0.90% |
| $500 - $600 | 0.86% |
| $600 - $700 | 0.82% |
| $700 - $800 | 0.78% |
| $800 - $900 | 0.74% |
| $900 + | 0.70% |

For purposes hereof, the term "Aggregate Consideration" means (x) the total amount of cash and the fair market value (on the date of payment) of all of the property paid or payable (including amounts paid into escrow) in connection with the transaction (or any related transaction), including amounts paid or payable in respect of convertible securities, preferred equity securities, warrants, stock appreciation rights, option or similar rights, whether or not vested, plus (y) the principal amount of all indebtedness for borrowed money of the relevant entity or entities as set forth on the most recent balance sheet, or, in case of the sale of assets, all indebtedness for borrowed money assumed by the third party; provided, that such portion of the fees attributable to any amount paid into escrow shall be refunded if the Company does not retain such amount. Aggregate Consideration shall also include the aggregate amount of any dividends or other distributions declared by the relevant entity or entities after the date hereof other than normal quarterly cash dividends, and, in the case of the sale of assets, the net value of any current assets not sold minus the value of any current liability not assumed. For purposes of calculating Aggregate Consideration, (i) all shares will be deemed transferred where there is a transfer of shares, (a) constituting more than 30% of the then outstanding equity securities of or equity interest in the relevant entity, or (b) possessing more than 30% of the then outstanding voting power of the outstanding equity securities of or equity interest in the relevant entity, and

# LAZARD

WorldCom, Inc.
July 17, 2002

(ii) the value of securities (whether debt or equity) that are freely tradable in an established public market will be determined on the basis of the average closing price in such market for the 10 trading days prior to the closing of the transaction (the "Valuation Date"); and the value of securities that have no established public market or other property will be the fair market value of such securities or other property on such Valuation Date as agreed to by the parties in good faith and any restricted stock (i.e., stock in a public company not freely tradeable) received shall be valued at 85% of the public market price of such stock. Aggregate Consideration shall also be deemed to include pension liabilities and guarantees of monies borrowed assumed by the third party. If the Aggregate Consideration is subject to increase by contingent payments related to future events, the portion of our fee relating thereto shall be agreed to by the parties in good faith and paid to us upon consummation of the transaction; provided that such fee shall be refunded in the event the Company does not receive and retain any such contingent payments. In the event that the parties are unable to agree upon the fair market value of any consideration, then they will appoint an independent third party to make such determination.

# LAZARD

**ADDENDUM A**

July 11, 2002

WorldCom, Inc.
500 Clinton Center Dr.
Clinton, MS 39056

Attention:    Susan Mayer
              Treasurer

Dear Sirs:

      In connection with our engagement to advise and assist you with the matters set forth in the engagement letter of even date herewith, you and we are entering into this letter agreement. It is understood and agreed that in the event that Lazard Frères & Co. LLC ("Lazard") or any of our members, employees, agents, affiliates or controlling persons, if any (each of the foregoing, including Lazard Frères & Co. LLC, being an "Indemnified Person"), become involved in any capacity in any action, claim, proceeding or investigation brought or threatened by or against any person, including your stockholders, related to, arising out of or in connection with our engagement, you will promptly reimburse each such Indemnified Person for its reasonable legal and other expenses (including the cost of any investigation and preparation) as and when they are incurred in connection therewith. You will indemnify and hold harmless each Indemnified Person from and against any losses, claims, damages, liabilities or expense to which any Indemnified Person may become subject under any applicable federal or state law, or otherwise, in connection with such Indemnified Person's involvement in any capacity with any pending or threatened action, proceeding or investigation related to, arising out of or in connection with our engagement, whether or not any pending or threatened action, claim, proceeding or investigation giving rise to such losses, claims, damages, liabilities or expense is initiated or brought by or on your behalf and whether or not in connection with any action, proceeding or investigation in which you or such Indemnified Persons are a party, except to the extent that any such loss, claim, damage, liability or expense is found by a court of competent jurisdiction in a judgment which has become final in that it is no longer subject to appeal or review to have resulted primarily from such Indemnified Person's willful misconduct, bad faith or gross negligence. You also agree that no Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to you or your security holders or creditors related to, arising out of or in connection with our engagement except to the extent that any loss, claim, damage or liability is found by a court of competent jurisdiction in a judgment which has become final in that it is no longer subject to appeal or review to have resulted primarily from such Indemnified Person's willful misconduct, bad faith, or gross negligence.

**LAZARD**
WorldCom, Inc.
Indemnification Letter
July 17, 2002
Page 2

If for any reason the foregoing indemnification is held unenforceable, then you shall contribute to the loss, claim, damage, liability or expense for which such indemnification is held unenforceable in such proportion as is appropriate to reflect the relative benefits received, or sought to be received, by you and your stockholders on the one hand and the party entitled to contribution on the other hand in the matters contemplated by our engagement as well as the relative fault of yourselves and ourselves or such party with respect to such loss, claim, damage, liability or expense and any other relevant equitable considerations. You agree that for the purposes hereof the relative benefits received, or sought to be received, by you and your stockholders and ourselves shall be deemed to be in the same proportion as (i) the total value paid or proposed to be paid or received by you or your stockholders, as the case may be, pursuant to the transaction (whether or not consummated) for which we have been engaged to perform investment banking services bears to (ii) the fees paid or proposed to be paid to us in connection with such engagement; provided, however, that, to the extent permitted by applicable law, in no event shall we or any other Indemnified Person be required to contribute an aggregate amount in excess of the aggregate fees actually paid to us for such investment banking services. Your reimbursement, indemnity and contribution obligations under this letter shall be in addition to any liability which you may otherwise have, shall not be limited by any rights we or any other Indemnified Person may otherwise have and shall be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of yourselves, ourselves, and any other Indemnified Persons.

You agree that, without our prior written consent (which will not be unreasonably withheld or delayed), you will not settle, compromise or consent to the entry of any judgment in any pending or threatened claim, action, or proceeding or investigation in respect of which indemnification or contribution could be sought hereunder (whether or not we or any other Indemnified Persons are an actual or potential party to such claim, action or proceeding or investigation, or unless such settlement, compromise or consent involves only money damages), unless such settlement, compromise or consent includes an unconditional release of each Indemnified Person from all liability arising out of such claim, action or proceeding or investigation, or unless such settlement involves only money. No waiver, amendment or other modification of this agreement shall be effective unless in writing and signed by each party to be bound thereby. This agreement and any claim related directly to this agreement (including any claim concerning advice provided pursuant to this agreement) shall be governed and construed in accordance with the laws of the State of New York (without giving regard to the conflicts of law provisions thereof). Any such claim can be commenced, prosecuted or continued in the courts of the State of New York located in the City and County of New York or in the United States District Court for the Southern District of New York, and each of us hereby submits to the non-exclusive jurisdiction of such courts. We and you hereby waive on behalf of ourself and our successors and assigns and yourself and your successors and assigns any and all right to argue that the choice of forum provision is or has become unreasonable in any legal proceeding. We and you (on your own behalf and, to the extent permitted by applicable law, on behalf of your stockholders and creditors) waive all right to trial by jury in any action, proceeding or counterclaim (whether based upon contract, tort or otherwise) related to or arising out of or in

**LAZARD**

WorldCom, Inc.
Indemnification Letter
July 17, 2002
Page 3

connection with our engagement. This agreement shall remain in effect indefinitely, notwithstanding any termination or expiration of our engagement.

Very truly yours,

LAZARD FRERES & CO. LLC

By _____
Terry Savage
Managing Director

Accepted and Agreed to as of the date first written above.

WORLDCOM, INC., on behalf of itself and MCI Communications Corporation, Intermedia Communications Inc., Brooks Fiber Properties, Inc. and each of their respective subsidiaries.

By _____
Susan Mayer
Treasurer