UNITED STATES BANKRUPTCY COURT  Not for Publication
SOUTHERN DISTRICT OF NEW YORK
_____
                                            :
In re:                                      :   Chapter 11
                                            :
WORLDCOM, INC., *et al.*                    :   Case No. 02-13533 (AJG)
                                            :
        Reorganized Debtors.                :   (Jointly Administered)
_____:


# MEMORANDUM OPINION REGARDING M. RAY WEST AND CLASS CLAIMANTS' MOTION FOR CERTIFICATION UNDER FED. R. BANK. 7023


A P P E A R A N C E S :


Weil, Gotshal & Manges LLP
Attorneys for the Reorganized Debtors
767 Fifth Avenue
New York, NY 10153-0119

     Marcia L. Goldstein, Esq.
     Lori R. Fife, Esq.
         Of Counsel

700 Louisiana, Suite 1600
Houston, TX 77002

     Alfredo R. Perez, Esq.
         Of Counsel

1501 K Street NW, Suite 100
Washington, DC 20005

     Adam P. Strochak, Esq.
         Of Counsel


Miller Law Firm, PC
Attorneys For Claimant
4310 Madison Avenue
Kansas City, MO 64111

      Richard W. Miller, Esq.
          Of Counsel

Wolf, Block, Schorr & Solis-Cohen, LLP
Attorneys For Claimant
250 Park Avenue, Suite 100
New York, NY  10177

      Dennis M. O'Dea, Esq.
          Of Counsel

1650 Arch Street
Philadelphia, PA  19103

      Sandra L. Landron, Esq.
          Of Counsel

Akin, Gump, Strauss, Hauer & Feld LLP
Attorneys for the Official Committee
   Of Unsecured Creditors of WorldCom In., et al.
590 Madison Avenue
New York, NY  10022

      Daniel H. Golden, Esq.
      Ira S. Dizengoff, Esq.
          Of Counsel

ARTHUR J. GONZALEZ
United States Bankruptcy Judge

      WorldCom, Inc. and certain of its direct and indirect subsidiaries objected to M. Ray West's individual and class proofs of claim Nos. 022237, 022238, 022239, and 027152[1] regarding the alleged over billing of customers who used a MCI Communications Corporation access code for making phone calls.

**Jurisdiction and Venue**

---

[1] Each of the four proofs of claim are for $200,000,000, each against four separate debtor entities.

2

The Court has subject matter jurisdiction over this proceeding pursuant to sections 1334(b) and 157(a) of title 28 of the United States Code. This matter is a core proceeding within the meaning of section 157(b)(2)(A),(B) and (O) of title 28 of the United States Code. Venue is properly before this Court, pursuant to sections 1408 and 1409 of title 28 of the United States Code.

## Background

The Debtors provide a broad range of communication services in over 200 countries on six continents. Through its core communications service business, which includes voice, data, internet and international services, the Debtors carry more data over its networks than any other entity. The Debtors were the second largest carrier of consumer and small business long distance telecommunications services in the United States, and provided a broad range of retail and wholesale communications services.

On July 21, 2002 (the "Commencement Date") and November 8, 2002, the Debtors commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By orders dated July 22, 2002 and November 12, 2002, the Debtors' chapter 11 cases were consolidated for procedural purposes only and were jointly administered. The Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 29, 2002, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the committee of unsecured creditors (the "Committee"). A plan of reorganization, pursuant to the Bankruptcy Code, was confirmed on October 31, 2003 and became effective on April 20, 2004 (the "Plan").

3

M. Ray West ("West") filed a claim against WorldCom, Inc. ("WorldCom"), MCI Communications Corporation ("MCI") and Teleconnect Long Distance Services & Systems d/b/a Telecom USA ("Telecom USA") (collectively, the "Debtors") on behalf of herself and putative class members.[2]

West made a telephone call from a public telephone using an MCI access code on October 25, 2002.[3] A customer service operator indicated that West had reached MCI. West charged a one-minute long distance call to her credit card for which MCI charges approximately $1.00. Hrg. Transcr. (Jan. 13, 2004). West's credit card bill reflected a charge from Telecom USA for $12.76.

West alleges that MCI switched thousands of customers, without notice, to a higher cost service provider since 1990. Further, West alleges that customers assumed MCI was carrying their long distance calls based on speaking with an MCI operator. The bills, however, reflected a higher rate and were charged by another service provider. West contends MCI continued this scheme post-petition resulting in claims against the Debtors. She seeks class certification for both pre- and post-petition claims against the Debtors.

**Discussion**

Certification of a class claim pursuant to Bankruptcy Rule 7023 is within the discretion of this Court. *In re Charter Co.*, 876 F.2d 866, 876 (11th Cir.1989). The provisions of Bankruptcy Rule 7023 adopt Federal Rule of Civil Procedure 23 in *adversary proceedings*, but not for *contested matters*. The provisions of Bankruptcy Rule 9014 apply certain rules from the Code to

---

[2] West did not submit the names of any other actual plaintiffs to the Court until after the hearing. However, following the hearing, West filed a Motion to File Supplemental Brief and Related Affidavits dated February 2, 2004, which was denied. Upon review of the pleadings regarding the motion, the Court found that West did not establish cause for granting leave to file the Supplemental Brief. Therefore, this opinion is based on the record through January 13, 2004, including the pleadings filed through that date and at the hearing held on January 1, 2004.

[3] Miller Law Firm, P.C. instructed West to make the phone call in order to become the class representative.

4

contested matters, but do not include Rule 7023. Therefore, this Court has discretion to apply Rule 7023 to a contested matter. *See In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997).

For a class action claim to proceed three requirements must be met (1) the bankruptcy court must direct Rule 23 to apply, (2) the claim must satisfy the requirements of Rule 23, and (3) the benefits that generally support class certification in civil litigation must be realizable in the bankruptcy case. *Id.* (internal citations omitted). Rule 23(a) requires

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claim or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

West has not established that the class is so numerous that joinder of all members is impracticable. *See Smith v. New York State Higher Educ. Servs. Corp. (In re Smith)*, 95 B.R. 286, 291 (Bankr. N.D.N.Y. 1988) ("Absent some evidence or reasonable estimate of the number of class members by the one asserting the class, numerosity and the impracticability of joinder cannot be satisfied by speculation . . . ."). Although West alleges that there are millions of class members who tried to utilize MCI Operator Services but were switched to Telecom USA, the facts specifically alleged pertain only to the single phone call made by West herself. As of the close of the record, West had not identified any other putative class members that have been harmed in the same way. (See, footnote 2). West's claim as to the number of potential class members that have received the same treatment as she did is mere speculation.

West has not established that her claims are typical of the claims of the putative class. *See In re W.T. Grant Co.*, 24 B.R. 421, 425 (Bankr. S.D.N.Y. 1982). West, who suffered her injury post-petition, cannot adequately represent a class who allegedly suffered a *pre-petition*

5

injury. *See In re W.T. Grant Co.*, 24 B.R. at 425 ("[T]he plaintiff must have standing to represent the class") (internal citations omitted).

West's claims are also atypical of the claims of the putative class members for other reasons. Many of the putative class members, whose claims date back to 1990, will be subject to statute of limitations defenses, whereas West may not. West has not presented evidence that the putative class members relied on any misrepresentations made by MCI. Some of the members of the putative class may well have used the same calling method as West. However, other members of the putative class would have used different numbers to reach the phone service depending on whether the request was made – via home phones or pay phones or by dialing collect, etc. The burden is not on the Debtor to determine the identity of all of the putative class members who are at best unknown creditors. It is difficult to accept that the conduct, as alleged by Claimant, could have continued in the frequency and duration as argued, and yet the putative class remains silent. Further, as discussed more fully below, members of the putative class may have relied on different factors, such as different advertisements, representations made by operators, and how each member was billed and who provided such bill. These facts require individualized attention, which is not consistent with the purpose and procedures of a class action.

Common issues predominate if "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Moore v. Paine Webber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002). Although West alleges a violation of 47 U.S.C. § 201(b), the basis of the cause of action is fraud.

6

*See* West's Proofs of Claim dated January 20, 2003 ("Basis of Claim" is described as "Violation of Federal Communications Act and Fraud").

West alleges MCI's practices are unjust based on false representations made by MCI to West that her call was being serviced by MCI when, in fact, her call was being serviced by Telecom USA at a more expensive rate. (Class Action Complaint ¶¶ 18-31, 41-43). Fraud claims based upon oral misrepresentations are not amenable to class certification unless the representations were materially uniform in nature. *Moore*, 306 F.3d at 1252-53; *In re LifeUSA Holding Inc.*, 242 F.3d 136, 146 (3d Cir. 2001) (decertifying class action on commonality and predominance grounds because the lower court never identified any uniform misrepresentation made to the plaintiffs); *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 958 (7th Cir. 1989) ("Because of the importance of the representations and variances in what was said to the plaintiffs, the district court did not abuse its discretion in denying certification").

The potential members of the class as defined by West may not have received uniform representations of the service they were to receive and at what price. Potential class members would be required to demonstrate reliance on the representations made to each of them. *Moore*, 306 F.3d at 1255. Individualized inquiries would be needed regarding each caller's intent to utilize MCI, whether the representations made influenced the particular caller, whether the caller had knowledge of what entity was servicing the call and whether the caller consented to the conversion to Telecom USA either explicitly or by conduct. The individualized issues of proof predominate over any issues common to the proposed class.

Finally, there are two available methods of adjudication for West and all potential class members that are superior to the proposed class action. First, for those individuals who filed a timely claim - whether an unsecured claim or an administrative claim, or who could establish

7

cause to file a late claim; the bankruptcy process allows each potential class member to participate in the bankruptcy claims process. Second, WorldCom's Customer Programs are available to adjudicate and resolve billing disputes. In the ordinary course of business, WorldCom maintains certain customer service programs, policies, and practices, all of which are designed to ensure customer satisfaction (collectively "Customer Programs"). Both of these methods of adjudication are more efficient, less costly and less time-consuming than a class action. Therefore, it would be unfair to burden the estates with any delay from the possible prosecution of a class action lawsuit.

## Conclusion

For the foregoing reasons, the Debtors' Motion to Dismiss the West's Claims is granted. West's proofs of claim Nos. 022237, 022238, 022239, and 027152 are properly dismissed.

The Debtors are to settle an order consistent with this memorandum opinion.

Dated: New York, NY
May 11, 2005

                                                  **s/Arthur J. Gonzalez**
                                                  UNITED STATES BANKRUPTCY JUDGE