UNITED STATES BANKRUPTCY COURT      Not For Publication
SOUTHERN DISTRICT OF NEW YORK
_____
                                                           :
In re:                                                     :          Chapter 11
                                                           :
WORLDCOM, INC., *et al.*,                   :          Case No. 02-13533 (AJG)
                                                           :
                 Reorganized Debtors.       :            (Confirmed Case )
_____:

**OPINION GRANTING REORGANIZED DEBTORS=
MOTION TO ENFORCE DISCHARGE INJUNCTION**

A P P E A R A N C E S:

WEIL, GOTSHAL & MANGES, LLP
Attorneys for Reorganized Debtors
767 Fifth Avenue
New York, NY 10153-0119
        Marcia L. Goldstein, Esq.
        Lori R. Fife, Esq.
        Alfredo R. Pèrez, Esq.
             Of Counsel


AVROM R. VANN, P.C.
Attorney for Levcor Intl., Inc.
420 Lexington Avenue, Suite 2400
New York, NY 10170
        Avrom R. Vann, Esq.
             Of Counsel


ARTHUR J. GONZALEZ
United States Bankruptcy Judge


**Introduction**

     The Reorganized Debtors (ADebtor@) filed a motion on May 10, 2005 to enforce the discharge

injunction provided for in the Chapter 11 Plan, the Confirmation Order, 11 U.S.C. ' 524(a) and 11 U.S.C. ' 1141(d).  The purpose of the motion is to prevent Levcor Intl. Inc. (ALevcor@) from prosecuting a pre-petition claim for willful misconduct against the Debtor.  The Debtor argues that the discharge injunction bars Levcor from pursuing its pre-petition claim.  On June 2, 2005, Levcor filed a response to the Debtor=s motion arguing that it never received legally sufficient notice of the bar date for filing proofs of claims and is therefore not bound by the discharge injunction.  A hearing was held regarding this matter on June 7, 2005.

## Jurisdiction

The Court has subject matter jurisdiction under sections 1334(b) and 157(a) of title 28 of the United States Code and under the July 10, 1984 AStanding Order of Referral of Cases to Bankruptcy Judges@ of the United States District Court for the Southern District of New York (Ward, Acting C.J.).  This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code.

## Debtor=s Background

On July 21, 2002 (the ACommencement Date@) and November 8, 2002, the Debtor commenced cases under chapter 11 of title 11 of the United States Code (the ABankruptcy Code@).  By orders dated July 22, 2002 and November 12, 2002, the Debtor=s chapter 11 cases were consolidated for procedural purposes.  During the chapter 11 cases, the Debtor operated its businesses and managed its properties as debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

On July 29, 2002, the United States Trustee formed the Official Committee of Unsecured Creditors (the "Committee") of the Debtor.

By order dated October 29, 2002, this Court established January 23, 2003 as the deadline for the filing of a proof of claim against the Debtor (the "Bar Date"). By order dated October 31, 2003, the Court confirmed the Debtor's Modified Second Amended Joint Plan of Reorganization (the "Plan"). On April 20, 2004, the Plan became effective ("Effective Date). Upon the Effective Date the Debtor changed its name to MCI, Inc.

**Undisputed Facts**

On January 23, 2001 Levcor filed a complaint in New York State Court asserting five separate claims against the Debtor. The underlying basis for all of the claims involved the Debtor's alleged failure to transfer Levcor's phone lines from an old office location to a new office by a specified date. In response, the Debtor filed a motion to dismiss all of the claims contained in Levcor's complaint. On April 9, 2002, the state court granted the Debtor's motion to dismiss four of the claims, and denied the motion only with respect to a willful misconduct claim. On May 29, 2002, the Debtor filed a notice of appeal with respect to the state court's decision to deny its motion to dismiss Levcor's willful misconduct claim.

On July 25, 2002, four days after the Commencement Date, the Debtor filed a Notice of Filing of Bankruptcy with the state court handling the Levcor claim. In addition, the Debtor also filed a motion in the state appellate court seeking to stay the Debtor's Notice of Appeal until 60 days after an entry by the Bankruptcy Court lifting the automatic stay. The state appellate court granted the motion in part,

extending the time period the Debtor had to perfect the appeal. The Debtor took no further action to perfect the appeal.

On October 29, 2002 the Bankruptcy Court set the Bar Date for creditors to file proofs of claims. The Debtor asserts that it mailed a notice of the bar date and proof of claim form to Levcor International, c/o Avrom R. Vann, Esq., Vann & Slavin, P.C., 420 Lexington Avenue, Suite 2400, New York, New York 10170. The Debtor scheduled Levcor=s claim in the amount of $0.00. Levcor however, never filed a proof of claim in the bankruptcy case and Mr. Vann now asserts that he never received either notice of the bar date or the proof of claim form.

The next contact between the parties took place in March of 2005. At that time Levcor=s counsel indicated that Levcor intended to resume the litigation of the claim in state court. In addition, Levcor=s counsel completed a status inquiry form in the state court indicating that the stay should be removed and a status conference held. As a result, a preliminary conference was set by the state court for May 6, 2005. In response to Levcor=s actions, the Debtor filed the instant motion to enforce the discharge injunction.

## Discussion

Levcor does not dispute that it would be subject to the discharge injunction if it was properly served with the Bar Date notice. Rather, Levcor=s sole contention is that it was in fact not properly served. Levcor offers two alternative contentions. The first concerns the Debtor=s service of the Bar Date notice on Mr. Vann, who served as counsel for Levcor in the state court litigation that gave rise to the claim against the Debtor. The issue presented is whether the Debtor=s service on such counsel was legally sufficient to satisfy due process requirements and impart notice of the Bar Date on Levcor. If

such service was procedurally sufficient, Levcor raises in the alternative a second issue concerning the actual receipt of the required notice. The issue presented here is whether the postal service in fact did deliver the Bar Date notice and corresponding proof of claim form to Mr. Vann=s office address.

**Service of Process**

Mr. Vann argues that the Debtor improperly attempted to serve him notice of the claims bar date because his representation of Levcor was limited solely to the state court litigation. Based upon this, Mr. Vann concludes that any notice sent to him regarding Levcor=s involvement in the Debtor=s bankruptcy proceedings is invalid and asserts that the proper method to serve notice upon Levcor would have been through its corporate address. As a general proposition, notice served upon a party=s counsel satisfies any requirement to give notice to that party. *Irwin v. Veterans Admin.*, 498 U.S. 89, 92 (1990) (*citing Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962)).

The general proposition is limited by the fact that an attorney=s representation of a client in one case does not automatically extend to a second unrelated case between the same parties, and therefore, that attorney may not be the proper entity to serve notice upon in the second case. *Schultz v. Schultz*, 436 F. 2d 635, 640 (7th Cir. 1971). In bankruptcy cases however, notice to an attorney who is representing a client in a claim against the debtor is generally proper. *Maldonado v. Ramirez*, 757 F. 2d 48, 51 (3d. Cir. 1985) (finding that notice of a bankruptcy sent to a creditor=s attorney imparts notice of the bankruptcy to the creditor when the attorney is representing the creditor in its claim against the debtor), *In re Schicke*, 290 B.R. 792, 802-03 (10th Cir. B.A.P. 2003).

The case now before the Court is similar to the factual scenario in *Linder v. Trumps Castle Assoc.*, 155 B.R. 102, 103-04 (Bankr. D.N.J. 1993). In *Linder*, the creditor held a claim for personal

-5-

injury against the debtor. *Id.* The debtor proceeded to mail notice of the claims bar date to the creditor=s counsel in the personal injury case. *Id.* The *Linder* court held that the debtor=s delivery of notice to the creditor=s personal injury attorney was sufficient to impart notice on the creditor because the attorney was actively representing the creditor in its claim against the debtor. *Id.* In addition, the *Linder* court also noted that:

> [d]ebtors who are defending large numbers of law suits have routinely dealt with plaintiffs= counsel, and there would be practical problems in imposing a rule which invalidated notices mailed to those attorneys rather than directly to the plaintiffs. Indeed, one could anticipate more late filing disputes if notices of a bar date were mailed directly to the plaintiff rather than to his attorney.

*Id.* at 105 n. 3.

In the instant case, and similar to *Linder*, the counsel, Mr. Vann represented Levcor in a state court cause of action against the Debtor. The record indicates that Mr. Vann was aware of the fact that the Debtor filed for bankruptcy protection and the resulting stay that was placed on a pending state court appeal. Also similar to the claimant in *Linder*, Levcor=s only involvement in the Debtor=s bankruptcy as a potential creditor stemmed directly from its state court cause of action against the Debtor. Further, the Debtor=s only contact with Levcor relating to the potential claim was via communications with Mr. Vann. Thus, as in *Linder*, Mr. Vann=s active representation of Levcor in its pre-petition state court claim against the Debtor, which evolved into Levcor=s sole claim within the

Debtor=s bankruptcy after the filing, forms a sufficient nexus between the two proceedings that service upon Mr. Vann regarding Levcor=s claim in the bankruptcy case is proper.

**Receipt of Notice**

The next issue is whether Mr. Vann actually received the notice of the proof of claim bar date. A rebuttable presumption that an addressee received a mailed notice arises when the mailing party submits sufficient evidence to demonstrate the notice was properly addressed and mailed. 29 Am. Jur. 2d *Evidence* ' 262 (2005), *Hagner v. U.S.*, 285 U.S. 427, 430 (1932), *Meckel v. Continental Resources Co.*, 758 F. 2d 811, 817 (2d Cir. 1985), *Capital Data Corp. v. Capital Nat=l. Bank*, 778 F. Supp. 669, 675 (S.D.N.Y. 1991) (requiring that a party submit evidence to support its assertion that an item was properly mailed as a necessary pre-requisite for the presumption of receipt to arise). Evidence of actual mailing, in the form of an affidavit submitted by an individual who supervised the mailing is sufficient to allow the presumption to arise. *In re Adler, Coleman Clearing Corp.*, 204 B.R. 99, 104-05 (Bankr. S.D.N.Y. 1997) (finding that an affidavit submitted by the president of the company stating that he oversaw the mailing of claims packages was sufficient evidence to trigger the presumption that the claimants received the packages).  Additional evidence, other than an addressee=s mere denial of receipt is required to rebut the presumption that the addressee received a properly addressed notice. *Meckel*, 758 F. 2d at 817 (*citing Engel v. Lichterman*, 95 A. D. 2d. 536, 544 (2d. Dept. 1983)).

In support of its motion, the Debtor submitted an affidavit by Kathy Gerber, an employee of Bankruptcy Services LLC (the entity responsible for sending out the notices), stating that she supervised the mailing of the notices to Mr. Vann.  The current situation is similar to the facts contained in the *Adler*

case.  In both *Adler* and the instant case, an employee submitted an affidavit stating they supervised the mailing of notices to claimants.  The *Adler* court found that the affidavit offered sufficient proof that the notice was actually mailed.  As a result, and in accordance with *Adler* opinion, this Court finds that Ms. Gerber=s affidavit stating that she supervised the mailing of the notice to Mr. Vann is sufficient proof that the notices were actually mailed.

There remains however, some dispute as to whether the notice of the claims bar date was properly addressed to Mr. Vann.  Mr. Vann asserts that the notice was improperly addressed because the Debtor incorrectly included AVann & Slavin, P.C.@ in the address.  While this appears true, the Debtor still identified Mr. Vann on the envelope and correctly listed Mr. Vann=s street address and suite number.  Thus, even if AVann & Slavin, P.C.@ was incorrectly included in the address, all of the other information necessary for the post office to deliver the notice was listed correctly.  Therefore, based upon the affidavit submitted by the Debtor and the fact that the notice was sent to Mr. Vann=s proper street address and suite number the presumption arises that Mr. Vann received the notice.  Mr. Vann offered no evidence that the error in the address as discussed above, where the name of the attorney appeared correctly the individual to whom the notice was addressed and the same name appeared in the name of the firm, but incorrectly liste another attorney=s name in the firm name, which was addressed to the correct street address and suite number would be less likely to be delivered that had the firm name been correctly stated.

The last issue remaining is whether Mr. Vann=s own affidavit stating that he personally opens all of his mail and that he never received the notice is sufficient to rebut the presumption that the properly mailed notice was received.  At the hearing, Mr. Vann also commented that other tenants experienced

mail delivery problems in the building. He did not however, offer any evidentiary proof to support the statement. Under the Second Circuit decision in *Meckel*, a bare assertion denying receipt of a properly addressed item is not sufficient to rebut the presumption that the addressee received the item.

The fact that Mr. Vann opens all of his own mail does not add to his assertion that he never received the notice. His affidavit is simply a bare assertion that he did not receive the notice. Therefore, Mr. Vann=s assertion denying receipt of the notice is insufficient to rebut the presumption that the properly mailed notice was delivered to Levcor=s counsel.

## Conclusion

As a result of the foregoing, the Court finds that Levcor was properly served with notice of the Bar Date through its counsel. Accordingly, as Levcor did not dispute that it would be bound by the discharge injunction if it was properly served with the notice of the Bar Date, the Court finds that Levcor is bound by the discharge injunction as set forth in the Plan, the Confirmation Order, 11 U.S.C. ' 524(a) and 11 U.S.C. ' 1141(d).

The Debtor should settle an order consistent with this Court=s opinion.

Dated: New York, New York
October 27, 2005

            <u>s/Arthur J. Gonzalez</u>
            UNITED STATES BANKRUPTCY JUDGE