UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                        )
**In re**                               )      **Chapter 11**
                                        )
**MCI, INC., et al.,**                  )      **Case No. 02-13533 (AJG)**
                                        )
          **Debtors.**                  )      **(Jointly Administered)**
_____)


### ORDER REGARDING MOTION OF MISSISSIPPI POWER CO. AND SOUTHERN COMPANY SERVICES, INC. TO COMPEL CURE PAYMENT

Upon consideration of the Motion of Mississippi Power Co. and Southern Company Services, Inc. to Compel Cure Payment (the "Cure Motion") and the parties' briefs and argument on the Cure Motion, and for the reasons stated in the Court's December 6, 2005 decision, attached hereto as Exhibit A, on the Cure Motion, it is hereby

ORDERED that the uncontested portion of the Cure Motion is granted, in the amount of $303,315.13 for costs of Southern Company Services, Inc. and Georgia Power Co. associated with maintenance of the fiber optic cable, and $419,560.02 for costs associated with title research and acquisition of rights of way; and it is further

ORDERED that the Cure Motion is denied in all other respects.


Dated:  December 20, 2005                    _s/ Arthur J. Gonzalez_____
                                             UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

1

2

AS REVIEWED AND MODIFIED BY
3       THE COURT ON 12/6/2005

4       UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
5       -------------------------------x
In re
6                                       Case No.
WORLDCOM, INC., et al,        02-13533
7
Reorganized Debtors.
8       -------------------------------x
December 6, 2005
9                       12:00 p.m.

10                      United States Custom House
One Bowling Green
11                      New York, New York   10004

12

DIGITALLY RECORDED PROCEEDINGS
13                      E X C E R P T

14      12:00 WORLDCOM, INC., ET AL
DECISION TO BE RENDERED
15
Motion filed by Mississippi Power Company and
16      Southern Company Services, Inc. to Compel
Cure Payments.
17

18      B E F O R E:

19         THE HONORABLE ARTHUR J. GONZALEZ
United States Bankruptcy Judge
20

21         DEBORAH HUNTSMAN, Court Reporter
198 Broadway, Suite 903
22         New York, New York   10038
(212) 608-9053    (917) 723-9898
23

24

25

1

2   A P P E A R A N C E S:

3       JENNER & BLOCK LLP
        Special Counsel for Reorganized
4       Debtors
                601 Thirteenth Street, N.W.
5               Suite 1200 South
                Washington, D.C.   20005
6
        BY:   J. ALEX WARD, ESQ.
7                               (via telephone)

8       VINSON & ELKINS LLP
        Attorneys for Mississippi Power Company
9       and Southern Company Services, Inc.
                666 Fifth Avenue, 26th Floor
10              New York, New York   10103

11      BY:   DAVID R. LURIE, ESQ.
                                (via telephone)
12


13      BALCH & BINGHAM LLP
        Attorneys for Mississippi Power Company
14      and Southern Company Services, Inc.
                1310 Twenty Fifth Avenue
15              Gulfport, Mississippi   39501

16      BY:   BEN H. STONE, ESQ.
                                (via telephone)
17

18

19

20

21

22

23

24

25

```
 1                    Proceedings

 2              (Whereupon, the following is an

 3    excerpt from 12/6/05 in re Enron Corp., et

 4    al, Case No. 01-16034.)

 5              JUDGE GONZALEZ:  Please be seated.

 6              With respect to the 12:00 matter,

 7    this is a decision to be rendered in the

 8    Mississippi Power Company and Southern

 9    Company Services, Inc. Motion to Compel Cure

10    Payment.

11              I will read the decision into the

12    record.  What I read from will be provided to

13    the transcriber for purposes of corrections,

14    as well as setting forth certain citations;

15    and upon review by the Court, the Court may

16    make modifications to the decision.

17                    *   *   *   *

18              Before this Court is a Motion to

19    Compel Cure Payment pursuant to 11 U.S.C.

20    Section 365(b) brought by Mississippi Power

21    Company ("MPC") and Southern Company

22    Services, Inc. ("SCS"), agent for Mississippi

23    Power Company and each of the other operating

24    companies of the Southern Company

25    (collectively "Southern").  This motion seeks
```

1              Proceedings

2    an order compelling the Reorganized Debtors,

3    MCI, Inc. ("MCI"), to satisfy its cure

4    obligations under 365(b) and Section 8.05 of

5    the Debtors' Modified Second Amended Joint

6    Plan of Reorganization ("Plan").  The Debtor

7    responds that it has no obligation to cure

8    MPC's indemnification demands and urges the

9    Court to reject MPC's motion.

10             MPC's claim for cure payment arises

11   out of the Agreement for the Provision of

12   Fiber Optic Facilities and Services

13   ("Agreement") between MCI's predecessor MCI

14   WorldCom Telecommunications, Inc.

15   ("WorldCom") and MPC.  The Debtor agreed to

16   assume the obligations of the Agreement

17   pursuant to the terms of a Stipulation and

18   Order Resolving Limited Objection of

19   Mississippi Power Company to Debtors' Amended

20   Plan, entered by this Court on September 19,

21   2003.  Docket No. 8996.  MCI formally assumed

22   the Agreement on April 20, 2004, the

23   effective date ("Effective Date") of the

24   Plan.  The Agreement laid out the rights and

25   responsibilities of MPC and WorldCom relating

1                    Proceedings

2    to the construction and maintenance of a

3    fiber optic cable system along MPC's power

4    easements.  In return for funding and

5    maintaining the fiber optic system for MPC,

6    WorldCom received a 50-year lease on the

7    system's spare capacity.  Included within the

8    provisions of the Agreement was an indemnity

9    clause that under a certain set of conditions

10   obligated WorldCom to compensate MPC for any

11   costs, liabilities, penalties, and damages

12   incurred as a result of lawsuits relating to

13   the easements the fiber optic system was

14   constructed on.

15              Under the terms of the Agreement,

16   MPC now seeks cure payments that may be

17   separated into four categories.  The first

18   category comprises the costs to MPC for title

19   research and acquisition of rights-of-way in

20   connection with the fiber optic system

21   ("First Category").  The second category

22   comprises costs SCS and Georgia Power Company

23   incurred for the maintenance of the fiber

24   optic system ("Second Category").  The third

25   category relates to the indemnity clause in

```
 1                    Proceedings
 2    the Agreement and includes all pre-Effective
 3    Date legal fees, costs, penalties, and
 4    expenses related to a number of lawsuits
 5    recently filed against MPC alleging misuse of
 6    easement, trespass, and unjust enrichment
 7    ("Third Category").  The final category
 8    incorporates the attorneys' fees related to
 9    MPC's instant attempts to seek cure payments
10    from MCI ("Fourth Category").  MCI disputes
11    its liability as to both the Third Category
12    and Fourth Category, denying its obligation
13    to pay any costs incurred under the
14    indemnification clause.  As MCI has not
15    disputed its liability for either the First
16    Category or Second Category, this Court finds
17    that MPC is entitled to cure payments
18    totaling $722,875.15 as demanded in part.
19    The primary issue before this Court then is
20    the application of the indemnity clause
21    contained within the Agreement.
22              The parties agree that the law of
23    the State of Alabama is controlling here.
24    The parties further acknowledge that this
25    Court has subject matter jurisdiction
```

```
 1                    Proceedings
 2   pursuant to 28 U.S.C. Sections 157 and 1334,
 3   and that this is a core proceeding pursuant
 4   to Section 157(b).
 5                In its relevant part, the Agreement
 6   provides
 7                "Southern shall be responsible, at
 8   MCI's expense, and with MCI's prior approval
 9   if the cost is in excess of one thousand
10   dollars ($1,000) per parcel, for the
11   acquisition of any easements, rights-of-way
12   or other rights that may be required in order
13   to permit (1) the installation, operation,
14   and maintenance of the Cable, (2) the use of
15   the Southern Interest by Southern, or (3) the
16   use of the MCI Interest by MCI.  MCI shall be
17   responsible for determining whether the
18   acquisition of such easements, rights-of-way
19   or other rights are required; provided,
20   however, that if Southern notifies MCI that,
21   in Southern's judgment, any such easements,
22   rights-of-way or other rights should be
23   acquired, and MCI elects not to acquire such
24   right, MCI shall reimburse Southern for any
25   and all damages, judgments, settlements,
```

```
 1                    Proceedings
 2   costs, expenses (including reasonable
 3   attorneys' fees) and liabilities incurred by
 4   Southern as the result of any claim, action
 5   or lawsuit of any kind arising from the
 6   failure to acquire such easement or
 7   right-of-way right."
 8   Agreement Art. 4.1(d), Docket No. 1953.
 9            MPC states that, per the terms of
10   the Agreement, it notified MCI on October 26,
11   2000 ("conditional notice") that in its
12   judgment, "additional telecommunications
13   easements and rights should also be obtained
14   across properties on which MCI is using fiber
15   optic telecommunications lines."  Affidavit
16   of Bernard Jacob, Exhibit A, Docket No.
17   14814.  MPC further states that on June 20,
18   2001 ("indemnification notice"), it informed
19   MCI of a lawsuit filed against it relating to
20   easements and demanded indemnification for
21   legal costs pursuant to the Agreement.  MPC
22   argues, therefore, that it is entitled under
23   the Agreement to cure payments from MCI
24   indemnifying all its legal costs related to
25   landowner suits prior to the Effective Date.
```

1                        Proceedings

2       MCI responds that it has no obligation to

3       indemnify MPC under a number of alternative

4       theories:  first, that MPC did not satisfy

5       the conditions of the indemnity clause;

6       second, that enforcement of the indemnity

7       clause is against public policy; third, that

8       the indemnification action is barred by the

9       statute of limitations; and finally, that

10      indemnification is sought for damages that

11      may not be indemnified.

12            This Court will first examine the

13      issue of the contractual conditions.  As an

14      initial conclusion, this Court notes that the

15      plain language of the indemnity clause sets

16      out two conditions that must both be met

17      before it can operate.  MPC must first have

18      notified MCI that it believed easements

19      should be acquired.  After such notification,

20      the indemnity clause only becomes effective

21      if MCI then fails to acquire such easements.

22      In addition, although not required by the

23      language of the Agreement, the law implies

24      the additional requirement that MPC provide

25      MCI with notice of any indemnification

```
 1                    Proceedings
 2    demand.  The first step in this Court's
 3    inquiry then is to analyze the notice MPC
 4    provided to MCI.
 5              Notice is frequently a precondition
 6    to indemnification in contractual
 7    arrangements.  Moreover, it is regarded as so
 8    integral to the performance of an
 9    indemnification clause that it will be
10    implied by law even where the contract does
11    not expressly require it.  Cochrane Roofing &
12    Metal Co. V. Callahan, 472 So.2d 1005 (Ala.
13    1985); 15 S. Williston, A Treatise on the Law
14    of Contracts, Section 48:1 (4th ed.).  The
15    indemnification clause in the Agreement
16    contains a notice requirement, but it is
17    nonetheless slightly different in form from
18    typical indemnification clauses.  This clause
19    contains the additional condition precedent
20    that MPC must recommend that MCI purchase
21    additional easements and MCI must not then
22    purchase those easements before MCI will be
23    liable to indemnify MPC for any legal costs
24    related to those easements identified.  The
25    specific notice clause in the Agreement
```

1                          Proceedings

2    applies to this condition precedent

3    ("conditional notice provision"), not to any

4    request for indemnification under the terms

5    of the Agreement.  A notice requirement as to

6    demands for indemnification ("indemnification

7    notice provision") will therefore be implied,

8    but the issue before the Court solely

9    concerns the conditional notice provision.

10   Neither party denies that this notice

11   provision should be interpreted and applied

12   according to the law requiring a more typical

13   indemnification notice requirement, such as

14   those generally found in insurance contracts.

15   Accordingly, and because this Court finds

16   that the condition precedent and its notice

17   provision are inextricably linked and

18   functionally similar to the indemnification

19   clause, Alabama case law regarding notice

20   provisions for indemnification demands will

21   be applied to the conditional notice

22   provision at issue here.

23           The first part of the analysis

24   concerns the sufficiency of the notice.  MCI

25   argues that the notice was insufficient

```
 1                    Proceedings
 2   because it hedged MPC's recommendation that
 3   additional easements should be purchased with
 4   MPC's belief that the legal controversy that
 5   prompted such recommendation would eventually
 6   be resolved in MPC's favor.  This Court
 7   finds, however, that this notice was legally
 8   sufficient under both the requirements of the
 9   Agreement and Alabama case law.  The notice
10   clearly stated MPC's judgment that MCI should
11   purchase additional easements.  This
12   recommendation was neither hidden nor
13   ambiguous in its plain language.  Further,
14   MPC did not breach its good faith obligation
15   to MCI by sharing its beliefs concerning the
16   eventual course the relevant litigation would
17   take.  Rather, by providing MCI all relevant
18   information, MPC enabled MCI to make its own
19   informed decision and enjoy the benefits of
20   the contract.  Hilley v. Allstate Ins. Co.,
21   562 So.2d 184, 190 (Ala. 1990)(a breach of
22   good faith is the improper interference with
23   enjoyment of the benefits of the contract).
24   The conditional notice then was sufficient.
25                    The second part of the analysis
```

1                    Proceedings

2    concerns the timeliness of the notice.  MCI

3    argues that the notice was defective by

4    reason of its untimeliness and contends that

5    timely notice would have been given either

6    (1) at the time the cable was installed, or

7    (2) in the alternative, at some time before

8    the Mississippi Supreme Court rendered its

9    decision in McDonald v. Mississippi Power

10   Co., which decision prompted MPC to recommend

11   that MCI purchase additional easements.  732

12   So.2d 893 (Miss. 1999).  MPC responds that

13   the conditional notice was offered after it

14   learned that additional easements were likely

15   necessary, was therefore timely, and

16   moreover, that any prior notification would

17   have been premature and violate its good

18   faith obligation to MCI.

19           Timely notice is required by law

20   because the indemnitor must be able to

21   "investigate the claim and prepare his

22   defense."  Cochrane Roofing, 472 So.2d at

23   1008; see also, Barry R. Ostrager & Thomas R.

24   Newman, Handbook on Insurance Coverage

25   Disputes, Section 4.02[a](10th ed. 2000)

1                      Proceedings

2    ("The object of all these goals is to provide

3    the insurer with an opportunity to protect

4    its interests.").  Untimely notice prevents

5    the indemnitor from doing so.  Timely notice,

6    therefore, is that which does "not come so

7    late that the indemnitor is prejudiced in

8    preparing the defense ...." Stone Building

9    Co. v. Star Electrical Contractors, Inc., 796

10   So.2d 1076, 1091 (Ala. 2000) (quoting

11   Restatement (Second) of Judgments Section 57,

12   cmt.e).  "Conversely, tardiness without

13   prejudice provides no defense." Id.

14   (emphasis in original)(following modern trend

15   in requiring proof of prejudice to escape

16   liability.  32 ALR 4th 141, 2 (2005)).  This

17   inquiry is necessarily contextual and

18   fact-based, as "timely notice is a relative

19   term, that is, it depends on the facts and

20   circumstances of each case." Burkes

21   Mechanical, Inc. v. Ft. James-Pennington,

22   Inc., 908 So.2d 905, 911 (Ala. 2004).  The

23   key inquiry under Alabama law then is whether

24   the facts and circumstances of the case

25   demonstrate that notice was so delayed as to

1                    Proceedings

2      prejudice the defense by the indemnitor.

3              In general indemnification actions,

4      the "defense" referred to in the case law is

5      simply any defense to the action for which

6      the indemnitee claims indemnification.

7      However, the indemnification clause at issue

8      here cannot be read so simply.  The

9      functional role of the condition precedent in

10     the indemnification clause is not simply to

11     limit the conditions under which

12     indemnification may be demanded.  Rather, the

13     condition precedent creates for MCI an

14     additional ground of defense, namely the

15     ability to preempt any action by purchasing

16     those easements that would give rise to a

17     claim.  In this way, the condition precedent

18     represents a bargain between MPC and MCI that

19     grants MCI an additional defense to any

20     action for which it might be required to

21     indemnify MPC.  In return for conditional

22     indemnification, MPC agreed to provide MCI,

23     through notice, with the information

24     necessary to exercise this preemptive

25     defense.  It is simple to see how this

1                    Proceedings

2    bargain operates in terms of risk

3    distribution.  MPC, as a local entity that

4    owns the easements at issue, has greater

5    access to the information necessary to manage

6    the risk of legal action on behalf of

7    easement holders.  MCI then bargained to

8    assume MPC's risk in return for access to

9    that information.  In this way, MCI and MPC

10   are then both better able to manage the risks

11   related to the easements.  The "defense" that

12   is analyzed relative to the timeliness of the

13   notice therefore includes this bargained-for

14   defense of preemption.  Simply, MPC's notice

15   may not prejudice MCI's ability to preempt

16   the claims for which MPC seeks

17   indemnification.

18               Similarly, MPC may not prejudice

19   MCI's defense in action for which

20   indemnification is sought.  The indemnitor

21   may, if it chooses, intervene and assume the

22   defense for the indemnitee in any such

23   action.  The indemnitee may, therefore,

24   clearly not unreasonably prejudice this

25   defense through untimely notice of a demand

```
 1              Proceedings
```

 2    for indemnification.  Stone Building, 796

 3    So.2d at 1090-1091.  Equally clearly, the

 4    conditional notice may not be so untimely as

 5    to prejudice the defense the indemnitor might

 6    offer to the matured claim.  As the condition

 7    precedent brings into effect the

 8    indemnification clause, so too must the

 9    notice for the condition precedent not

10    prejudice a defense offered as indemnitor.

11              This Court finds that the

12    conditional notice was untimely as to both

13    defenses.  There are a number of key

14    contextual factors that militate for this

15    conclusion.  First, at issue here is an

16    indemnification clause that was contractually

17    designed to operate only in limited

18    circumstances.  The indemnification clause is

19    not general, but rather a bargained-for-risk-

20    shifting device that operates only upon the

21    completion of certain actions.  Second, MPC

22    has no rights or obligations under the

23    indemnity clause, only the opportunity to be

24    indemnified if it provided information to MCI

25    that MCI did not act upon.  If MPC failed to

1                    Proceedings

2    take advantage of that opportunity, this

3    Court will not remedy that failure.  Finally,

4    and most importantly, the prejudice that

5    arose from the delay is linked to MPC's own

6    actions in the intervening period.  MPC had

7    already litigated and lost the primary issue

8    bearing on both defenses, whether the

9    easements used by MPC and MCI were

10   sufficient, before it sought indemnification

11   from MCI.

12            In McDonald, MPC litigated with a

13   separate sublessee, Interstate Fibernet, Inc.

14   ("IFN"), the scope of the easements it used

15   with IFN.  The Mississippi Supreme Court in

16   McDonald held that as a matter of law MPC was

17   not necessarily entitled to sublease the

18   spare capacity of the system to IFN, that

19   whether or not the easements were violated

20   was a question of fact, and therefore

21   remanded the case back to the trial court for

22   a factual determination of the issue.  MPC

23   argues that as notice was offered shortly

24   after this judgment, there was no prejudicial

25   delay.  This is, however, an unconvincingly

1                    Proceedings

2    narrow characterization.  As MPC notes, this

3    fiber optic system was distinct from the one

4    it had installed with MCI.  However, the

5    fiber optic system and easements at issue in

6    McDonald were in all legally relevant ways

7    identical to those shared by MPC and MCI.

8    The language of the easements was the same.

9    The broad facts of installation and sublease

10   of spare capacity were the same.  The only

11   difference was the identity of the sublessee,

12   a matter not relevant to the Supreme Court's

13   determination of the issue.  Therefore, the

14   decision in McDonald that MPC was not as a

15   matter of law entitled to sublease spare

16   capacity is controlling precedent in any suit

17   against MPC and MCI.  Although the McDonald

18   decision is not fully dispositive of any

19   actions against MPC and MCI, the prejudice to

20   MCI that resulted from MPC's delay of notice

21   until after the decision in McDonald is

22   nonetheless clear.

23            As to the first defense, the option

24   of precluding any claims by purchasing those

25   easements, MPC's litigation prejudiced MCI's

```
 1                    Proceedings
 2   use of this defense by forcing MCI to offer
 3   significantly more for these easements than
 4   would have been the case before McDonald was
 5   litigated and decided.  This is substantial
 6   and definite prejudice.  The scope of the
 7   easements was no longer questionable, but now
 8   more definite than not to the detriment of
 9   MCI.  The value of those easements,
10   particularly their settlement value, was now
11   significantly higher given the increased
12   certainty as a result of the judgment in
13   McDonald.  MPC's delay in notifying MCI until
14   after the litigation was concluded when it
15   was in control of that litigation then is
16   clearly prejudicial to MCI's ability to
17   preempt actions on those easements and the
18   notice untimely.  MPC was aware during the
19   course of the litigation that there was a
20   real risk that the settlement value of the
21   easements would increase as a result of the
22   litigation, even if it believed the
23   probability of an adverse judgment was low.
24   MPC cannot therefore argue that the delay was
25   not prejudicial when it was engaged in
```

1                    Proceedings

2    litigation to resolve the legal uncertainty

3    regarding the easements during the delay to

4    the detriment of MCI's ability to defend

5    itself.

6              MPC argues that any such prejudice

7    related to the value of the easements cannot

8    be recognized.  MPC argues that claims on the

9    issue of easement violation were possible the

10   moment the fiber optic system was installed

11   and used, and that therefore, any delay after

12   installation would have necessarily been

13   prejudicial according to this reasoning.

14   This argument, however, is inapposite.  If it

15   is assumed that MPC is correct, and that no

16   delay can be recognized as prejudicial simply

17   because any delay after installation was

18   prejudicial, then this Court would have to

19   recognize that the indemnification clause no

20   longer operated after installation.  Any

21   other conclusion would be inequitable to MCI.

22   This Court does not consider MPC's argument

23   accurate, however, because this Court must

24   strive to interpret the contract so as to

25   give effect to its provisions.  This Court

1                    Proceedings

2    concludes therefore, that the parties

3    incorporated the post-construction costs of

4    settlement into the contract and that the

5    condition precedent related to any change in

6    circumstances beyond the mere fact of

7    construction.  MPC's litigation of the issue

8    in McDonald is just such a change in

9    circumstances.

10                   Similarly, MCI's ability to defend

11   MPC in any litigation on the easement issue

12   was clearly prejudiced by the delay in notice

13   until after the McDonald decision.  The key

14   issue of the scope of the easement as a

15   matter of law, which MCI would have raised in

16   such litigation, had by then already been

17   decided against MPC, harming MCI's capacity

18   to defend its interests.  While it is true

19   that MPC's delay would not necessarily be

20   prejudicial where any decision stripped MCI

21   of a possible defense, it is equally true

22   that the same cannot be said where the

23   decision involved MPC as a litigant and the

24   issue at stake bore equally on MCI as it did

25   on the actual litigants.  This situation is

1                    Proceedings

2    analogous to the typical indemnification

3    dispute in which the indemnitee seeks

4    indemnification after resolution of the

5    litigation.  See, e.g., Cochrane Roofing, 472

6    So.2d at 1005; West Bend Co. v. Chiaphua

7    Industries, Inc., 112 F.Supp.2d 816 (E.D.

8    Wis. 2000).  In those, more typical disputes,

9    prejudice is found when the evidence the

10   indemnitor would have used in its defense is

11   unavailable by reason of the delay in notice.

12   Similarly here, the prejudice is found

13   because MCI is unable to defend the MPC on a

14   primary issue in any future litigation

15   because of the prior litigation.  Just as the

16   indemnitor in the typical dispute has no

17   access to crucial evidence, MCI here has no

18   access to a primary issue.  In both

19   situations, the indemnitor is unable to

20   present an effective defense.  MPC cannot now

21   claim that MCI should indemnify it for any

22   legal costs arising out of litigation that it

23   participated in and lost when MPC denied MCI

24   the opportunity to defend its interests in

25   that litigation or pursue contemporaneous and

```
 1              Proceedings
 2   parallel litigation.
 3              These conclusions are supported by
 4   risk-sharing analysis of the indemnification
 5   provision.  As previously stated, the
 6   indemnification provision was an implicit
 7   bargain in which MCI agreed to shoulder
 8   additional risk if MPC provided it
 9   information to which MPC had better access,
10   and which would enable MCI to better manage
11   that risk, as well as its own.  By the time
12   MPC provided that information to MCI,
13   however, MCI had fewer options to manage that
14   risk.  From that simple perspective, MPC
15   failed to perform the function it had
16   bargained with MCI to fulfill.  More
17   crucially, MPC chose to pursue the litigation
18   in McDonald without informing MCI or seeking
19   MCI's assistance.  MPC gave MCI no
20   opportunity to manage the risk that this
21   litigation would have an adverse effect on
22   the interests they shared.  MPC therefore
23   alone shouldered that risk and cannot now
24   claim that MCI should have to bear it.  The
25   indemnification clause at issue here was a
```

1                    Proceedings

2    clear mechanism through which the parties

3    could effectively manage the risks they

4    faced.  MPC not only failed to enable MCI to

5    manage those risks.  It added to them without

6    informing MCI of the possible consequences of

7    its actions or allowing MCI to choose for

8    itself how it wished to follow MPC's lead.

9    MPC simply cannot now shift the risk to MCI.

10           MPC raises one final argument to

11   avoid the judgment that its notice was

12   untimely.  MPC argues that it would have

13   violated its obligation of good faith had it

14   informed MCI prior to the McDonald decision

15   that MCI should purchase additional easements

16   because MPC did not, in fact, believe this

17   was necessary, as it did not believe that it

18   would lose the McDonald action.  This Court

19   need not resolve the nature of MPC's

20   good-faith obligations except to the extent

21   necessary to note that MPC's primary

22   good-faith obligation was to provide MCI with

23   information from which MCI could draw its own

24   independent conclusions.

25           This Court finds, therefore, that

```
 1                    Proceedings
 2    MCI has raised a valid defense to MPC's claim
 3    for indemnification.  Accordingly, MCI is not
 4    obligated to cure any legal costs arising out
 5    of the pre-Effective Date litigation.
 6    Similarly, as MPC's claims for legal costs
 7    related to this cure payment motion are based
 8    upon the indemnification clause, MCI is not
 9    obligated to cure those costs.
10             Based upon the foregoing, the
11    Plaintiff's Motion to Compel Cure Payment is
12    granted as to the First Category and Second
13    Category, and denied as to the Third Category
14    and Fourth Category.
15             The Debtor is to settle an order
16    consistent with the Court's opinion.
17                    *   *   *   *
18             I will take a five-minute recess
19    and then return for the next matter.
20
21
22
23
24
25
```

1

2                    C E R T I F I C A T E

3    STATE OF NEW YORK      )
                                   : SS:
4    COUNTY OF NEW YORK     )

5

6            I, DEBORAH HUNTSMAN, a Shorthand

7    Reporter and Notary Public within and for the

8    State of New York, do hereby certify:

9            That the within is a true and

10   accurate transcript of the Digitally Recorded

11   Proceedings recorded on the 6th day of

12   December, 2005.

13           I further certify that I am not

14   related by blood or marriage to any of the

15   parties and that I am not interested in the

16   outcome of this matter.

17           IN WITNESS WHEREOF, I have hereunto

18   set my hand this 8th day of December, 2005.

19

20   _____
                 DEBORAH HUNTSMAN

21   AS REVIEWED AND MODIFIED BY THE
     COURT ON 12/6/2005
22
     **DIGITALLY RECORDED CD RECEIVED ON 12/7/2005
23   AT 4:00 P.M. FOR TRANSCRIPTION

24

25

## $

**$1,000** [1] - 7:10
**$722,875.15** [1] - 6:18

## 0

**01-16034** [1] - 3:4
**02-13533** [1] - 1:6

## 1

**1** [2] - 7:13, 13:6
**10004** [1] - 1:11
**10038** [1] - 1:22
**1005** [2] - 10:12, 23:6
**1008** [1] - 13:23
**10103** [1] - 2:10
**1076** [1] - 14:10
**1090-1091** [1] - 17:3
**1091** [1] - 14:10
**11** [1] - 3:19
**112** [1] - 23:7
**12/6/05** [1] - 3:3
**12/6/2005** [2] - 1:3, 27:21
**12/7/2005** [1] - 27:22
**1200** [1] - 2:5
**12:00** [3] - 1:9, 1:14, 3:6
**1310** [1] - 2:14
**1334** [1] - 7:2
**141** [1] - 14:16
**14814** [1] - 8:17
**15** [1] - 10:13
**157** [1] - 7:2
**157(b** [1] - 7:4
**184** [1] - 12:21
**19** [1] - 4:20
**190** [1] - 12:21
**1953** [1] - 8:8
**198** [1] - 1:21
**1985** [1] - 10:13
**1990)(a** [1] - 12:21
**1999** [1] - 13:12

## 2

**2** [3] - 7:14, 13:7, 14:16
**20** [2] - 4:22, 8:17
**2000** [4] - 8:11, 13:25, 14:10, 23:8
**20005** [1] - 2:5
**2001** [1] - 8:18
**2003** [1] - 4:21
**2004** [2] - 4:22, 14:22
**2005** [4] - 1:8, 14:16, 27:12, 27:18

**212** [1] - 1:22
**26** [1] - 8:10
**26th** [1] - 2:9
**28** [1] - 7:2

## 3

**3** [1] - 7:15
**32** [1] - 14:16
**365(b** [2] - 3:20, 4:4
**39501** [1] - 2:15

## 4

**4.02[a](10th** [1] - 13:25
**4.1(d** [1] - 8:8
**472** [3] - 10:12, 13:22, 23:5
**48:1** [1] - 10:14
**4:00** [1] - 27:23
**4th** [2] - 10:14, 14:16

## 5

**50-year** [1] - 5:6
**562** [1] - 12:21
**57** [1] - 14:11

## 6

**6** [1] - 1:8
**601** [1] - 2:4
**608-9053** [1] - 1:22
**666** [1] - 2:9
**6th** [1] - 27:11

## 7

**723-9898** [1] - 1:22
**732** [1] - 13:11
**796** [2] - 14:9, 17:2

## 8

**8.05** [1] - 4:4
**816** [1] - 23:7
**893** [1] - 13:12
**8996** [1] - 4:21
**8th** [1] - 27:18

## 9

**903** [1] - 1:21
**905** [1] - 14:22
**908** [1] - 14:22
**911** [1] - 14:22
**917** [1] - 1:22

## A

**ability** [5] - 15:15, 16:15, 20:16, 21:4, 22:10
**able** [2] - 13:20, 16:10
**access** [5] - 16:5, 16:8, 23:17, 23:18, 24:9
**according** [2] - 11:12, 21:13
**Accordingly** [2] - 11:15, 26:3
**accurate** [2] - 21:23, 27:10
**acknowledge** [1] - 6:24
**acquire** [3] - 7:23, 8:6, 9:21
**acquired** [2] - 7:23, 9:19
**acquisition** [3] - 5:19, 7:11, 7:18
**act** [1] - 17:25
**action** [9] - 8:4, 9:8, 15:5, 15:15, 15:20, 16:6, 16:19, 16:23, 25:18
**actions** [6] - 15:3, 17:21, 18:6, 19:19, 20:17, 25:7
**actual** [1] - 22:25
**added** [1] - 25:5
**addition** [1] - 9:22
**additional** [12] - 8:12, 9:24, 10:19, 10:21, 12:3, 12:11, 13:11, 13:14, 15:14, 15:19, 24:8, 25:15
**advantage** [1] - 18:2
**adverse** [2] - 20:23, 24:21
**Affidavit** [1] - 8:15
**agent** [1] - 3:22
**agree** [1] - 6:22
**agreed** [3] - 4:15, 15:22, 24:7
**Agreement** [19] - 4:11, 4:13, 4:16, 4:22, 4:24, 5:8, 5:15, 6:2, 6:21, 7:5, 8:8, 8:10, 8:21, 8:23, 9:23, 10:15, 10:25, 11:5, 12:9
**al** [2] - 1:6, 3:4
**Al** [1] - 1:14
**Ala** [2] - 10:12, 12:21, 14:10, 14:22
**Alabama** [4] - 6:23,

**11:19, 12:9, 14:23
**Alex** [1] - 2:6
**alleging** [1] - 6:5
**allowing** [1] - 25:7
**Allstate** [1] - 12:20
**alone** [1] - 24:23
**Alr** [1] - 14:16
**alternative** [2] - 9:3, 13:7
**ambiguous** [1] - 12:13
**Amended** [2] - 4:5, 4:19
**analogous** [1] - 23:2
**analysis** [3] - 11:23, 12:25, 24:4
**analyze** [1] - 10:3
**analyzed** [1] - 16:12
**application** [1] - 6:20
**applied** [2] - 11:11, 11:21
**applies** [1] - 11:2
**approval** [1] - 7:8
**April** [1] - 4:22
**argue** [1] - 20:24
**argues** [7] - 8:22, 11:25, 13:3, 18:23, 21:6, 21:8, 25:12
**argument** [3] - 21:14, 21:22, 25:10
**arises** [1] - 4:10
**arising** [3] - 8:5, 23:22, 26:4
**arose** [1] - 18:5
**arrangements** [1] - 10:7
**Art** [1] - 8:8
**Arthur** [1] - 1:19
**assistance** [1] - 24:19
**assume** [3] - 4:16, 16:8, 16:21
**assumed** [2] - 4:21, 21:15
**attempts** [1] - 6:9
**Attorneys** [2] - 2:8, 2:13
**attorneys'** [2] - 6:8, 8:3
**Avenue** [2] - 2:9, 2:14
**avoid** [1] - 25:11
**aware** [1] - 20:18

## B

**Balch** [1] - 2:13
**Bankruptcy** [2] - 1:4, 1:19
**bargain** [3] - 15:18,

**16:2, 24:7
**bargained** [4] - 16:7, 16:13, 17:19, 24:16
**bargained-for** [1] - 16:13
**bargained-for-risk** [1] - 17:19
**barred** [1] - 9:8
**Barry** [1] - 13:23
**Based** [1] - 26:10
**based** [2] - 14:18, 26:7
**bear** [1] - 24:24
**bearing** [1] - 18:8
**becomes** [1] - 9:20
**behalf** [1] - 16:6
**belief** [1] - 12:4
**beliefs** [1] - 12:15
**Ben** [1] - 2:16
**Bend** [1] - 23:6
**benefits** [2] - 12:19, 12:23
**Bernard** [1] - 8:16
**better** [3] - 16:10, 24:9, 24:10
**between** [2] - 4:13, 15:18
**beyond** [1] - 22:6
**Bingham** [1] - 2:13
**Block** [1] - 2:3
**blood** [1] - 27:14
**bore** [1] - 22:24
**Bowling** [1] - 1:10
**breach** [2] - 12:14, 12:21
**brings** [1] - 17:7
**broad** [1] - 19:9
**Broadway** [1] - 1:21
**brought** [1] - 3:20
**Building** [2] - 14:8, 17:2
**Burkes** [1] - 14:20

## C

**Cable** [1] - 7:14
**cable** [2] - 5:3, 13:6
**Callahan** [1] - 10:12
**cannot** [7] - 15:8, 20:24, 21:7, 22:22, 23:20, 24:23, 25:9
**capacity** [5] - 5:7, 18:18, 19:10, 19:16, 22:17
**case** [7] - 11:19, 12:9, 14:20, 14:24, 15:4, 18:21, 20:4
**Case** [2] - 1:6, 3:4
**categories** [1] - 5:17
**category** [4] - 5:18,

5:21, 5:25, 6:7
**Category**[12] - 5:21, 5:24, 6:7, 6:10, 6:11, 6:12, 6:16, 26:12, 26:13, 26:14
**Cd**[1] - 27:22
**certain** [3] - 3:14, 5:9, 17:21
**certainty** [1] - 20:12
**certify** [2] - 27:8, 27:13
**change** [2] - 22:5, 22:8
**characterization** [1] - 19:2
**Chiaphua**[1] - 23:6
**choose** [1] - 25:7
**chooses** [1] - 16:21
**chose** [1] - 24:17
**circumstances** [5] - 14:20, 14:24, 17:18, 22:6, 22:9
**citations** [1] - 3:14
**claim** [8] - 4:10, 8:4, 13:21, 15:17, 17:6, 23:21, 24:24, 26:2
**claims** [5] - 15:6, 16:16, 19:24, 21:8, 26:6
**clause** [22] - 5:9, 5:25, 6:14, 6:20, 9:5, 9:7, 9:15, 9:20, 10:9, 10:15, 10:18, 10:25, 11:19, 15:7, 15:10, 17:8, 17:16, 17:18, 17:23, 21:19, 24:25, 26:8
**clauses** [1] - 10:18
**clear** [2] - 19:22, 25:2
**clearly** [5] - 12:10, 16:24, 17:3, 20:16, 22:12
**cmt.e** [1] - 14:12
**Co**[5] - 10:12, 12:20, 13:10, 14:9, 23:6
**Cochrane** [3] - 10:11, 13:22, 23:5
**collectively** [1] - 3:25
**companies** [1] - 3:24
**Company**[14] - 1:15, 1:16, 2:8, 2:9, 2:13, 2:14, 3:8, 3:9, 3:21, 3:23, 3:24, 4:19, 5:22
**Compel**[4] - 1:16, 3:9, 3:19, 26:11
**compelling** [1] - 4:2
**compensate** [1] - 5:10
**completion** [1] -

17:21
**comprises** [2] - 5:18, 5:22
**concerning** [1] - 12:15
**concerns** [3] - 11:9, 11:24, 13:2
**concluded** [1] - 20:14
**concludes** [1] - 22:2
**conclusion** [3] - 9:14, 17:15, 21:21
**conclusions** [2] - 24:3, 25:24
**condition** [9] - 10:19, 11:2, 11:16, 15:9, 15:13, 15:17, 17:6, 17:9, 22:5
**conditional** [9] - 8:11, 11:3, 11:9, 11:21, 12:24, 13:13, 15:21, 17:4, 17:12
**conditions** [5] - 5:9, 9:13, 9:16, 15:11
**connection** [1] - 5:20
**consequences** [1] - 25:6
**consider** [1] - 21:22
**consistent** [1] - 26:16
**constructed** [1] - 5:14
**construction** [3] - 5:2, 22:3, 22:7
**contained** [1] - 6:21
**contains** [2] - 10:16, 10:19
**contemporaneous** [1] - 23:25
**contends** [1] - 13:4
**contextual** [2] - 14:17, 17:14
**contract** [5] - 10:10, 12:20, 12:23, 21:24, 22:4
**Contractors**[1] - 14:9
**contracts** [1] - 11:14
**Contracts** [1] - 10:14
**contractual** [2] - 9:13, 10:6
**contractually** [1] - 17:16
**control** [1] - 20:15
**controlling** [2] - 6:23, 19:16
**controversy** [1] - 12:4
**Conversely**[1] - 14:12

**core** [1] - 7:3
**Corp**[1] - 3:3
**correct** [1] - 21:15
**corrections** [1] - 3:13
**cost** [1] - 7:9
**costs** [14] - 5:11, 5:18, 5:22, 6:3, 6:13, 8:2, 8:21, 8:24, 10:23, 22:3, 23:22, 26:4, 26:6, 26:9
**Counsel**[1] - 2:3
**County**[1] - 27:4
**course** [2] - 12:16, 20:19
**court** [1] - 18:21
**Court**[27] - 1:3, 1:4, 1:21, 3:15, 3:18, 4:9, 4:20, 6:16, 6:19, 6:25, 9:12, 9:14, 11:8, 11:15, 12:6, 13:8, 17:11, 18:3, 18:15, 21:18, 21:22, 21:23, 21:25, 25:18, 25:25, 27:21
**Court's** [3] - 10:2, 19:12, 26:16
**Coverage**[1] - 13:24
**creates** [1] - 15:13
**crucial** [1] - 23:17
**crucially** [1] - 24:17
**cure** [10] - 4:3, 4:7, 4:10, 5:16, 6:9, 6:17, 8:23, 26:4, 26:7, 26:9
**Cure**[4] - 1:16, 3:9, 3:19, 26:11
**Custom**[1] - 1:10

---

### D

**damages** [3] - 5:11, 7:25, 9:10
**date** [1] - 4:23
**Date**[4] - 4:23, 6:3, 8:25, 26:5
**David**[1] - 2:11
**Dc**[1] - 2:5
**Deborah**[3] - 1:21, 27:6, 27:20
**Debtor**[3] - 4:6, 4:15, 26:15
**Debtors**[3] - 1:7, 2:4, 4:2
**Debtors'** [2] - 4:5, 4:19
**December**[3] - 1:8, 27:12, 27:18
**decided** [2] - 20:5, 22:17
**decision** [13] - 3:7,

3:11, 3:16, 12:19, 13:9, 13:10, 19:14, 19:18, 19:21, 22:13, 22:20, 22:23, 25:14
**Decision** [1] - 1:14
**defective** [1] - 13:3
**defend** [5] - 21:4, 22:10, 22:18, 23:13, 23:24
**defense** [22] - 13:22, 14:8, 14:13, 15:2, 15:4, 15:5, 15:14, 15:19, 15:25, 16:11, 16:14, 16:19, 16:22, 16:25, 17:5, 17:10, 19:23, 20:2, 22:21, 23:10, 23:20, 26:2
**defenses** [2] - 17:13, 18:8
**definite** [2] - 20:6, 20:8
**delay** [12] - 18:5, 18:25, 19:20, 20:13, 20:24, 21:3, 21:11, 21:16, 21:17, 22:12, 22:19, 23:11
**delayed** [1] - 14:25
**demand** [2] - 10:2, 16:25
**demanded** [3] - 6:18, 8:20, 15:12
**demands** [2] - 4:8, 11:6, 11:20
**demonstrate** [1] - 14:25
**denied** [2] - 23:23, 26:13
**denies** [1] - 11:10
**denying** [1] - 6:12
**designed** [1] - 17:17
**determination** [2] - 18:22, 19:13
**determining** [1] - 7:17
**detriment** [2] - 20:8, 21:4
**device** [1] - 17:20
**difference** [1] - 19:11
**different** [1] - 10:17
**Digitally** [3] - 1:12, 27:10, 27:22
**dispositive** [1] - 19:18
**dispute** [2] - 23:3, 23:16
**disputed** [1] - 6:15
**Disputes** [1] - 13:25
**disputes** [2] - 6:10, 23:8
**distinct** [1] - 19:3

**distribution** [1] - 16:3
**District**[1] - 1:4
**Docket**[3] - 4:21, 8:8, 8:16
**dollars** [1] - 7:10
**draw** [1] - 25:23
**during** [2] - 20:18, 21:3

---

### E

**easement** [6] - 6:6, 8:6, 16:7, 21:9, 22:11, 22:14
**easements** [33] - 5:4, 5:13, 7:11, 7:18, 7:21, 8:13, 8:20, 9:18, 9:21, 10:21, 10:22, 10:24, 12:3, 12:11, 13:11, 13:14, 15:16, 16:4, 16:11, 18:9, 18:14, 18:19, 19:5, 19:8, 19:25, 20:3, 20:7, 20:9, 20:17, 20:21, 21:3, 21:7, 25:15
**Ed**[1] - 23:7
**ed** [2] - 10:14, 13:25
**effect** [3] - 17:7, 21:25, 24:21
**effective** [5] - 4:23, 6:2, 9:20, 23:20, 26:5
**Effective**[2] - 4:23, 8:25
**effectively** [1] - 25:3
**Eg**[1] - 23:5
**either** [2] - 6:15, 13:5
**Electrical**[1] - 14:9
**elects** [1] - 7:23
**Elkins**[1] - 2:8
**emphasis** [1] - 14:14
**enable** [2] - 24:10, 25:4
**enabled** [1] - 12:18
**enforcement** [1] - 9:6
**engaged** [1] - 20:25
**enjoy** [1] - 12:19
**enjoyment** [1] - 12:23
**enrichment** [1] - 6:6
**Enron** [1] - 3:3
**entered** [1] - 4:20
**entitled** [4] - 6:17, 8:22, 18:17, 19:15
**entity** [1] - 16:3
**equally** [2] - 22:21, 22:24
**Equally** [1] - 17:3
**escape** [1] - 14:15

**Esq** [3] - 2:6, 2:11, 2:16
**et** [2] - 1:6, 3:3
**Et** [1] - 1:14
**eventual** [1] - 12:16
**eventually** [1] - 12:5
**evidence** [2] - 23:9, 23:17
**examine** [1] - 9:12
**except** [1] - 25:20
**excerpt** [1] - 3:3
**excess** [1] - 7:9
**exercise** [1] - 15:24
**Exhibit** [1] - 8:16
**expense** [1] - 7:8
**expenses** [2] - 6:4, 8:2
**expressly** [1] - 10:11
**extent** [1] - 25:20

### F

**F.supp.2d** [1] - 23:7
**faced** [1] - 25:4
**Facilities** [1] - 4:12
**fact** [4] - 14:18, 18:20, 22:6, 25:16
**fact-based** [1] - 14:18
**factors** [1] - 17:14
**facts** [3] - 14:19, 14:24, 19:9
**factual** [1] - 18:22
**failed** [3] - 17:25, 24:15, 25:4
**fails** [1] - 9:21
**failure** [2] - 8:6, 18:3
**faith** [6] - 12:14, 12:22, 13:18, 25:13, 25:20, 25:22
**favor** [1] - 12:6
**fees** [3] - 6:3, 6:8, 8:3
**fewer** [1] - 24:13
**fiber** [9] - 5:3, 5:5, 5:13, 5:20, 5:23, 8:14, 19:3, 19:5, 21:10
**Fiber** [1] - 4:12
**Fibernet** [1] - 18:13
**Fifth** [2] - 2:9, 2:14
**filed** [3] - 1:15, 6:5, 8:19
**final** [2] - 6:7, 25:10
**finally** [1] - 9:9
**Finally** [1] - 18:3
**first** [7] - 5:17, 9:4, 9:12, 9:17, 10:2, 11:23, 19:23
**First** [4] - 5:21, 6:15, 17:15, 26:12
**five** [1] - 26:18

**five-minute** [1] - 26:18
**Floor** [1] - 2:9
**follow** [1] - 25:8
**following** [1] - 3:2
**forcing** [1] - 20:2
**foregoing** [1] - 26:10
**form** [1] - 10:17
**formally** [1] - 4:21
**forth** [1] - 3:14
**four** [1] - 5:17
**Fourth** [3] - 6:10, 6:12, 26:14
**frequently** [1] - 10:5
**Ft** [1] - 14:21
**fulfill** [1] - 24:16
**fully** [1] - 19:18
**function** [1] - 24:15
**functional** [1] - 15:9
**functionally** [1] - 11:18
**funding** [1] - 5:4
**future** [1] - 23:14

### G

**general** [2] - 15:3, 17:19
**generally** [1] - 11:14
**Georgia** [1] - 5:22
**given** [2] - 13:5, 20:11
**goals** [1] - 14:2
**Gonzalez** [2] - 1:19, 3:5
**good-faith** [2] - 25:20, 25:22
**granted** [1] - 26:12
**grants** [1] - 15:19
**greater** [1] - 16:4
**Green** [1] - 1:10
**ground** [1] - 15:14
**Gulfport** [1] - 2:15

### H

**hand** [1] - 27:18
**Handbook** [1] - 13:24
**harming** [1] - 22:17
**hedged** [1] - 12:2
**held** [1] - 18:16
**hereby** [1] - 27:8
**hereunto** [1] - 27:17
**hidden** [1] - 12:12
**higher** [1] - 20:11
**Hilley** [1] - 1:10
**holders** [1] - 16:7
**Honorable** [1] - 1:19
**House** [1] - 1:10
**Huntsman** [3] - 1:21,

27:6, 27:20

### I

**Id** [1] - 14:13
**identical** [1] - 19:7
**identified** [1] - 10:24
**identity** [1] - 19:11
**Ifn** [3] - 18:14, 18:15, 18:18
**implicit** [1] - 24:6
**implied** [2] - 10:10, 11:7
**implies** [1] - 9:23
**importantly** [1] - 18:4
**improper** [1] - 12:22
**inapposite** [1] - 21:14
**Inc** [14] - 1:6, 1:14, 1:16, 2:9, 2:14, 3:9, 3:22, 4:3, 4:14, 14:9, 14:21, 14:22, 18:13, 23:7
**Included** [1] - 5:7
**includes** [2] - 6:2, 16:13
**including** [1] - 8:2
**incorporated** [1] - 22:3
**incorporates** [1] - 6:8
**increase** [1] - 20:21
**increased** [1] - 20:11
**incurred** [4] - 5:12, 5:23, 6:13, 8:3
**indemnification** [38] - 4:8, 6:14, 8:18, 8:20, 9:8, 9:10, 9:25, 10:6, 10:9, 10:15, 10:18, 11:4, 11:16, 11:13, 11:18, 11:20, 15:3, 15:6, 15:7, 15:10, 15:12, 15:22, 16:17, 16:20, 17:2, 17:8, 17:16, 17:18, 18:10, 21:19, 23:2, 23:4, 24:4, 24:6, 24:25, 26:3, 26:8
**indemnified** [2] - 9:11, 17:24
**indemnify** [4] - 9:3, 10:23, 15:21, 23:21
**indemnifying** [1] - 8:24
**indemnitee** [4] - 15:6, 16:22, 16:23, 23:3
**indemnitor** [10] - 13:20, 14:5, 14:7,

15:2, 16:20, 17:5, 17:10, 23:10, 23:16, 23:19
**indemnity** [8] - 5:8, 5:25, 6:20, 9:5, 9:6, 9:15, 9:20, 17:23
**independent** [1] - 25:24
**Industries** [1] - 23:7
**inequitable** [1] - 21:21
**inextricably** [1] - 11:17
**information** [8] - 12:18, 15:23, 16:5, 16:9, 17:24, 24:9, 24:12, 25:23
**informed** [3] - 8:18, 12:19, 25:14
**informing** [2] - 24:18, 25:6
**initial** [1] - 9:14
**inquiry** [3] - 10:3, 14:17, 14:23
**installation** [5] - 7:13, 19:9, 21:12, 21:17, 21:20
**installed** [3] - 13:6, 19:4, 21:10
**instant** [1] - 6:9
**insufficient** [1] - 11:25
**Insurance** [1] - 13:24
**insurance** [1] - 11:14
**insurer** [1] - 14:3
**integral** [1] - 10:8
**Interest** [2] - 7:15, 7:16
**interested** [1] - 27:15
**interests** [4] - 14:4, 22:18, 23:24, 24:22
**interference** [1] - 12:22
**interpret** [1] - 21:24
**interpreted** [1] - 11:11
**Interstate** [1] - 18:13
**intervene** [1] - 16:21
**intervening** [1] - 18:6
**investigate** [1] - 13:21
**involved** [1] - 22:23
**issue** [19] - 6:19, 9:13, 11:8, 11:22, 15:7, 16:4, 17:15, 18:7, 18:22, 19:5, 19:13, 21:9, 22:7, 22:11, 22:14, 22:24, 23:14, 23:18, 24:25

**itself** [2] - 21:5, 25:8

### J

**Jacob** [1] - 8:16
**James** [1] - 14:21
**Jamespennington** [1] - 14:21
**Jenner** [1] - 2:3
**Joint** [1] - 4:5
**Judge** [2] - 1:19, 3:5
**judgment** [7] - 7:21, 8:12, 12:10, 18:24, 20:12, 20:23, 25:11
**Judgments** [1] - 14:11
**judgments** [1] - 7:25
**June** [1] - 8:17
**jurisdiction** [1] - 6:25

### K

**key** [3] - 14:23, 17:13, 22:13
**kind** [1] - 8:5

### L

**laid** [1] - 4:24
**landowner** [1] - 8:25
**language** [4] - 9:15, 9:23, 12:13, 19:8
**late** [1] - 14:7
**law** [12] - 6:22, 9:23, 10:10, 11:12, 11:19, 12:9, 13:19, 14:23, 15:4, 18:16, 19:15, 22:15
**Law** [1] - 10:13
**lawsuit** [2] - 8:5, 8:19
**lawsuits** [2] - 5:12, 6:4
**lead** [1] - 25:8
**learned** [1] - 13:14
**lease** [1] - 5:6
**legal** [10] - 6:3, 8:21, 8:24, 10:23, 12:4, 16:6, 21:2, 23:22, 26:4, 26:6
**legally** [2] - 12:7, 19:6
**liabilities** [2] - 5:11, 8:3
**liability** [3] - 6:11, 6:15, 14:16
**liable** [1] - 10:23
**likely** [1] - 13:14
**limit** [1] - 15:11
**limitations** [1] - 9:9

Limited [1] - 4:18
limited [1] - 17:17
lines [1] - 8:15
linked [2] - 11:17, 18:5
litigant [1] - 22:23
litigants [1] - 22:25
litigated [3] - 18:7, 18:12, 20:5
litigation [19] - 12:16, 19:25, 20:14, 20:15, 20:19, 20:22, 21:2, 22:7, 22:11, 22:16, 23:5, 23:14, 23:15, 23:22, 23:25, 24:2, 24:17, 24:21, 26:5
Llp [3] - 2:3, 2:8, 2:13
local [1] - 16:3
lose [1] - 25:18
lost [2] - 18:7, 23:23
low [1] - 20:23
Lurie [1] - 2:11

**M**

maintaining [1] - 5:5
maintenance [3] - 5:2, 5:23, 7:14
manage [7] - 16:5, 16:10, 24:10, 24:13, 24:20, 25:3, 25:5
marriage [1] - 27:14
matter [8] - 3:6, 6:25, 18:16, 19:12, 19:15, 22:15, 26:19, 27:16
matured [1] - 17:6
Mcdonald [14] - 13:9, 18:12, 18:16, 19:6, 19:14, 19:17, 19:21, 20:4, 20:13, 22:8, 22:13, 24:18, 25:14, 25:18
Mci [78] - 4:3, 4:13, 4:21, 6:10, 6:14, 7:16, 7:20, 7:23, 7:24, 8:10, 8:14, 8:19, 8:23, 9:2, 9:18, 9:21, 9:25, 10:4, 10:20, 10:21, 10:22, 11:24, 12:10, 12:15, 12:17, 12:18, 13:2, 13:11, 13:18, 15:13, 15:18, 15:19, 15:22, 16:7, 16:9, 17:24, 17:25, 18:9, 18:11, 19:4, 19:7, 19:17, 19:19, 19:20, 20:2, 20:9, 20:13, 21:21, 22:15, 22:20, 22:24, 23:13, 23:17, 23:21,

23:23, 24:7, 24:10, 24:12, 24:13, 24:16, 24:18, 24:19, 24:24, 25:4, 25:6, 25:7, 25:9, 25:14, 25:15, 25:22, 25:23, 26:2, 26:3, 26:8
Mci's [11] - 4:13, 7:8, 16:15, 16:19, 19:25, 20:16, 21:4, 22:10, 22:17, 24:19
Mechanical [1] - 14:21
mechanism [1] - 25:2
mere [1] - 22:6
met [1] - 9:16
Metal [1] - 10:12
might [2] - 15:20, 17:5
militate [1] - 17:14
minute [1] - 26:18
Miss [1] - 13:12
Mississippi [11] - 1:15, 2:8, 2:13, 2:15, 3:8, 3:20, 3:22, 4:19, 13:8, 13:9, 18:15
misuse [1] - 6:5
modern [1] - 14:14
modifications [1] - 3:16
Modified [3] - 1:2, 4:5, 27:21
moment [1] - 21:10
Moreover [1] - 10:7
moreover [1] - 13:16
most [1] - 18:4
motion [3] - 3:25, 4:9, 26:7
Motion [4] - 1:15, 3:9, 3:18, 26:11
Mpc [65] - 3:21, 4:15, 4:25, 5:5, 5:10, 5:16, 5:18, 6:5, 6:17, 8:9, 8:17, 8:21, 9:3, 9:4, 9:17, 9:24, 10:3, 10:20, 10:23, 12:14, 12:18, 13:10, 13:12, 15:18, 15:21, 15:22, 16:3, 16:9, 16:16, 16:18, 17:21, 17:25, 18:6, 18:9, 18:12, 18:16, 18:22, 19:2, 19:7, 19:14, 19:17, 19:19, 20:18, 20:24, 21:6, 21:8, 21:15, 22:11, 22:17, 22:23, 23:13, 23:20, 23:23, 24:8, 24:9, 24:12, 24:14, 24:17, 24:19,

24:22, 25:4, 25:9, 25:10, 25:12, 25:16
Mpc's [23] - 4:8, 4:9, 4:10, 5:3, 6:9, 12:2, 12:4, 12:6, 12:10, 16:8, 16:14, 18:5, 19:20, 19:25, 20:13, 21:22, 22:7, 22:19, 25:8, 25:19, 25:21, 26:2, 26:6
must [7] - 9:16, 9:17, 10:20, 10:21, 13:20, 17:8, 21:23

**N**

namely [1] - 15:14
narrow [1] - 19:2
nature [1] - 25:19
necessarily [4] - 14:17, 18:17, 21:12, 22:19
necessary [5] - 13:15, 15:24, 16:5, 25:17, 25:21
need [1] - 25:19
New [10] - 1:4, 1:11, 1:22, 2:10, 27:3, 27:4, 27:8
Newman [1] - 13:24
next [1] - 26:19
nonetheless [2] - 10:17, 19:22
Notary [1] - 27:7
note [1] - 25:21
notes [2] - 9:14, 19:2
notice [42] - 8:11, 8:18, 9:25, 10:3, 10:16, 10:25, 11:3, 11:5, 11:7, 11:9, 11:10, 11:13, 11:16, 11:19, 11:21, 11:24, 11:25, 12:7, 12:9, 12:24, 13:2, 13:3, 13:5, 13:13, 13:19, 14:4, 14:5, 14:18, 14:25, 15:23, 16:13, 16:14, 16:25, 17:4, 17:9, 17:12, 18:23, 19:20, 20:18, 22:12, 23:11, 25:11
Notice [1] - 10:5
notification [2] - 9:19, 13:16
notified [2] - 8:10, 9:18
notifies [1] - 7:20
notifying [1] - 20:13
number [2] - 6:4, 9:3, 17:13

Nw [1] - 2:4

**O**

object [1] - 14:2
Objection [1] - 4:18
obligated [3] - 5:10, 26:4, 26:9
obligation [7] - 4:7, 6:12, 9:2, 12:14, 13:18, 25:13, 25:22
obligations [4] - 4:4, 4:16, 17:22, 25:20
obtained [1] - 8:13
October [1] - 8:10
offer [2] - 17:6, 20:2
offered [3] - 13:13, 17:10, 18:23
One [1] - 1:10
one [3] - 7:9, 19:3, 25:10
operate [2] - 9:17, 17:17
operated [1] - 21:20
operates [1] - 16:2, 17:20
operating [1] - 3:23
operation [1] - 7:13
opinion [1] - 26:16
opportunity [5] - 14:3, 17:23, 18:2, 23:24, 24:20
optic [9] - 5:3, 5:5, 5:13, 5:20, 5:24, 8:15, 19:3, 19:5, 21:10
Optic [1] - 4:12
option [1] - 19:23
options [1] - 24:13
order [3] - 4:2, 7:12, 26:15
Order [1] - 4:18
original)(following [1] - 14:14
Ostrager [1] - 13:23
outcome [1] - 27:16
own [4] - 12:18, 18:5, 24:11, 25:23
owns [1] - 16:4

**P**

parallel [1] - 24:2
parcel [1] - 7:10
part [4] - 6:18, 7:5, 11:23, 12:25
participated [1] - 23:23
particularly [1] - 20:10
parties [5] - 6:22,

6:24, 22:2, 25:2, 27:15
party [1] - 11:10
pay [1] - 6:13
payment [2] - 4:10, 26:7
Payment [3] - 3:10, 3:19, 26:11
payments [4] - 5:16, 6:9, 6:17, 8:23
Payments [1] - 1:16
penalties [2] - 5:11, 6:3
pennington [1] - 14:21
per [2] - 7:10, 8:9
perform [1] - 24:15
performance [1] - 10:8
period [1] - 18:6
permit [1] - 7:13
perspective [1] - 24:14
plain [2] - 9:15, 12:13
Plaintiff's [1] - 26:11
Plan [4] - 4:6, 4:20, 4:24
Pm [2] - 1:9, 27:23
policy [1] - 9:7
possible [3] - 21:9, 22:21, 25:6
post [1] - 22:3
post-construction [1] - 22:3
power [1] - 5:3
Power [5] - 1:15, 2:8, 2:13, 3:8, 3:20, 3:23, 4:19, 5:22, 13:9
pre [2] - 6:2, 26:5
pre-effective [2] - 6:2, 26:5
precedent [10] - 10:19, 11:2, 11:16, 15:9, 15:13, 15:17, 17:7, 17:9, 19:16, 22:5
precluding [1] - 19:24
precondition [1] - 10:5
predecessor [1] - 4:13
preempt [3] - 15:15, 16:15, 20:17
preemption [1] - 16:14
preemptive [1] - 15:24
prejudice [14] -

14:13, 14:15, 15:2, 16:15, 16:18, 16:24, 17:5, 17:10, 18:4, 19:19, 20:6, 21:6, 23:9, 23:12

**prejudiced** [3] - 14:7, 19:25, 22:12

**prejudicial** [7] - 18:24, 20:16, 20:25, 21:13, 21:16, 21:18, 22:20

**premature** [1] - 13:17

**prepare** [1] - 13:21

**preparing** [1] - 14:8

**present** [1] - 23:20

**prevents** [1] - 14:4

**previously** [1] - 24:5

**primary** [5] - 6:19, 18:7, 23:14, 23:18, 25:21

**probability** [1] - 20:23

**proceeding** [1] - 7:3

**Proceedings** [2] - 1:12, 27:11

**prompted** [2] - 12:5, 13:10

**proof** [1] - 14:15

**properties** [1] - 8:14

**protect** [1] - 14:3

**provide** [4] - 9:24, 14:2, 15:22, 25:22

**provided** [6] - 3:12, 7:19, 10:4, 17:24, 24:8, 24:12

**provides** [2] - 7:6, 14:13

**providing** [1] - 12:17

**Provision** [1] - 4:11

**provision** [8] - 11:3, 11:7, 11:9, 11:11, 11:17, 11:22, 24:5, 24:6

**provisions** [3] - 5:8, 11:20, 21:25

**public** [1] - 9:7

**Public** [1] - 27:7

**purchase** [5] - 10:20, 10:22, 12:11, 13:11, 25:15

**purchased** [1] - 12:3

**purchasing** [2] - 15:15, 19:24

**purposes** [1] - 3:13

**pursuant** [5] - 3:19, 4:17, 7:2, 7:3, 8:21

**pursue** [2] - 23:25, 24:17

## Q

**questionable** [1] - 20:7

**quoting** [1] - 14:10

## R

**raised** [2] - 22:15, 26:2

**raises** [1] - 25:10

**rather** [1] - 17:19

**Rather** [2] - 12:17, 15:12

**re** [2] - 1:5, 3:3

**read** [3] - 3:11, 3:12, 15:8

**real** [1] - 20:20

**reason** [2] - 13:4, 23:11

**reasonable** [1] - 8:2

**reasoning** [1] - 21:13

**received** [1] - 5:6

**Received** [1] - 27:22

**recently** [1] - 6:5

**recess** [1] - 26:18

**recognize** [1] - 21:19

**recognized** [2] - 21:8, 21:16

**recommend** [2] - 10:20, 13:10

**recommendation** [3] - 12:2, 12:5, 12:12

**record** [1] - 3:12

**recorded** [1] - 27:11

**Recorded** [3] - 1:12, 27:10, 27:22

**referred** [1] - 15:4

**regarded** [1] - 10:7

**regarding** [2] - 11:19, 21:3

**reimburse** [1] - 7:24

**reject** [1] - 4:9

**related** [9] - 6:4, 6:8, 8:24, 10:24, 16:11, 21:7, 22:5, 26:7, 27:14

**relates** [1] - 5:25

**relating** [3] - 4:25, 5:12, 8:19

**relative** [2] - 14:18, 16:12

**relevant** [5] - 7:5, 12:16, 12:17, 19:6, 19:12

**remanded** [1] - 18:21

**remedy** [1] - 18:3

**Rendered** [1] - 1:14

**rendered** [2] - 3:7, 13:8

**Reorganization** [1] - 4:6

**Reorganized** [3] - 1:7, 2:3, 4:2

**Reporter** [2] - 1:21, 27:7

**represents** [1] - 15:18

**request** [1] - 11:4

**require** [1] - 10:11

**required** [5] - 7:12, 7:19, 9:22, 13:19, 15:20

**requirement** [4] - 9:24, 10:16, 11:5, 11:13

**requirements** [1] - 12:8

**requiring** [2] - 11:12, 14:15

**research** [1] - 5:19

**resolution** [1] - 23:4

**resolve** [2] - 21:2, 25:19

**resolved** [1] - 12:6

**Resolving** [1] - 4:18

**respect** [1] - 3:6

**responds** [3] - 4:7, 9:2, 13:12

**responsibilities** [1] - 4:25

**responsible** [2] - 7:7, 7:17

**Restatement** [1] - 14:11

**result** [4] - 5:12, 8:4, 20:12, 20:21

**resulted** [1] - 19:20

**return** [4] - 5:4, 15:21, 16:8, 26:19

**review** [1] - 21:3

**Reviewed** [2] - 1:2, 27:21

**right-of-way** [1] - 8:7

**rights** [10] - 4:24, 5:19, 7:11, 7:12, 7:18, 7:19, 7:22, 8:13, 17:22

**rights-of-way** [4] - 5:19, 7:11, 7:18, 7:22

**rise** [1] - 15:16

**risk** [12] - 16:2, 16:6, 16:8, 17:19, 20:20, 24:4, 24:8, 24:11, 24:14, 24:20, 24:23, 25:9

**risk-sharing** [1] - 24:4

**risks** [3] - 16:10, 25:3, 25:5

**role** [1] - 15:9

**Roofing** [3] - 10:11, 13:22, 23:5

## S

**satisfy** [2] - 4:3, 9:4

**scope** [3] - 18:14, 20:6, 22:14

**Scs** [2] - 3:22, 5:22

**seated** [1] - 3:5

**second** [3] - 5:21, 9:6, 12:25

**Second** [6] - 4:5, 5:24, 6:16, 14:11, 17:21, 26:12

**Section** [6] - 3:20, 4:4, 7:4, 10:14, 13:25, 14:11

**Sections** [1] - 7:2

**See** [1] - 23:5

**see** [2] - 13:23, 15:25

**seek** [1] - 6:9

**seeking** [1] - 24:18

**seeks** [4] - 3:25, 5:16, 16:16, 23:3

**separate** [1] - 18:13

**separated** [1] - 5:17

**September** [1] - 4:20

**Services** [6] - 1:16, 2:9, 2:14, 3:9, 3:22, 4:12

**set** [2] - 5:9, 27:18

**sets** [1] - 9:15

**setting** [1] - 3:14

**settle** [1] - 26:15

**settlement** [3] - 20:10, 20:20, 22:4

**settlements** [1] - 7:25

**shall** [3] - 7:7, 7:16, 7:24

**shared** [2] - 19:7, 24:22

**sharing** [2] - 12:15, 24:4

**shift** [1] - 25:9

**shifting** [1] - 17:20

**Shorthand** [1] - 27:6

**shortly** [1] - 18:23

**shoulder** [1] - 24:7

**shouldered** [1] - 24:23

**significantly** [2] - 20:3, 20:11

**similar** [1] - 11:18

**Similarly** [4] - 16:18, 22:10, 23:12, 26:6

**simple** [2] - 15:25, 24:14

**Simply** [1] - 16:14

**simply** [5] - 15:5, 15:8, 15:10, 21:16, 25:9

**situation** [1] - 22:25

**situations** [1] - 23:19

**slightly** [1] - 10:17

**So.2d** [8] - 10:12, 12:21, 13:12, 13:22, 14:10, 14:22, 17:3, 23:6

**solely** [1] - 11:8

**sought** [3] - 9:10, 16:20, 18:10

**South** [1] - 2:5

**Southern** [14] - 1:4, 1:16, 2:9, 2:14, 3:8, 3:21, 3:24, 3:25, 7:7, 7:15, 7:20, 7:24, 8:4

**Southern's** [1] - 7:21

**spare** [4] - 5:7, 18:18, 19:10, 19:15

**Special** [1] - 2:3

**specific** [1] - 10:25

**Ss** [1] - 27:3

**stake** [1] - 22:24

**Star** [1] - 14:9

**State** [3] - 6:23, 27:3, 27:8

**States** [3] - 1:4, 1:10, 1:19

**states** [2] - 8:9, 8:17

**statute** [1] - 9:9

**step** [1] - 10:2

**Stipulation** [1] - 4:17

**Stone** [3] - 2:16, 14:8, 17:2

**Street** [1] - 2:4

**stripped** [1] - 22:20

**strive** [1] - 21:24

**subject** [1] - 6:25

**sublease** [3] - 18:17, 19:9, 19:15

**sublessee** [2] - 18:13, 19:11

**substantial** [1] - 20:5

**sufficiency** [1] - 11:24

**sufficient** [3] - 12:8, 12:24, 18:10

**suit** [1] - 19:16

**Suite** [2] - 1:21, 2:5

**suits** [1] - 8:25

**supported** [1] - 24:3

**Supreme** [3] - 13:8, 18:15, 19:12

**system** [9] - 5:3, 5:5, 5:13, 5:20, 5:24, 18:18, 19:3, 19:5, 21:10

system's [1] - 5:7

## T

tardiness [1] - 14:12
telecommunication
s [2] - 8:12, 8:15
Telecommunication
s [1] - 4:14
telephone [3] - 2:7,
2:11, 2:16
term [1] - 14:19
terms [5] - 4:17,
5:15, 8:9, 11:4, 16:2
theories [1] - 9:4
Therefore [1] - 19:13
therefore [12] - 8:22,
11:7, 13:15, 14:6,
16:13, 16:23, 18:20,
20:24, 21:11, 22:2,
24:22, 25:25
third [2] - 5:24, 9:7
Third [3] - 6:7, 6:11,
26:13
Thirteenth [1] - 2:4
Thomas [1] - 13:23
thousand [1] - 7:9
timeliness [2] - 13:2,
16:12
timely [3] - 13:5,
13:15, 14:18
Timely [2] - 13:19,
14:5
title [1] - 5:18
totaling [1] - 6:18
transcriber [1] - 3:13
transcript [1] - 27:10
Transcription [1] -
27:23
Treatise [1] - 10:13
trend [1] - 14:14
trespass [1] - 6:6
trial [1] - 18:21
true [3] - 22:18,
22:21, 27:9
Twenty [1] - 2:14
two [1] - 9:16
typical [5] - 10:18,
11:12, 23:2, 23:8,
23:16

## U

unable [2] - 23:13,
23:19
unavailable [1] -
23:11
uncertainty [1] -
21:2
unconvincingly [1] -

18:25
Under [1] - 5:15
under [10] - 4:4, 5:9,
6:13, 8:22, 9:3, 11:4,
12:8, 14:23, 15:11,
17:22
United [3] - 1:4, 1:10,
1:19
unjust [1] - 6:6
unreasonably [1] -
16:24
untimeliness [1] -
13:4
untimely [5] - 16:25,
17:4, 17:12, 20:18,
25:12
Untimely [1] - 14:4
urges [1] - 4:8
Usc [2] - 3:19, 7:2

## V

valid - 26:2
value [4] - 20:9,
20:10, 20:20, 21:7
via [3] - 2:7, 2:11,
2:16
Vinson [1] - 2:8
violate [1] - 13:17
violated [2] - 18:19,
25:13
violation [1] - 21:9

## W

Ward [1] - 2:6
Washington [1] - 2:5
ways [1] - 19:6
West [1] - 23:6
Whereof [1] - 27:17
Williston [1] - 10:13
Wis [1] - 23:8
wished - 25:8
Witness [1] - 27:17
Worldcom [7] - 1:6,
1:14, 4:14, 4:15, 4:25,
5:6, 5:10

## Y

York [10] - 1:4, 1:11,
1:22, 2:10, 27:3, 27:4,
27:8