SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Phone: (860) 251-5000
Fax: (860) 251-5218
Kathleen M. LaManna, Esq. (KL3869)
Corrine L. Burnick, Esq. (cb9072)

and

MOORE, WALTERS, THOMPSON,
THOMAS, PAPILLION & CULLENS
6513 Perkins Road
Baton Rouge, LA 70808
Phone: (225) 766-1100
Fax: (225) 767-4486
Edward J. Walters, Jr. (#13214)
Darrel J. Papillion (#23243)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

..................................................x
IN RE                                              :
                                                   :   **Chapter 11, Case No.**
WORLDCOM, INC., *et al.*,                          :   **02-13533 (AJG)**
                                                   :
    Debtors                                        :   (Jointly Administered)
..................................................x

### OBJECTION OF THE *ALEXANDER* OBJECTORS TO MOTION FOR ORDER APPROVING PROPOSED LOUISIANA RIGHT OF WAY SETTLEMENT

Through their undersigned counsel, the following individual members of the proposed settlement class, hereinafter collectively known as the "*Alexander* Objectors"[1], hereby give

---

[1] The Alexander Objectors were plaintiffs in the matter of *Alexander, et al v. MCI World Com, et al* Number 01-1237, United States District Court, Western District of Louisiana, (the "Alexander Action") which was stayed pending resolution of the matter of *The State of Louisiana, William Kimball, H.M. Kimball, Jr. and Elizabeth Kimball Lewis, Individually and as Representatives of a Class of those Similarly Situated vs. Sprint communications Company L.P., et al,*" No. 26,334 and *The State of Louisiana and William Kimball, Individually and as*

1

notice of their objection to the proposed class action settlement: Don Alexander, Grace Depass, Tammy Neal , Nita Guidry , William Lavergne , Paul Lavergne , Randall and Amy Guillory , Aaron Batiste , Shirley Bihm , Lionel and Earline Bihm , Mildred Collins , Delores Babineaux , Melvin Bihm , Rita Thomas , Lawrence Bihm , Thelma Handy , Dorthy Gordwin , Earnest Bihm, Jr. , Lionel Bihm and Earline Bihm , Austin Richard and Brenda Mayfield, John Hebert Chavis, Millie Singleton Chavis, Jimmy Guillory , Randal Guillory , Howard Richard, Henry Harry Shakesnider, Rita Sonnier Shakesnider, Clara Batiste Miller, Clarence and Melba Dugas, Betty Moore, Nita Guidry, Madam Carriere, Ebrey Semien, Terry Batiste, Allen Batiste, Ivory Batiste, Josephine and Ora Thibodeaux, Eugene Pitre, Virginia Charles, Betty McKee, John Crawford, Jack Crawford, Bob Crawford, David Crawford, and Lorita Brisco. Counsel for the *Alexander* Objectors intend to be present at the February 7, 2006 fairness hearing.

**In addition to the objections and arguments expressly set forth herein, the *Alexander* Objectors adopt by reference all objections and arguments raised in an objection that either has been or will be filed on behalf of the *McCormick* Objectors in connection with the subject settlement.**

## INTRODUCTION AND BRIEF SYNOPSIS OF OBJECTION

1. As this court is aware, the proposed settlement is aimed at resolving class action claims brought against certain debtors, including WORLDCOM Network Services, Inc., MCI Telecommunications Corp., and other companies (for the sake of convenience, the debtor entities shall collectively be referred to hereafter generally as "MCI"). The proposed settlement, however, sets forth certain mandatory claims procedures which must be followed by class

---

*Representatives of a Class of Those Similarly Situated vs. WilTel, Inc., et al*, number 26,304 , pending in Louisiana's Eighteenth Judicial District Court (together, the "Kimball Actions").

2

members in order to receive any recovery pursuant to the settlement. These procedures, which are more fully described herein, are unfair, unreasonable and inappropriate given the circumstances surrounding the actions which are the subject of the settlement, and given the inability of many affected class members to comply with such requirements.

2. The *Alexander* Objectors respectfully request that this court disapprove the subject settlement because the proposed settlement in this action contains an arduous and expensive claims process that is unfair to the class members. Among other things, it is difficult to understand what documentation is required in order to qualify for the benefits of the settlement, and may be prohibitively expensive and unduly burdensome (if not impossible) for claimants to obtain such documentation, rendering the claims process unfair, unreasonable and prejudicial to potential claimants.

3. For all of the reasons contained herein, and for all of the reasons set forth in the objection and supporting documents filed or expected to be filed on behalf of the *McCormick* Objectors, which are adopted as if fully set forth herein, this court should reject the proposed settlement between "MCI/Worldcom" and the members of the proposed class in the Louisiana Right of Way Suits.

## BACKGROUND

4. It is largely undisputed that MCI and Sprint Telecommunications, either themselves or through related entities, laid fiber optic cable alongside railroads across Louisiana. The telecommunications companies did this with the permission of the railroad companies, but without the permission of the landowners who owned the property along the rail lines. In 1994, the *Kimball* Actions were filed seeking damages for trespass. Later, other lawsuits, including the *Alexander* Action, were filed seeking the same or similar damages.

5. MCI and Sprint eventually agreed to settle the Kimball Actions. In September 2002, the Louisiana state district court approved the settlement insofar as Sprint Telecommunications was concerned. Although MCI and Sprint had reached a settlement agreement with the plaintiff class, MCI's bankruptcy precluded its participation in the September 2002 state court fairness hearing. The trial court approved the Sprint portion of the settlement over the objections of a number of class action plaintiffs, including the *Alexander* Objectors.

6. After a lengthy and hard-fought appellate process that commenced immediately following the September 2002 approval of the state court settlement, Louisiana's appellate courts ultimately reversed the decision of the trial court approving the settlement between Sprint Telecommunications and the same class affected by the settlement that is the subject of this Objection. The Louisiana Supreme Court denied writs of review, sought by the settlement class and Sprint Telecommunications, in December, 2005. This rendered final the appellate court's disapproval of the Sprint portion of the settlement of the fiber optic lawsuit on grounds that the notice given to class members was not sufficient, particularly because the class members were not given proper notice of issues related to MCI's bankruptcy.

## ARGUMENT

7. Under requisite standards, this court has a duty to determine whether the settlement at issue in this case is fair, reasonable and adequate and cannot accept a settlement that the proponents have not shown to satisfy these criteria. NEWBERG ON CLASS ACTIONS, 4TH ED. § 11.41 n.229, *citing, Grunin v. International House of Pancakes*, 513 F.2d 114, 123 (8th Cir.), *cert denied,* 423 U.S. 864 (1975). In determining whether a settlement should be approved, the court must decide whether it is fair, reasonable, and adequate under the circumstances and whether the interests of the class as a whole are better served if the litigation is resolved by the

4

settlement rather than pursued. MANUAL FOR COMPLEX LITIGATION, THIRD, § 30.42, pg. 238 (1995). The inquiry is not whether the litigation is better resolved by *a* settlement, but rather whether it is better for the litigation to be resolved by *the* settlement before the court.

8. "[I]t is clear that courts should not give rubber-stamp approval. Rather, to protect the interests of absent class members, the court must independently and objectively analyze the evidence and circumstances before it in order to determine whether the settlement is in the best interests of those whose claims will be extinguished." NEWBERG ON CLASS ACTIONS, 4TH ED. § 11.41, citing *Piambino v. Bailey*, 610 F.2d 1306 (5th Cir.), *cert denied*, 449 U.S. 1011 (1980).

9. After reviewing the objections of the objecting class members and the applicable law, this court can come to only one conclusion: the settlement contains many terms that are not fair to the class and that subject the class members to an expensive and egregiously arduous claims process that appears to have been designed to result in the payment of very few, if any, actual claims. The interest of justice to all class members dictates that this court deny approval of this settlement, and send the parties back to the settlement negotiation table to reach a settlement that is fair and reasonable to the class.

10. The claims process outlined in the proposed settlement is not fair, reasonable or adequate because 1) the qualification process is extremely difficult to understand and to maneuver, which would result in severe prejudice to members of the class, and 2) the decision of the claims administrator is final with no right of appeal to any judicial tribunal.

A. *The documentation required as a prerequisite to any recovery is difficult to understand and obtain.*

11. As noted by the federal judiciary panel that produced the MANUAL FOR COMPLEX LITIGATION, THIRD, "completion and documentation of the claim forms should be no more burdensome than necessary to implement the settlement." For purposes of administering a

5

settlement, the court should not necessarily require the same amount and specificity of evidence that might be needed to establish damages at a trial; secondary forms of proof and estimates derived from other sources should generally be acceptable. *See* MANUAL FOR COMPLEX LITIGATION, THIRD, § 30.47, pg. 247 (1995). If the goal of the settlement procedures is to fairly and adequately effectuate the settlement terms, then prohibitively burdensome procedures are unnecessary and inappropriate and should not be approved.

12.    The federal judiciary panel addressed this issue squarely and identified the obvious motivation behind such burdensome procedures. "In cases where the settlement provides for a specified payment to each qualifying class member – either flat sum or an amount determined according to a formula – settling defendants will have an interest in maximizing the extent to which class members are found to be disqualified or have their claims reduced, diminishing the total amount to be paid." MANUAL FOR COMPLEX LITIGATION, THIRD, § 30.47, pg. 246 (1995).

13.    The structure of the proposed settlement appears designed to maximize the number of disqualified claimants. In the proposed settlement, claimants for fully qualifying benefits are required to provide extensive and costly documentation and proof of their claims.

14.    The language used to describe the documents necessary to gather a proper claim practically requires a legal education, or at least a firm grasp of the language of property law. The average Louisiana claimant is unlikely to understand what documents he will need to put together to submit a claim without some legal counsel. Thus, claimants will be required to go to the expense of hiring legal assistance in order to submit a claim – a claim that, due to the limited recovery resulting from the bankruptcy, is likely to cost more to prove, in terms of having to hire a lawyer or title abstractor, than the potential claimant can recover if he successfully navigates

the arduous claims process.

15.     The second issue related to documentation concerns the exacting and extensive amount of documentation that must be submitted in order for the claims administrator to even consider the claim to be a potential fully qualifying claim. If a claimant cannot locate or provide the necessary documents, he is out of luck. Such claimant will be out of the money he spent trying to locate the necessary documents, and will have no chance for fully qualifying benefits.

16.     Moreover, the high cost of trying to make a claim for fully qualifying benefits will likely deter many people from attempting to make claims because putting the documentation together does not ensure payment. The Alexander Objectors further understand that interpretation of that paperwork and the determination of whether the fiber companies obtained adequate rights from the railroad will still be made by a non-appealable claims administrator. In other words, even if a claimant is able to assemble all of the required documentation, this only means the claims administrator will consider the claim, rather than reject it outright.

17.     For many partially qualifying landowners, the cost of assembling the documents to make a claim will be cost prohibitive. In most instances, seeking partial qualification benefits will likely result in a negative value claim. This characteristic of the settlement is absolutely unfair.

B.     *Class counsel did not adequately advise the class as to such things as the expense of the claims process.*

18.     Counsel supporting the settlement "must fully disclose all agreements and understandings and be prepared to explain how the settlement was reached and why it is fair and reasonable. They must also disclose any facet of the settlement that may adversely affect any member of the class or may result in unequal treatment of members of the class." MANUAL FOR

COMPLEX LITIGATION, THIRD, § 30.43, pg. 241 (1995). Counsel have failed in this regard because they have failed to give the class any indication of the costs of obtaining the documentation necessary to make a claim for fully qualifying landowner benefits.

19. Because claims are not due until well after the objection deadline, other potential claimants may not yet realize that the cost could outweigh the benefits of making a claim until after they have foregone an opportunity to object. The cost of obtaining documentation to make a claim is a significant cost that counsel should be required to disclose to the class in the notice, yet they failed to do this. This failure suggests a recognition that it will be costly and sometimes impossible for class members to obtain the required documentation, greatly reducing the chances that members of the class will be able to make claims for fully qualifying landowner benefits. Class counsel have undertaken no continuing obligation to the class in this case to assist them in making claims and actually obtaining benefits.

20. Indeed, the class members are left to fend for themselves and are forced to rely on a website with little useful information and an automated phone system. The class counsel and the settling defendants do essentially nothing to help those aggrieved by defendants' trespass to practically and actually obtain compensation.

### C.    *The decision of the claims administrator is final and non-appealable*

21. The Alexander Objectors further object to the proposed settlement because the decision of the claims administrator is a final decision with no right to appeal to any tribunal. This process denies claimants the right to have potentially erroneous decisions reviewed, and it denies the claimants their Constitutional right of access to the courts. This denial is significant in that the decision of the claims administrator involves the property rights of the class members. Moreover, the class members have not been properly advised that their claims are non-

appealable. Again this lack of disclosure regarding important information, flies in the face of class counsel's duty to disclose adverse settlement terms to absent class members. Individuals may waive their right to appeal. However, basic principles of fairness and justice dictate that the individuals be informed they are waiving their right to appeal, before they enter into a process that automatically waives that right.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, and for all the reasons contained in the objections and supporting documents filed on behalf of the *McCormick* Objectors, the *Alexander* Objectors request that this court reject the proposed settlement and order the parties to reach an agreement with a fair claims process aimed at actually helping the trespass victims secure a fairly negotiated recovery.

By attorneys:

/s/ Kathleen M. LaManna
Kathleen M. LaManna (KL3869)
Corrine L. Burnick(cb9072)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
Phone: (860) 251-5000
Fax: (860) 251-5218

and

Edward J. Walters, Jr. (#13214)
Darrel J. Papillion (#23243)
**MOORE, WALTERS, THOMPSON, THOMAS, PAPILLION & CULLENS**
6513 Perkins Road
Baton Rouge, LA 70808
Phone: (225) 766-1100
Fax: (225) 767-4486

422956 v.01

9