**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | ) | **CHAPTER 11** |
| | ) | |
| **WORLDCOM, INC.,** ***et al.*****,** | ) | **CASE NO. 02-13533 (AJG)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |

**ORDER DENYING DEBTORS' MOTION FOR ORDER NUNC PRO TUNC REJECTING AGREEMENT**

This cause coming to be heard on the Debtors' Motion for Order Nunc Pro Tunc Rejecting Agreement Between WorldCom, Inc. and Kennedy and Associates (the "Motion"), the Court having considered: (i) the Motion; (ii) Kennedy & Associates, Inc.'s Objection to the Motion ("Response"); (iii) Debtors' Reply to the Response; and (iv) argument of respective counsel for Kennedy & Associates, Inc. and the Debtors, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that the Motion is denied for the reasons stated in open court on February 28, 2006, as fully transcribed in Exhibit A, attached hereto; and

IT IS HEREBY FURTHER ORDERED that a status conference on Kennedy & Associates, Inc.'s claim and Debtors' objection thereto is scheduled for April 25, 2006 at 10:00 a.m.

DATED: March 9, 2006
New York, New York

s/Arthur J. Gonzalez

Honorable Arthur J. Gonzalez,
United States Bankruptcy Judge

# Exhibit A

AS CORRECTED AND MODIFIED BY THE COURT ON 2/28/2006

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------x

In re

WORLDCOM, INC., et al,

Case No. 02-13533

Reorganized Debtors.

-------------------------------x

February 28, 2006

United States Custom House
One Bowling Green
New York, New York 10004

E X C E R P T

10:05 02-13533 WORLDCOM, INC., ET AL
DECISION TO BE RENDERED

Motion filed by the Debtors for an order nunc pro tunc rejecting agreement between WorldCom, Inc. and Kennedy & Associates.

Response by Kennedy & Associates, Inc. filed.

B E F O R E:

THE HONORABLE ARTHUR J. GONZALEZ
United States Bankruptcy Judge

DEBORAH HUNTSMAN, Court Reporter
198 Broadway, Suite 903
New York, New York 10038
(212) 608-9053 (917) 723-9898



A P P E A R A N C E S:

STINSON MORRISON HECKER LLP
Special Counsel for Reorganized Debtors
1201 Walnut Street
Kansas City, Missouri 64106

BY: SARA E. WELCH, ESQ.
(via telephone)

UNGARETTI & HARRIS LLP
Attorneys for Kennedy & Associates
3500 Three First National Plaza
Chicago, Illinois 60602

BY: ALEX PIROGOVSKY, ESQ.
(via telephone)
-and-
DEAN POLALES, ESQ.
(via telephone)

Proceedings

(Whereupon, the following is an excerpt from 2/28/2006 in In re WorldCom, Inc., et al, case no. 02-13533.)

JUDGE GONZALEZ: You may be seated.

With respect to the first matter in WorldCom, Kennedy & Associates?

MR. PIROGOVSKY: Yes. Alex Pirogovsky on behalf of Kennedy & Associates.

MR. POLALES: With Dean Polales.

MS. WELCH: Sara Welch on behalf of the Debtors.

JUDGE GONZALEZ: All right. I am going to read a decision into the record.

* * * *

Before the Court is the Debtors' Motion for Order Nunc Pro Tunc Rejecting Agreement Between WorldCom, Inc. and Kennedy & Associates, dated August 5, 2005 (the "Motion"). The Debtors contend that if an executory contract actually does exist between the parties, the required standards have been met to grant nunc pro tunc rejection of a contract between Kennedy & Associates, Inc. ("Kennedy") and the Debtors

Proceedings

as of the date of confirmation of the Debtors' Modified Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated October 21, 2003 (the "Plan"). Kennedy argues in response that the relief sought by the Debtors would violate the Bankruptcy Code and additionally that no basis exists to grant the nunc pro tunc relief.

The matter arose from proof of claim no. 23470 (the "Claim") that was timely filed by Kennedy in the Debtors' chapter 11 cases. The Debtors objected to the Claim in their Twenty Second Omnibus Objection to Proofs of Claims (Employment Related Claims), dated August 4, 2004 (the "Claim Objection"), on the grounds that (i) the Debtors had no liability for the Claim and their records reflected that they did not owe Kennedy any money, and (ii) Kennedy had not provided sufficient information to support the claim or permit the Debtors to evaluate it. Kennedy responded to the Claim Objection by stating that the Claim was based on a certain

Proceedings

Benefit Plans Consulting Services Agreement (the "Alleged Contract") for services related to consulting on and auditing of WorldCom's ERISA benefit plans. Kennedy asserts that the Alleged Contract was executory in nature within the meaning of Section 365 of the Bankruptcy Code. An unsigned copy of the Alleged Contract was attached to the proof of claim form, which also stated that the total amount of the Claim was "to be determined pending audit of prepetition and postpetition recoveries." The Debtors have, for purposes of the Motion, accepted Kennedy's assertion that the Alleged Contract is executory, but have not conceded that there is an existing agreement between the parties, or that such agreement is executory in nature.

Additionally, the Debtors have reserved the right to commence an action seeking a ruling that (a) no agreement exists or existed between the parties, and (b) that any agreement between the parties was not an executory contract. This Court finds that the Debtors have failed to establish that it

Proceedings

has the inherent, applied, or stated authority to grant post-confirmation nunc pro tunc rejection of the Alleged Contract, and, therefore, the Court does not reach the issue of whether a basis exists to grant the relief requested.

The Debtors cite to Sections 1123(b)(2) and 105(a) of the Bankruptcy Code as authority for the nunc pro tunc rejection of an executory contract subsequent to confirmation of a plan. Section 1123(b)(2) states that "a plan may ... subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section." 11 U.S.C. Section 1123(b)(2). Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. Section 105(a). The Debtors note that the language of Section 1123(b)(2) does not limit when assumption or objection must be effected.

While this is true, the statute specifically states that the rejection must take place through a plan.

Section 8.01 of the Debtors' Plan provides that executory contracts and unexpired leases were to be deemed assumed as of the Effective Date, except with respect to those contracts or leases that (i) had been previously rejected prior to the Effective Date, (ii) for which a motion for approval of rejection had been filed and served prior to Confirmation, or (iii) that were listed on Schedules 8.01(A) or (B) in the Plan Supplement. The Plan reserved the right of the Debtors to amend the Schedules on or prior to the Confirmation Date. However, the Plan contains no language reserving the right to either amend the Schedules or to seek rejection of contracts subsequent to confirmation of the Plan. Thus, the Plan itself has not provided the Debtors with the authority to seek post-confirmation rejection of the Alleged Contract, as is required by Section 1123(b)(2) of the Bankruptcy Code.

Proceedings

Additionally, Section 12.01 of the Plan contains several provisions relating to the Court's post-confirmation retention of jurisdiction. The Debtors specifically cite to the Court's retention of jurisdiction:

(a) To hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases and the allowance of cure amounts and Claims resulting therefrom;

(b) To hear and determine any and all adversary proceedings, applications and contested matters;

(c) To hear and determine any objection to Administrative Expense Claims or Claims; ...

(e) To issue such orders in aid of execution and consummation of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code; ...

(h) To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan, including any

Proceedings

disputes arising under Section 5.12 or 6.18 of the Plan; ...

(l) To resolve any Disputed Claims;

...

(n) To hear any other matter not inconsistent with the Bankruptcy Code; ...

(Plan Para. 12.01.) The Debtors assert that nunc pro tunc rejection of the Alleged Contract would constitute an exercise of this Court's retained jurisdiction. The Court disagrees, and specifically addresses the retentions provided under sections 12.01(c), (l) and (n) of the Plan.

The Court retains jurisdiction to hear and determine objections to claims under Section 12.01(c) of the Plan and to resolve any disputed claims pursuant to Section 12.01(l) of the Plan. While the actions the Debtors seek to take under the Motion are tangentially related to a claim objection, they do not constitute an objection to a claim or the resolution of a disputed claim. Rather, the Debtors seek to create a set of facts (rejection of the Alleged Contract)

that will ultimately enable them to take action to resolve the Claim or object to any additional claim that might arise as a result of the rejection of the Alleged Contract.

Section 12.01(n) of the Plan provides jurisdiction for the Court to hear any matter not inconsistent with the Bankruptcy Code. Yet, rejection of the Alleged Contract under these circumstances would be viewed as inconsistent with the Bankruptcy Code. The rejection of executory contracts is provided for by Sections 365 and 1123(b)(2) of the Bankruptcy Code. Section 365(d)(2) of the Bankruptcy Code allows for rejection of an executory contract prior to confirmation, while Section 1123(b)(2) allows for rejection through a Plan. In this case, rejection of the Alleged Contract clearly was not sought prior to confirmation of the Plan and is not provided for in the Plan itself. Thus, to reject the Alleged Contract at this point in time would constitute an act that is inconsistent with those provisions of the Bankruptcy Code that permit rejection of

Proceedings

executory contracts.

The Debtors cite to several cases as authority for the position that courts have utilized retained jurisdiction to grant nunc pro tunc assumption or rejection post-confirmation. These cases, however, can be distinguished from the situation at hand. The case of Alberts v. Humana Health Plan, Inc. (In re Greater Southeast Community Hospital Corp. I) 327 B.R. 26 (Bankr. D. D.C. 2005), specifically states that "[t]he Bankruptcy Code permits questions of assumption or rejection under a plan to be determined after confirmation of a plan calling for such post-confirmation determination. Id. at 34 (emphasis added)(citing In re Gunter Hotel Assocs., 96 B.R. 696, 699-700 (Bankr. W.D. Tex. 1998); TMS Assocs. v. Kroh Bros. Dev. Co. (In re Kroh Bros. Dev. Co., 100 B.R. 480, 486-87 (W.D. Mo. 1989)). In the Greater Southeast case, the Plan had specifically retained the right for the debtors to reject the contract if the required cure amount was unacceptable.

Proceedings

See

In re Greater Southeast, 327 B.R. at 30 ("The order confirming the plan slightly modified the plan by making the Humana executory contracts deemed assumed by the reorganized debtors as of the effective date of the plan, and by providing that the reorganized debtors ... could decline to assume the executory contracts if the cure amounts were unacceptable, with the executory contract to be 'deemed rejected' upon the reorganized debtors so declining to assume.") As previously discussed, the Debtors' Plan makes no comparable post-confirmation retention of such right. Similarly, in the case of In re Gunter Hotels, 96 B.R. 696 (Bankr. W.D. Tex. 1988), while citing to a general plan provision allowing the court to hear and determine all matters relating to the plan, the court's ruling to extend the deadline to reject a contract until sixty days after confirmation was made prior to the confirmation of the plan itself (and was presumably incorporated into the confirmation

order.) See Gunter Hotel Assocs., 96 B.R. at 701 (extending the deadline for seeking rejection for 60 days past the effective date of confirmation). Indeed, the Court has been unable to locate case law on the issue in which some acknowledgment of the debtors' rights to act post-confirmation was not made prior to confirmation of the plan.

The Debtors also cite to several cases as authority for permitting the use of nunc pro tunc relief in the context of Section 365 of the Bankruptcy Code. However, these cases do apply in the post-confirmation context, as Section 365 of the Bankruptcy Code specifically relates to assumption or rejection "at any time before the confirmation of a plan." 11 U.S.C. Section 365(d)(2). Furthermore, as pointed out by Kennedy, all relate to extension of the 60-day deadline for unexpired leases of real property. As stated in the case of In re GST Telecom, Inc., 2001 WL 686971 (D.Del. June 8, 2001), courts have recognized that Congress did not intend that debtors be granted only

Proceedings

60 days in which to decide whether to assume or reject a nonresidential commercial lease, and equity dictates that courts can grant a debtor extensions to do so. Id. at *3.

When the Debtors structured the Plan to assume all contracts that were not specifically rejected, they took upon themselves the burden that certain contracts that they may not have been aware of or did not consider executory might not be able to be rejected if found to be executory. The Plan, however, did not include a reservation of rights allowing the Debtors to reject, post-confirmation (i) those contracts that were accidentally excluded from the Schedules, or (ii) those contracts that were not included in the Schedules because the Debtors did not consider them to be executory, but which are ultimately adjudicated to be executory contracts. The Debtors must therefore bear the burden of those contracts that were unidentified, or that are disputed in nature. While the Court acknowledges the Debtors' concern with

Proceedings

additional creditors asserting that contracts against the Debtors were executory in nature, it is important to note that this opinion does not forestall the ability of the Debtors to challenge whether the Alleged Contract was executory in nature, or whether the Alleged Contract even existed. However, in light of the statutory language, the related case law, and the lack of any Plan provisions that would address this issue, the Court does not feel it is able to grant nunc pro tunc rejection of the Alleged Contract post-confirmation.

Based upon the foregoing, the Motion is denied. Counsel to Kennedy is to settle an order consistent with this Court's opinion.

* * * *

That concludes the Court's ruling.

I think we need to move to the next pre-trial stage in the Kennedy & Associates matter, and I think when you settle the order you can put in a proposed date to continue the pretrial aspects of Kennedy and discuss

Proceedings

with the Court any outstanding issues that the Court may need to address at that time.

The next comment I have is for Court Conferencing. Would the operator please --

MR. POLALES: Your Honor, are you moving to another case? This is Dean Polales.

JUDGE GONZALEZ: Yes.

MR. POLALES: Your Honor, we did have a motion to compel certain discovery. I don't know if Your Honor has had a chance to look at that yet, but that was argued in the same court appearance in which we were arguing the nunc pro tunc motion.

JUDGE GONZALEZ: I still think we need a status conference. I will look at that again. My recollection is that I waited on that to resolve this issue, and now that this issue has been resolved favorably to Kennedy, I may have to then address the discovery issue. It has been a while since I looked at that issue. I think what I would like you to do is set up the pretrial, and I

will familiarize myself with the discovery issue and you can address it again at that time.

MR. POLALES: Thank you, Your Honor.

THE OPERATOR: Thank you, Your Honor.

C E R T I F I C A T E

STATE OF NEW YORK )
: SS:
COUNTY OF NEW YORK )

I, DEBORAH HUNTSMAN, a Shorthand Reporter and Notary Public within and for the State of New York, do hereby certify:

That the within is a true and accurate transcript of the Digitally Recorded Proceedings recorded on the 28th day of February, 2006.

I further certify that I am not related by blood or marriage to any of the parties and that I am not interested in the outcome of this matter.

IN WITNESS WHEREOF, I have hereunto set my hand this 7th day of March, 2006.

______________________________
DEBORAH HUNTSMAN

AS CORRECTED AND MODIFIED BY THE COURT ON 2/28/2006

**PROOFREAD BY HALLIE CANTOR
**PROOFREAD BY YA'AKOVAH WEBER