UNITED STATES BANKRUPTCY COURT  For Publication
SOUTHERN DISTRICT OF NEW YORK

---

In re:                                         :   Chapter 11
                                               :
WORLDCOM, INC., *et al.*,                      :   Case No. 02-13533 (AJG)
                                               :   (Jointly Administered)
       Debtors.  :   (Confirmed)
                                               :

---

**OPINION DENYING DEBTORS' OBJECTION TO TELESERVE SYSTEMS,
INC. 'S PROOF OF CLAIM NO. 9449**


APPEARANCES:

JENNER & BLOCK LLP
Attorneys for the Debtors
One IBM Plaza
Chicago, IL 60611

  Matt D. Basil, Esq.
    Of Counsel

HARRIS BEACH LLP
Attorneys for Teleserve Systems, Inc.
One Park Place
300 South State Street
Syracuse, NY 13202

  Lee E. Woodard, Esq.
    Of Counsel

ARTHUR J. GONZALEZ
United States Bankruptcy Judge


   Teleserve Systems, Inc., ("TSI") filed a proof of claim based on an arbitration award. The Debtors (interchangeably "MCI," "WorldCom" or "the Debtors") object and request the Court to reduce the award, arguing that the arbitrators miscalculated it. A federal court's review of an arbitral award is "highly constrained." *Wallace v. Buttar*,

378 F.3d 182, 183 (2d Cir. 2004). Under this strict standard, the Debtors' objection is denied.

## JURISDICTION

The Court has subject matter jurisdiction over this proceeding pursuant to sections 1334 and 157(b) of title 28 of the United States Code, under the July 10, 1984 "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), and paragraph 32 of this Court's Order Confirming Debtors' Modified Second Amended Joint Plan of Reorganization under chapter 11 of title 11 of the United States Code (Oct. 31, 2003). The Court has jurisdiction over "core proceedings," including "matters concerning the administration of the estate" and "allowance or disallowance of claims against the estate." 28 U.S.C. § 157(b)(2)(A), (B) (2000).

TSI argues that under the Federal Arbitration Act ("FAA") proper venue can only be in the United States District Court for the Northern District of New York. TSI's argument lacks merit because the venue provisions of the FAA are permissive, not restrictive. *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195 (2000). Venue is properly before this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code.

## FACTS

From the early 1990s, TSI, as an independent contractor, sold long-distance products and services offered by MCI. Legal disputes between TSI and MCI began in the mid-1990s, leading in 1996 to the termination of the parties' agreements and the end of TSI's business.

2

In March 2000, the parties submitted their disputes to a judicially selected three-arbitrator panel. The panel dismissed TSI's claim for punitive damages and split the proceeding into liability and damage phases. TSI's remaining claims included breach of contract, tortious breach of contract, negligent misrepresentation, tortious interference with contract, and tortious interference with prospective business relations.

On June 27, 2001, the panel held MCI liable on the breach of contract count, but decided in MCI's favor on all of TSI's other claims. Debtors' Supplemental Objection to Teleserve Systems, Inc.'s Proof of Claim Nos. 9449 and 9450 and Objection to Proof of Claim No. 36920, Ex. B. A year later, the arbitrators awarded to TSI roughly $6 million in damages. Debtors' Supplemental Objection, Ex. C. Both parties filed with the panel applications to correct alleged errors in the calculation of damages. MCI argued that the award should be reduced to approximately $1.3 million, TSI that it should be increased to close to $9 million.

The applications to correct were pending when the Debtors filed for bankruptcy in 2002. TSI timely filed claims Nos. 9449 and 9450 based on the arbitration award. The Debtors objected, arguing that the Court should vacate, or at least modify, the award and disallow the claims. The Court lifted the automatic stay to allow the panel to decide the applications to correct, but refused to lift it for confirmation of the award in state court. *In re WorldCom, Inc.*, No. 02-13533 (Bankr. S.D.N.Y. Dec. 12, 2003; Jan. 30, 2004) (order lifting stay; order denying lift of stay). The panel issued its final award on May 12, 2004, increasing it slightly in favor of TSI. Debtors' Supplemental Objection, Ex. H.

On December 18, 2003, TSI submitted to the Court an application for Class 6A MCI Pre-Merger Claim status. *See* Debtors' Modified Second Amended Joint Plan of

3

Reorganization, ¶ 1.79; Debtors' Supplemental Objection, Ex. A. Although not a proof of claim, the application was assigned claim number 36920.

A hearing was held regarding the Debtors' objection to TSI's claims on January 18, 2005. At the hearing, MCI's counsel told the Court that the parties stipulated to expungement of claims 9450 and 36920, thus leaving claim 9449 as the sole remaining claim.[1] Transcript of Oral Argument at 3-4, *In re WorldCom, Inc.*, No. 02-13533 (Bankr. S.D.N.Y. Jan. 18, 2005). The stipulation is "without prejudice to TSI's rights to seek claim 6(a) status under the Debtors' operative plan of reorganization and MCI's ability of challenge to TSI's efforts to get class 6(a) status." Tr. at 4.

## DISCUSSION

*Parties' Contentions*

MCI's objection contains numerous arguments with a variety of legal bases, including the following: release and merger clause and liability limitation clause of the parties' agreements; assumption of risk; necessary elements of a breach of contract claim; absence of disclosure duty; absence of breach of implied duty of good faith and fair dealing; inadmissibility and lack of credibility of expert witnesses; insufficient proof of causation and damages; disregard of evidence and "market realities;" noncompliance with applicable law and the Commercial Rules of the American Arbitration Association; and errors in the computation of damages and interest. *See* Debtors' Objection to Proofs of Claim of Teleserve Systems, Inc., Claim Nos. 9449 and 9450.

---

[1] The stipulation makes MCI's argument that TSI's proof of claim No. 36920 suffers from procedural deficiencies moot.

MCI, however, does not develop its arguments, except for the contention that the arbitrators miscalculated damages in violation of New York law.[2] *See* Debtors' Supplemental Objection. MCI claims that the panel refused to admit a calculation error that led to an excessive award. MCI emphasizes that both MCI and TSI have acknowledged the error. Debtors' Supplemental Objection, ¶ 23.

MCI asserts that the panel underestimated payments made by TSI to its subagents and phone owners, and that these payments constitute expenses to be subtracted from TSI's commissions. MCI explains that the arbitrators mistakenly used "TSI's portion of the total commissionable revenue, rather than…the total commissionable revenue[]" to calculate those expenses, thus "grossly inflat[ing] the Panel's damages award to TSI." Debtors' Supplemental Objection, ¶ 19. MCI argues that the panel thus violated applicable state law, which limits the amount of damages to what TSI would have received had the parties' contracts been fully performed.

In response, TSI argues that the doctrines of claim and issue preclusion bar MCI's objection. TSI further contends that the arbitral award should not be vacated under sections 10 and 11 of the FAA or under the judicial doctrine of manifest disregard of the law because MCI has failed to show the existence of a well defined, explicit, clearly applicable rule that the arbitrators consciously disregarded. *See Wallace*, 378 F.3d at 189. Moreover, TSI points to the amount and complexity of the evidence submitted to the arbitrators to determine damages, and reproaches MCI with simplifying excessively the issue of damage calculation.

*Analysis*

---

[2] The parties' agreements provided that they were subject to New York law. Debtors' Supplemental Objection, Ex. C at 394.

5

TSI's reliance on the doctrines of claim and issue preclusion is misplaced. The rules permitting court review of an arbitral award under the FAA provide the applicable analytical framework.

Bankruptcy courts can review arbitral awards under the FAA. *See, e.g., In re HBLS L.P.*, 272 B.R. 390 (Bankr. S.D.N.Y. 2000). A federal court must grant an arbitral award "great deference." *Wallace*, 378 F.3d at 189. To justify vacating the arbitration award, MCI "bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." *Id.* at 189 (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003)). FAA §§10-11 and the judicial doctrine of manifest disregard of the law provide limited grounds for vacatur. MCI cannot successfully use any of these grounds in the instant matter.

**FAA § 10**

Section 10(a) provides the following grounds for vacating an arbitral award:

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

6

9 U.S.C. § 10(a) (2000).

MCI seeks to avail itself of § 10(a)(4), which has been "consistently accorded the narrowest of readings…, especially where that language has been invoked in the context of arbitrators' alleged failure to correctly decide a question which all concede to have been properly submitted in the first instance." *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 220 (quoting *Andros Compania Maritima v. March Rich & Co.*, 579 F.2d 691, 703 (2d Cir. 1978)). The inquiry "under § 10(a)(4) thus focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." *Id.* (quoting *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 824 (2d Cir. 1997)).

MCI does not deny that the parties properly submitted their disputes to the panel, nor that the arbitrators had the power to decide the issues presented to them. MCI's argument that the arbitrators violated New York law is inapposite under FAA § 10(a)(4) because "[s]ection 10(a)(4) does not permit vacatur for legal errors." *Id.*

**FAA § 11**

Section 11 sets forth the following bases upon which an arbitral decision may be vacated:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration--
>
> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

7

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11 (2000).

MCI urges the Court to modify the arbitral award under § 11(a), which requires "an evident material miscalculation." A miscalculation is "evident" if it appears on the face of the award. *Apex Plumbing Supply v. U.S. Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1998) (citing *Hough v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 757 F. Supp. 283, 288) (S.D.N.Y. 1991), *aff'd without opinion*, 946 F.2d 883 (2d Cir. 1991)). According to this standard, the mistake alleged by MCI may be material in amount, but is not evident.

In MCI's own words, to determine damages, "[d]uring seven days of hearing…, the Panel heard live testimony from fifteen fact and expert witnesses, received into evidence the declaration testimony of seven additional witnesses, received into evidence excerpts of several witnesses' previous testimony elicited during the liability phase hearing, and received over 100 exhibits into evidence." Debtors' Supplemental Objection, ¶ 14. To reach its unanimous, 429-page decision, the panel examined the parties' agreements, including the provisions setting forth "in great detail the way commission should be paid." Debtors' Supplemental Objection, Ex. C at 394. The panel also took notice of the limitation of liability clause. Id. at 394-95. Later presented with the miscalculation argument that MCI now submits to this Court, the panel confirmed its decision, only admitting and correcting a slight error. Debtors' Supplemental Objection, Ex. H.

8

In sum, the panel examined a great quantity of complex information from both sides to reach a final decision, thus precluding a finding of "evident" mistake.

MCI carves out statements by TSI and one of TSI's experts in order to claim that MCI and TSI admit the same error. The Court notes, however, that TSI's application to correct mentioned other errors and that TSI's computations led to a request to increase damages, not reduce them. Debtors' Supplemental Objection, Ex. E. Again, calculating damages was no easy task and could lead to quite different results depending on the computation method. Therefore, MCI cannot successfully request vacatur under § 11(a).

**Manifest Disregard of the Law**

Manifest disregard of the law, a judicially created doctrine, can also provide grounds on which to vacate an arbitral decision. *Wallace*, 378 F.3d at 189 (quoting *Goldman v. Architectural Iron Co.*, 306 F.3d 1214, 1216 (2d Cir. 2002)). As "a doctrine of last resort…[,] its use is limited only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply." *Id.* (quoting *Duferco*).

The Second Circuit has used the doctrine "only in the most egregious instances of misapplication of legal principles" to vacate an arbitral decision. *Id.* at 190-91 (discussing *New York Tel. Co. v. Commc'ns Workers of America Local 1100*, 256 F.3d 89 (2d Cir. 2001) (explicit rejection of controlling precedent); *Hardy v. Walsh Manning Securities, L.L.C.*, 341 F.3d 126 (2d Cir. 2003) (award containing a logical impossibility)). Such instances occur rarely: "since 1960 [this Court has] vacated some part or all of an arbitral award for manifest disregard in…four out of at least 48 cases where we applied the standard." *Id.* at 191 (quoting *Duferco*).

9

Under this doctrine, an arbitral decision may be vacated "only if a reviewing court…finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Id.* at 189 (quoting *Banco de Seguros del Estado v. Mutual Marine Office, Inc.* 344 F.3d 255, 263) (internal quotation marks omitted).

MCI contends that the arbitrator manifestly disregarded New York contract law, which generally requires sufficient proof of causation and damages and limits recovery to the benefit of the bargain. The Second Circuit refuses to "find manifest disregard of the law where an arbitral award rests on the application of an unclear rule of law to a complex factual situation." *GMS Group v. Benderson*, 326 F.3d 75, 82 (2d Cir. 2003) (quoting *Goldman*) (internal quotation marks omitted). "[M]isapplication of an ambiguous law does not constitute manifest disregard." *Duferco*, 333 F.3d at 390.

The arbitrators were aware of the legal principles to which MCI refers and applied them. Debtors' Supplemental Objection, Ex. C at 397-99. Given the vagueness of these legal principles, which amount to no more than basic contract law, MCI appears to challenge how the panel applied them, and does not argue that the arbitrators refused to apply them or ignored them altogether. Therefore, none of the two prongs of the applicable test are satisfied: the arbitrators did not consciously disregard well defined, explicit, and clearly applicable law.

Mere "errors of law and fact are not grounds for vacating an arbitral award…." *Sanders v. Gardner*, 7 F. Supp. 2d 151, 163 (E.D.N.Y. 1998) (citing *Edward M. Siegel v. Titan Indus. Corp.*, 779 F.2d 891, 892-93 (2d Cir. 1985)). To the extent MCI challenges

the arbitrators' application of other contract provisions or legal principles, such as, *inter alia*, assumption of risk, duty to disclose, or implied duty of good faith and fair dealing, MCI has not demonstrated that the arbitrators acted in manifest disregard of the law.

"To the extent that a federal court may look upon the evidentiary record of an arbitration proceeding at all, it may do so only for the purpose of discerning whether a colorable basis exists for the panel's award so as to assure that the award cannot be said to be the result of the panel's manifest disregard of the law.  A federal court may not conduct a reassessment of the evidentiary record…upon the principle that an arbitral award may be vacated when it runs contrary to strong evidence favoring the party bringing the motion to vacate the award."  *Wallace*, 378 F.3d at 193 (quoting and criticizing district court's decision) (internal quotation marks omitted).  Therefore, MCI's arguments challenging the panel's assessment of the evidence are to no avail.

## CONCLUSION

The Debtors' objection is denied.  TSI shall settle an order consistent with this opinion.

Dated: New York, New York
       April 17, 2006

                                                  **s/Arthur J. Gonzalez**
                                                   UNITED STATES BANKRUPTCY JUDGE