UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

Not For Publication

---

In re                        : Chapter 11

WORLDCOM, INC., *et al.*,    : Case No. 02-13533 (AJG)
                             : Jointly Administered
      Reorganized Debtor.   : (Confirmed Case)

---

# OPINION REGARDING MOTION FOR RECONSIDERATION
## OF JULY 26, 2005 ORDER

A P P E A R A N C E S:

WEIL, GOTSHAL & MANGES  
Attorneys for the Reorganized Debtor  
700 Louisiana, Suite 1600  
Houston, TX 77002  
      James T. Grogan, III, Esq.  
           Of Counsel

KEITH MAYDAK  
Pro se Claimant

ARTHUR J. GONZALEZ  
United States Bankruptcy Judge

      Mr. Keith Maydak ("Maydak") requests that this Court reconsider an order entered on July 26, 2005 (the "Order") sustaining the Debtor's Forty-Second Omnibus Objections to Proofs of Claim (the "Objection") as to proofs of claim numbers 5444, 9164 and 9434 (the "Claims"). The basis of the Objection was that the claims listed therein were paid, resolved, settled and/or satisfied. Maydak now argues that the Claims were not paid, resolved, settled and/or satisfied and as a result the Court should reconsider the Order expunging the Claims.

## I. Jurisdiction

The Court has subject matter jurisdiction under sections 1334(b) and 157(a) of title 28 of the United States Code and under the July 10, 1984 "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.). This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code.

## II. Background

### A. Debtor's Background

On July 21, 2002 (the "Commencement Date") and November 8, 2002, WorldCom, Inc.[1] and certain of its direct and indirect subsidiaries, including MCI, (collectively, the "Debtor") commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By orders dated July 22, 2002 and November 12, 2002, the Debtor's chapter 11 cases were consolidated for procedural purposes. During the chapter 11 cases, the Debtor had been operating its businesses and managed its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 29, 2002, the United States Trustee formed the Official Committee of Unsecured Creditors of the Debtor.

By order dated October 29, 2002, this Court established January 23, 2003 as the deadline for the filing of a proof of claim against the Debtor (the "Bar Date"). By order dated October 31, 2003, the Court confirmed the Debtor's Modified Second Amended Joint Plan of Reorganization (the "Plan"). The Plan became effective on April 20, 2004 ("Effective Date"). Upon the

---

[1] The Claims at issue in this case relate to transactions between Maydak and MCI, one of Debtor WorldCom's subsidiaries. The Court will use the term "Debtor" or "MCI" when making reference to MCI.

2

Effective Date, the Debtor became MCI, Inc. On January 6, 2006, Verizon Communications, Inc. and MCI, Inc. merged.

**B. The Claims**

Two of the Claims, numbers 9164 and 9434, filed in January 2003, relate to Maydak's allegations that the Debtor violated certain federal statutes. The third of the Claims, number 5444, filed in December 2002, relates to a prepetition sales promotion wherein the Debtor offered new customers a $50.00 long distance credit in the form of a certificate. The certificate specified that it was not redeemable for cash, and could only be used to offset long distance charges. In addition, the promotion provided that the Debtor would pay a $5.00 switching fee directly to the new customer's local carrier on its behalf. The switching fee represents the typical amount that a local carrier would charge a customer for switching its long distance carrier.

Maydak opened 1,000 separate long distance accounts with the Debtor under various names. The underlying basis for claim number 5444 is that Maydak believes that under the promotion he is entitled to payments from the Debtor for each of the new accounts he opened, equaling $55,000.00 ($50.00 per account for long distance credit, plus $5.00 per account for switching fee credit, times 1,000 accounts).

In October 2004, the Debtor filed the Objection, where the Debtor asserted that the Claims had been "paid, resolved, settled, and/or satisfied." Further, the Debtor therein noted that they "reserve their right to object to such proofs of claim on other grounds at a later date" should the Claims therein identified not be expunged or disallowed in their entirety. No objection to the Debtor's reservation of rights, referenced above, has ever been asserted.

3

Maydak, in October 2004, prior to the hearing regarding the Claims, filed affidavits with the Court in opposition to the Objection, specifically regarding claim numbers 5444 and 9434. Both affidavits contained identical language and asserted that the Debtor had not, "paid, resolved, settled nor satisfied" either claim. Apparently, Maydak did not file an affidavit regarding claim number 9164. The affidavits were entered on the docket on November 5, 2004 and hereinafter will be referred to as the "Response." However, possibly because a copy was not provided to Chambers and one was not served upon the Debtor, the Court was not aware, at the time of the hearing referenced to below, of the Response to the Objection.

On July 26, 2005, a hearing was held on the Objection. Maydak did not appear at the hearing, neither in person nor by telephone.[2] The Court, unaware of the Response, granted the Debtor's request and expunged the Claims on the bases set forth in the Objection.

On August 5, 2005, Maydak filed a motion for reconsideration of the Order ("Motion for Reconsideration"). The Motion for Reconsideration was entered on the docket on August 31, 2005. In addition, on October 25, 2005, Maydak filed a Motion to Compel Responses to Discovery ("Discovery Motion"), which was entered on the docket on December 13, 2005. The Discovery Motion sought to establish that the Objection, based on Debtor's assertions that the claims were paid, resolved, settled and/or satisfied, was inaccurate.

Maydak did not select a hearing date in accordance with the Case Management Order for this case. Ultimately, the Court scheduled the hearing for December 13, 2005. On December 8, 2005, Debtor filed its objection to the Motion for Reconsideration, containing therein the Debtor's substantive objections to the Claims ("Subsequent Objection").

---

[2] Maydak later stated that he was unable to appear because he was "detained."

4

On January 31, 2006, having been adjourned from the originally scheduled date to arrange for Maydak's telephonic appearance, a hearing was held where the Debtor participated in person and Maydak participated by telephone.

### III. Discussion

#### A. Motion for Reconsideration

The Court has the authority to reconsider a claim that was previously disallowed under 11 U.S.C. 502(j). This Court, in a previous opinion, set out the factors that apply to a motion under 502(j). *In re Enron*, 325 B.R. 114, 118 (Bankr. S.D.N.Y. 2005). "These factors include (1) whether the failure to respond was willful, (2) whether the movant had a legally supportable defense and (3) the amount of prejudice that the non-movant would incur if the court granted the motion." *Id.*

The first factor the Court must consider is whether Maydak willfully failed to respond to the Objection. Willful conduct requires more than mere negligence or carelessness on the part of a movant. *Id.* In the context of a failure to respond to a claim, the key issue is whether the claimant made a conscious decision to allow a hearing to go forward without response. *Id.* Regarding claim numbers 9434 and 5444, Maydak did in fact respond to the Objection. Maydak filed affidavits, prior to the initial hearing expunging the Claims, which asserted that the claim numbers 9434 and 5444 were not resolved. Apparently, the Debtor was not furnished with the Response and proceeded at the hearing as if the Response was not filed. While Maydak did not attend the hearing, he did respond with respect to claim numbers 9434 and 5444. Regarding claim number 9164, there was no response docketed by the Court but the record does not support a finding that such failure to respond was willful. It is clear from the Response that Maydak

5

intended to oppose the relief sought by Debtor with respect to all three of the Claims. Therefore, based upon the foregoing, the first factor of the test is satisfied.

The Court now focuses on the second factor of the test, whether Maydak has a legally supportable defense to the Objection. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins., Co. v. Eagle Ins. Co.*, 92 F. 3d 57, 59 (2d Cir. 1996). A movant's defense is not required to be "ultimately persuasive at this stage." *Id*. Applied to the instant case, Maydak would simply have to demonstrate whether the Claims were actually resolved, settled or satisfied, as asserted by the Debtor in the Objection. The Response sufficiently demonstrates that claim numbers 5444 and 9434 were not actually paid, resolved, settled and/or satisfied. In addition, in the Motion for Reconsideration, Maydak asserts that the Debtor never resolved claim number 9164. These assertions are sufficient to refute the basis upon which the Objection was premised. Therefore, based upon the foregoing, the second factor of the test is satisfied.

The third factor the Court must consider is the amount of prejudice that the granting of the Motion for Reconsideration would cause the Debtor. *Id*. The Debtor, in indicating that the Claims were paid, resolved, settled and/or satisfied, made the initial error and has provided no basis for such error. There is no harm to the Debtor, the cause of which was in part attributable to it, as well as to the Court, in not realizing that the Response was filed. Although Maydak was partially responsible for the Debtor and the Court proceeding as if no response was filed to the Objections, the Response was timely filed and should have been considered by the Court. Further, the Debtor is not prejudiced here because it is only confronted with the obligation to dispute the Claims, an obligation it faced before the Claims were expunged, and no additional obligation or harm has been established. Therefore, the third factor of the test is also satisfied.

6

Therefore, based upon the foregoing, the Order granting the Objection should be vacated and the Claims should be restored to the claims registry.

## B. Motion for Discovery

Shortly following the Motion for Reconsideration, Maydak filed the Discovery Motion asking the Court to issue an order compelling the Debtor to respond to Maydak's discovery requests regarding the Order. Maydak seeks discovery to compel Debtor to produce records of how the Claims were paid or otherwise resolved as Debtor asserted in the Objection. However, in granting the Motion for Reconsideration, the Court has found that the Claims should be reinstated. Therefore, the discovery that Maydak seeks is not necessary and is moot.

## C. Subsequent Objection

In the Subsequent Objection, the Debtor has raised numerous legal and factual reasons to expunge the Claims including the alleged fraudulent activities of Maydak. The Court is mindful that it could be argued that Maydak had sufficient opportunity to respond to the Subsequent Objection at the January 31, 2006 hearing and that the Court could rule at this time. However, the Court finds, considering the lack of clarity in the record as to whether the Subsequent Objection was addressed sufficiently in the context of the hearing regarding the Motion for Reconsideration, it would be appropriate to provide Maydak a specific period of time to respond to the Subsequent Objection. Therefore, the Court will grant Maydak until October 18, 2006 to file with the Court and serve upon the Debtor written legal argument and documentation to support the Claims. The Debtor will then have until November 17, 2006 to respond to the additional submission, if any. Thereafter, the Court will determine whether any further hearing is necessary for the resolution of the Claims before it renders a decision regarding the Claims based upon the Subsequent Objection.

## IV. Conclusion

Based upon the foregoing analysis, the Motion for Reconsideration is hereby granted, the Order granting Debtor's Objection is vacated, and the Claims are restored to the claims registry.

The Debtor should settle an order attaching a copy of, and consistent with, this opinion.

Dated: New York, New York
August 16, 2006

**s/Arthur J. Gonzalez**
UNITED STATES BANKRUPTCY JUDGE