UNITED STATES BANKRUPTCY COURT      For Publication
SOUTHERN DISTRICT OF NEW YORK

---

In re:      :      Chapter 11

WORLDCOM, INC., *et al.*,      :      Case No. 02-13533 (AJG)
     :      (Jointly Administered)
     Reorganized Debtors. :      (Confirmed)

---

## OPINION REGARDING MOTION BY FRANK DAVID SEINFELD FOR PERMISSION TO PROSECUTE STOCKHOLDER'S DERIVATIVE ACTION IN DISTRICT COURT AND THE SECOND CIRCUIT COURT OF APPEALS

APPEARANCES:

WEIL GOTSHAL & MANGES LLP
Attorneys for the Reorganized Debtors
767 Fifth Avenue
New York, NY 10153-0119

     Marcia L. Goldstein, Esq.
     Lori R. Fife, Esq.
     Alfredo R. Perez, Esq.
     Adam P. Strochak, Esq.
         Of Counsel


BALLON STOLL BADER & NADLER PC
Attorneys for Frank David Seinfeld
1450 Broadway
New York, NY 10018

     Chris Mularadelis, Esq.
     A. Arnold Gershon, Esq.
     Gloria Kui, Esq.
         Of Counsel


ARTHUR J. GONZALEZ
United States Bankruptcy Judge

Before the Court is the Motion by Frank David Seinfeld ("Seinfeld") for Permission to Prosecute Stockholder's Derivative Action in District Court and the Second Circuit Court of Appeals (the "Motion"). The Motion was filed pursuant to a decision of the United States Court of Appeals for the Second Circuit, which held that "Seinfeld is precluded from asserting a derivative action…without first bringing a proceeding in the bankruptcy court." *Seinfeld v. Allen*, 169 Fed. App'x. 47, 50 (2d Cir. 2006). The Second Circuit decision affirmed dismissal of Seinfeld's derivative action by the United States District Court for the Southern District of New York. *See Seinfeld v. Allen*, No. 02 Civ. 5018, 2005 U.S. Dist. LEXIS 9855 (S.D.N.Y. May 25, 2005).

The Court concludes that the Debtors' Modified Second Amended Joint Plan of Reorganization (the "Plan"), approved by the Court on October 31, 2003, and effective on April 20, 2004, precludes Seinfeld's derivative action. The Motion is therefore denied.

## BACKGROUND

Relevant facts and procedural events are summarized in the *Seinfeld* Second Circuit decision and the affirmed *Seinfeld* District Court decision. 169 Fed. App'x at 48; 2005 U.S. Dist. LEXIS 9855, at *1-6. Verizon Communications, Inc. ("Verizon"), completed its merger with MCI, Inc. ("MCI"), the Reorganized Debtors, on January 6, 2006.

Seinfeld has so far unsuccessfully attempted to pursue derivative claims against WorldCom, Inc. ("WorldCom" or the "Debtors")'s former directors and Bank of America for breach of fiduciary duty. The Second Circuit held that "[a]bsent an order of the bankruptcy court allowing Seinfeld to pursue [the] claims on the corporation's behalf, the

2

right to bring this action remains with the reorganized debtor MCI, Inc. for the duration of the Chapter 11 proceedings." 169 Fed. App'x at 50. Accordingly, Seinfeld seeks permission of the Court to prosecute a stockholder's derivative action on behalf of the Reorganized Debtors (Tr. 11:24-12:1) against WorldCom's former directors and Bank of America. The Reorganized Debtors oppose the Motion (the "Objection"). A hearing was held on June 6, 2006.

## DISCUSSION

*Parties' Contentions*

Seinfeld asserts that he filed the Motion "as a cautionary measure" (Motion p. 4) pursuant to the *Seinfeld* Second Circuit decision although he believes that permission of the Court to initiate the claims is unnecessary. He claims to have a right to be heard by the Court under section 1109(b) of title 11 of the United States Code and that the Motion should not warrant sanctions against him under Federal Rule of Bankruptcy Procedure 9011.

Seinfeld contends that, although he demanded that the Reorganized Debtors pursue the claims, they only sued the former Chief Executive Officer, Bernard J. Ebbers, and did not include other former directors and Bank of America as defendants. Seinfeld deems the Reorganized Debtors' action against Mr. Ebbers insufficient and therefore argues that he should be permitted to prosecute the claims against the defendants not included by the Reorganized Debtors.

In response, the Reorganized Debtors argue that the Motion should be denied "because: (1) the right to pursue claims on behalf of WorldCom belongs exclusively to the Reorganized Debtors under the Plan; (2) the Plan's injunctive provisions bar former

3

WorldCom stockholders from pursuing derivative actions on its behalf; and (3) Seinfeld released any right he has to pursue derivative litigation against the defendants by failing to opt out of the class action settlement approved by Judge Cote in the WorldCom Securities Litigation.[1]"  (Objection ¶ 1.)

*Jurisdiction*

Generally, "[o]nce the bankruptcy court confirms a plan of reorganization, the [reorganized] debtor may go about its business without further supervision or approval." *Penthouse Media Group v. Guccione (In re Gen. Media, Inc.)*, 335 B.R. 66, 73 (Bankr. S.D.N.Y. 2005) (quoting *Pettibone Corp. v. Easley*, 935 F.2d 120, 122 (7th Cir. 1991)). However, a bankruptcy court has post-confirmation jurisdiction if two requirements are met. *Id.*  "First, the matter must have a 'close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of the confirmed plan….'"  *Id.* (quoting *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 168-169 (3rd Cir. 2004)). "Second, the plan must provide for the retention of jurisdiction over the dispute."  *Id.* at 73-74 (citing *Hosp. And Univ. Prop Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 7 F.3d 32, 34 (2d Cir. 1993)).

Both requirements are met in the instant matter.  Determining whether Seinfeld's derivative action may proceed requires implementing the provisions of the Plan.  Further, the Plan preserves the jurisdiction of the Court when implementation of its provisions is at issue.  (Plan ¶ 12.01(b), (e), (h), (i).)

Therefore, the Court has jurisdiction to entertain the Motion.

---

[1] *See In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 2319118 (S.D.N.Y. Sept. 21, 2005).

*Seinfeld's Derivative Action*

Seinfeld's right to be heard under section 1109(b) of title 11 of the United States Code is not in dispute. Seinfeld preemptively argues against sanctions under Federal Rule of Bankruptcy Procedure 9011 (Motion p. 4-5), but his concern has no basis as no sanctions have been requested against him. Therefore, the Court will not address that issue.

After the initial bankruptcy petition, a stockholder may assert the debtor's claims under limited circumstances. *Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129, 131 (2d Cir. 1984). "For example, the trustee may abandon a particular claim…. Also, the bankruptcy court may order the trustee to abandon a claim.… [O]ne remedy available…[is] to petition the bankruptcy court to compel the trustee to either bring suit or abandon the claim." *Id.* at 131-32 (citations omitted).

There is no evidence that the Debtors, who had the powers of a trustee as debtors-in-possession, decided to abandon, before confirmation of the Plan, the claims that Seinfeld wishes to assert on behalf of the Reorganized Debtors. *See* 11 U.S.C. § 1107(a) (2000). Nor did Seinfeld request the Court to compel the Debtors to bring suit or abandon the claims before confirmation of the Plan. In fact, the Debtors made sure that, under the Plan, the claims at issue would be vested in the Reorganized Debtors. (Plan ¶ 10.08, 1.23.) If Seinfeld disagreed with the Reorganized Debtors' retention of the right to assert the claims, he should have objected before confirmation of the Plan. *First Union Commercial Corp. v. Nelson, Mullins, Riley, and Scarborough (In re Varat Enters., Inc.)*, 81 F.3d 1310, 1315 (4th Cir. 1996) ("[P]arties may be precluded from raising claims or

5

issues that they could have or should have raised before confirmation of a bankruptcy plan, but failed to do so.").

As the Second Circuit noted in *Seinfeld*, "the [P]lan is clear that the reorganized debtor MCI, Inc., not the individual stockholders, retains the right to bring legal action for its own benefit." 169 Fed. App'x. at 49 (citing Plan ¶ 10.08). The Reorganized Debtors did file suit against WorldCom's former Chief Executive Officer, Bernard J. Ebbers. *See MCI, Inc. v. Ebbers*, No. 04-03389 (Bankr. S.D.N.Y. filed July 9, 2004).

Granting the Motion now would impair the binding nature of the Plan. "Pursuant to 11 U.S.C. § 1141(a), all parties are bound by the terms of a confirmed plan of reorganization." *Id*. Seinfeld's derivative claims would "interfere with the implementation or consummation of the Plan" (Plan ¶ 10.04) and Seinfeld is therefore "permanently enjoined" (Id.) from asserting them.

In *Mitchell*, which involved a situation without any confirmed plan of reorganization, the court explained that proceedings related to an action by a shareholder on behalf of the debtor corporation, such as a motion to compel the trustee to pursue or abandon the action, "should take place, in the first instance, in the bankruptcy court." 734 F.2d at 132. Cases cited by Seinfeld also pertain to situations without a confirmed plan. (Motion p. 3-4) (citing *Knapp v. Seligson (In re Ira Haupt & Co.)*, 398 F.2d 607 (2d Cir.1968); *Adelphia Commc'ns Corp. v. Bank of America (In re Adelphia Commc'ns)*, 330 B.R. 364 (Bankr. S.D.N.Y. 2005)). Here, however, there is a confirmed plan of reorganization, which may not be modified after substantial consummation. 11

6

U.S.C. § 1127(b) (2000); *In re Rickel & Assocs., Inc.*, 260 B.R. 673, 677-678 (Bankr. S.D.N.Y. 2001). Substantial consummation is not in dispute.[2]

Thus, the Plan bars Seinfeld's derivative claims.

Furthermore, the Court notes that, basically, Seinfeld attempts to revive a shareholder's action on behalf of WorldCom, the Debtors, as a shareholder's action on behalf of MCI, the Reorganized Debtors. First of all, he cannot prosecute a shareholder's derivative action on behalf of WorldCom, as the cancellation of WorldCom shares under the Plan (Plan ¶¶ 4.11(b), 4.18(b), 10.02) prevents the required "continuation of shareholder status throughout litigation." *Grace Bros., Ltd. v. Farley Indus., Inc.*, 450 S.E.2d 814, 816 (Ga. 1994).[3]

As for suing on behalf of the Reorganized Debtors, Seinfeld asserted during oral argument (Tr. 9:18-10:14) that he satisfied this continuous shareholder status requirement because, Seinfeld said, the reorganization of WorldCom, a Georgia corporation, into MCI, a Delaware corporation, pursuant to the Plan, "is a change of form and not of substance" so that "[i]t is the same company under a new name and a new state of incorporation." Such an argument completely ignores the legal significance of the corporate changes undergone by WorldCom through the reorganization process under the

---

[2] "Substantial consummation" is defined by statute as

(A)   transfer of all or substantially all of the property proposed by the plan to be transferred;
(B)   assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
(C)   commencement of distribution under the plan.

11 U.S.C. § 1101(2) (2000). Substantial consummation is a question of fact. 7 *Collier on Bankruptcy* ¶ 1101.02[2] (Alan N. Resnick & Henry J. Sommer et al. eds., 15th ed. rev. 2006). Even if substantial consummation were not established, only the plan proponent or the reorganized debtor, not Seinfeld, could ask for a modification of the plan. 11 U.S.C. § 1127(b).

[3] Seinfeld filed his derivative action under Georgia law. 2005 U.S. Dist. LEXIS 9855, at *1-2.

7

supervision of the Court.  The fact that the causes of action were shareholder derivative actions in the hands of the Debtors does not mean that that derivative nature survived vesting in the Reorganized Debtors.  A corporate merger seriously endangers the survival of a shareholder's derivative standing.  *Grace Bros.*, 450 S.E.2d at 816 ("The law is well settled that a former shareholder in a merged corporation has no standing to maintain a shareholder's derivative action.") (interpreting Georgia statutory law); 2 David A. Drexler, Lewis S. Black Jr. & A. Gilchrist Sparks III, *Delaware Corporation Law and Practice* § 42.03[1] (Matthew Bender & Co. 2005) ("Where a stockholder's status as stockholder of the corporation on whose behalf he has sued is changed by merger, either prior to or after the commencement of suit, his standing to maintain the action is, as a general rule, extinguished if his stock is not converted into stock of the corporation which succeeds directly to the assets of the corporation on whose behalf suit was brought.")  Survival of Seinfeld's derivative standing is even more dubious under the circumstances of the instant matter where, among other things, the shares of the Debtors were cancelled (Plan ¶¶ 4.11(b), 4.18(b), 10.02), equity of the Debtors is to receive no distribution (Plan ¶¶ 4.11(b), 4.18(b)), and the Debtors' corporate entity merged into the Reorganized Debtors' corporation (Plan ¶ 5.05(c)).  Seinfeld's current interest as a shareholder of the Reorganized Debtors is not in dispute.  However, this current interest does not flow from Seinfeld's former interest as a shareholder of the Debtors.  Seinfeld's former and present positions as a shareholder, in the Debtors and the Reorganized Debtors, respectively, are independent.  Therefore, even if a shareholder of a merged entity can maintain continuous derivative standing under certain circumstances, 2 *Delaware Corporation*

8

*Law and Practice* § 42.03[1], the independent nature of Seinfeld's past and present interests provides no basis to confer such standing.

The Court need not decide whether settlement of the WorldCom Securities Litigation may additionally preclude Seinfeld's action as it is established that such action is barred by the Plan.

## CONCLUSION

The Motion is denied. The Reorganized Debtors shall settle an order consistent with this opinion.

Dated: New York, New York
September 26, 2006

**s/Arthur J. Gonzalez**
UNITED STATES BANKRUPTCY JUDGE
