UNITED STATES BANKRUPTCY COURT      Not For Publication
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                                           :

In re                                                         :          Chapter 11

WORLDCOM, INC., et al.,                  :          Case No. 02-13533 (AJG)

              Reorganized Debtors.         :          (Confirmed)

-----------------------------------------------------------x

## OPINION GRANTING THE DEBTORS'
## MOTION FOR SUMMARY JUDGMENT

**APPEARANCES**

Stinson Morrison Heckler LLP
Counsel for Debtors and Debtors in Possession
1201 Walnut Street
Suite 2800
Kansas City, MO 64106

        Mark A. Shaiken, Esq.
        Sara E. Welch, Esq.
            Of Counsel

Salvador Victa
*Pro Se*

ARTHUR J. GONZALEZ
United States Bankruptcy Judge

        Before the Court is the Debtors' Motion for Summary Judgment with Respect to Claim

Nos. 9507 and 11673 (the "Motion") filed by the claimant Salvador Victa ("Victa"). Claim No.

9507 asserts rights to payment in the amount of $15,616.40 for severance benefits and in

unspecified amounts for allegedly unpaid wages and for damages arising from Victa's allegedly

unlawful termination.  Claim No. 11673 asserts a right to payment in an unspecified amount for damages arising from a workplace injury.  The Debtors argue that no sums are due and claim that they are entitled as a matter of law to judgment in their favor.  The Motion being fully briefed and argued, and having reviewed the parties' submissions, including exhibits and the arguments at the hearing, the Court concludes that the Motion should be granted in its entirety.

On July 21, 2002, and continuing thereafter, WorldCom and certain of its direct and indirect domestic subsidiaries filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Court approved the Debtors' Modified Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the " Reorganization Plan") on October 31, 2003.  The Reorganization Plan became effective April 20, 2004 (the "Effective Date").  The Debtors, renamed MCI, Inc., subsequently merged with Verizon Communications, Inc., on January 6, 2006.  Under the merger agreement, MCI, Inc., merged with and into Eli Acquisition, LLC, as a direct, wholly owned subsidiary of Verizon Communications, Inc.  Eli Acquisition, LLC, as the surviving entity, was immediately renamed MCI, LLC.  MCI, LLC is now doing business as Verizon Business Global, LLC.

Victa filed four proofs of claim in this bankruptcy proceeding, Claims Nos. 9507, 9508, and 9509, filed on January 9, 2003, and Claim No. 11673, filed on January 16, 2003.  On May 5, 2003, the Court entered its Order Approving the Debtors' Second Omnibus Objection to Proofs of Claim (Claims Based on Ownership of Common Stock), which expunged, among other claims, Claim Nos. 9508 and 9509.  Docket No. 5532.  The Debtors subsequently filed their Twenty-Second Omnibus Objection to Proofs of Claim (Employee Related Claims) and their Twenty-Third Omnibus Objection to Proofs of Claim on August 4, 2004.  Docket Nos. 12228, 12229.  Victa filed his Response to those objections on August 16, 2004.  Docket No. 12385.  On

2

August 25, 2005, the Debtors filed the instant Motion. Docket No. 16865. Victa filed a letter in response on September 20, 2005. Docket No. 17455. The Debtors filed their reply on October 6, 2005. Docket No. 17309. A hearing was held on this matter on October 11, 2005. Docket No. 17975.

The Court concludes that Claim No. 11673 must be disallowed and expunged in full as representing previously released claims. The workplace injury for which Victa now asserts a right to payment was previously the subject of a settlement between Victa and the Debtors. *Memorandum in Support of Debtors' Motion* ("*Debtors' Memo*"), Docket No. 16866, Exhibit G. As part of that settlement, and in return for payment in the amount of $60,000, Victa agreed to release the Debtors from "all claims and causes of action, whether now known or ascertained, or which may hereafter arise or develop as a result of said injury…." *Id.* at 3. As Victa has not established, or even argued, that this release was unlawful, unjust, or otherwise improperly executed, the Court concludes that the claims asserted in Claim No. 11673 were released and that Claim No. 11673 should be disallowed and expunged in full.

The unpaid wages portion of Claim No. 9507 similarly must be disallowed and expunged. Victa asserts a right to payment for "standby" wages that Victa argues were unpaid during the duration of his employment. The Debtors' employees were entitled to "standby" wages under company policy for off-duty hours during which the employee was required to hold himself available to return to duty. *Debtors' Memo*, Exhibit I. Victa has not offered evidence, such as time records, identifying such standby hours worked and demonstrating the Debtors' failure to pay wages for such hours. Victa hints, however, that he was required at all times to carry a pager, be within forty miles of the work sites for which he was responsible, and be ready to respond to problems that may have arisen, and further suggests that he is due compensation

3

for standby hours in light of those more general requirements. Nonetheless, the Debtors have introduced uncontroverted evidence that the "standby" pay policy does not apply to the more general requirements Victa has identified; in particular, the "standby" pay policy specifically states that wearing a pager does not constitute being on standby. *Id.* Victa in addition references implied labor practices that he suggests the more general requirements violated, but fails to identify any such legal prohibitions or requirements that the Court could apply here. Accordingly, the Court concludes that Victa's claim for unpaid wages on the basis of the Debtors' "standby" pay policy should be disallowed and expunged.

The severance portion of Claim No. 9507 must also be disallowed and expunged. Victa asserts a right to payment for severance benefits in the amount of $15,616.40 on the basis of a severance offer the Debtors made upon Victa's termination. *Debtors' Memo*, Exhibit D. That severance offer was conditioned upon Victa's execution of a general release of all claims, including specifically age discrimination claims, related to Victa's employment with the Debtors. By the terms of the offer, execution must have been made within twenty-one days of the initial offer. However, Victa did not return the executed general release until January 2003, well after the expiration of the twenty-one day period.[1] *Debtors' Memo*, Exhibit F. Moreover, Victa had filed a complaint with the Equal Employment Opportunity Commission and the California Department of Fair Employment on May 11, 2001, prior to receiving the severance offer. *See Debtors' Memo*, Exhibit I. As that complaint asserted claims to which the release applied, execution of the release was necessarily conditioned on withdrawal of the complaint. Victa did not withdraw the complaint, and therefore, could not have effectively executed the release. As

---

[1] For reasons that are unexplained, the executed release was dated June 8, 2000, roughly one year *before* the severance offer was even made.

4

Victa has not identified any other source for his asserted right to severance benefits, the Court concludes that the severance portion of Claim No. 9507 should be disallowed and expunged.

Finally, the Court concludes that the unlawful termination portion of Claim No. 9507 must be disallowed and expunged. Victa claims that he was terminated in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*. On a motion for summary judgment, the Court is to apply the burden-shifting analysis set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 807 (1973), to analyze these claims. *See Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 48-49 (2d Cir. 2002) (ADA); *Schnable v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (ADEA). Under this analysis, the plaintiff first bears the initial burden of producing *prima facie* evidence of discrimination by showing (1) membership in the protected group, (2) qualification for the position, (3) adverse employment action, and (4) circumstances that give rise to an inference of discrimination. *McDonnell*, 411 U.S. at 802. The Court finds Victa has met this initial burden. Victa was terminated while temporarily disabled, and Victa has shown that he was terminated while an equally qualified, but younger, employee in the same position was retained.

The burden then shifts to the Debtors to "articulate a legitimate, clear, specific and non-discriminatory reason" for making its decision. *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir. 1995). The Court finds that the Debtors have in turn satisfied their burden of production. *See Debtors' Memo*, Exhibit I; *Debtors' Reply*, Docket No. 17309, Exhibit B. The Debtors have introduced evidence that Victa was terminated as part of a wider reduction in force. *Meng v. Ipanema Shoe Co.*, 73 F.Supp.2d 392, 398 (S.D.N.Y. 1998) ("Courts in this circuits have generally recognized reduction-in-force as sufficient evidence to rebut plaintiff's prima facie

5

showing."). The Debtors have also introduced evidence that the younger employee who was retained had received superior performance reviews. Finally, the Debtors have introduced evidence that a younger employee was terminated as part of the same reduction in force while other experienced employees were retained.

The burden is then on Victa to present sufficient evidence to show that the Debtors' proffered reasons are pretextual or that the Debtors were more likely motivated by discriminatory intent. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143-47 (2000); *Middletown*, 294 F.3d at 49. The Court finds that Victa has failed to raise a genuine issue of material fact as to these issues. *Schnabel*, 232 F.3d at 90-91. Victa has offered no evidence to establish that the Debtors' explanations are pretextual or to show a discriminatory intent. In the absence of such evidence, no reasonable trier of fact could conclude that Victa's termination was discriminatory. Accordingly, the Court concludes that the unlawful termination portion of Claim No. 9507 should be disallowed and expunged.

In light of the foregoing, the Court concludes that the Motion should be granted in its entirety. The Debtors are to settle an order consistent with this opinion.

Dated: New York, New York
       December 29, 2006

                                        **s/Arthur J. Gonzalez**
                                        UNITED STATES BANKRUPTCY JUDGE