UNITED STATES BANKRUPTCY COURT     Not For Publication
SOUTHERN DISTRICT OF NEW YORK

---

In re    :    Chapter 11

WORLDCOM, INC., *et al*.,    :    Case No. 02-13533 (AJG)

        Reorganized Debtors.    :    (Jointly Administered)

---

## OPINION REGARDING KENNEDY'S MOTION TO COMPEL
## PRODUCTION OF DOCUMENTS

A P P E A R A N C E S

STINSON MORRISON HECKER LLP
Special Counsel for Reorganized Debtors
1201 Walnut Street, Suite 2700
Kansas City, MO 64106

       Mark A. Shaiken, Esq.
       Sara E. Welch, Esq.

UNGARETTI & HARRIS, LLP
Attorneys for Kennedy & Associates, Inc.
3500 Three First National Plaza
Chicago, IL 60602

       Alex Pirogovsky, Esq.
       Dean J. Polales, Esq.

ARTHUR J. GONZALEZ
United States Bankruptcy Judge

## BACKGROUND

Before the Court is Kennedy and Associates, Inc.'s ("Kennedy") Motion to

Compel Production of Documents of WorldCom, Inc. (the "Debtors" or

"WorldCom"). The instant matter arises from Proof of Claim No. 23470 filed by

Kennedy (the "Proof of Claim").  The Debtors objected to the Proof of Claim in their Twenty-Second Omnibus Objection to Proofs of Claim (Employment Related Claims), dated August 4, 2004, on the grounds that (i) the Debtors had no liability for the Claim and their records reflected that they did not owe Kennedy any money, and (ii) Kennedy had not provided sufficient information to support the claim or permit the Debtors to evaluate it.  Kennedy responded by stating that their claim was based on a Benefits Consulting Service Agreement (the "Alleged Contract"), an unsigned version of which they had attached to their Proof of Claim.  Although the Debtors undoubtedly hired Kennedy to perform work for it regarding their employee benefits plans, the exact scope and nature of such work is disputed.

In connection with this dispute, Kennedy served eighty-three document requests on the Debtors.  The Debtors responded to some but to the vast majority of the document requests the Debtors raised various objections, such as they are "overly broad," have very little to do with Kennedy's contract claim, or are not reasonably calculated to lead to the discovery of admissible evidence.  On July 18, 2005, Kennedy filed its Motion to Compel Production of Documents ("Kennedy's Motion to Compel") under FED. R. CIV. P. 37 and FED. R. BANKR. P. 7037, after the parties conferred in an unsuccessful effort to secure disclosure without court action.  The Debtors filed their response on August 18, 2005, followed by Kennedy's reply on August 26, 2005.  On August 30, 2005, the Court held a hearing on Kennedy's Motion to Compel.  Moreover, on September 13, 2005, the Court held a hearing on Debtors' Motion for Order *Nunc Pro Tu*nc Rejecting the Agreement.  On February 28, 2006, the Court ruled in Kennedy's favor on the *nunc pro tunc* motion.  On December 28, 2006, Kennedy filed a further motion with a dual purpose – for the

2

Court to (i) set a date for ruling on Kennedy's Motion to Compel, and (ii) take notice of an opinion from the District Court of New Jersey.

*The Parties' Contentions Regarding Kennedy's Motion to Compel*

Kennedy believes that the Debtors resist producing the requested documents because the documents may reveal that the Debtors mishandled their employee benefit plans or breached their related duties under the Employee Retirement Income Security Act (ERISA). Further, Kennedy argues that many of the document requests will help it prove the existence of an agreement between Kennedy and the Debtors by showing the parties' course of performance. Also, Kennedy objects that the Debtors refuse certain document requests on relevance grounds, claiming that the Debtors cannot decide that their interpretation of the Alleged Contract is correct and then deny Kennedy the right to substantiate its position.

Debtors argue that eighty-three requests for documents are an excessive amount and baffling in a contract dispute. Debtors state that some document requests "appear to be directed towards some ERISA cause of action, which Kennedy clearly has no standing to assert." The Debtors state that Kennedy, by its allegations that the Debtors have failed to discharge their ERISA duties, is attempting to divert the Court's attention from the issue of whether or not a contract existed between the Debtors and Kennedy. Further, the Debtors claim that responding to the document requests would present an enormous and undue burden because of, among other reasons, the breadth of information requested and that many of the requests relate to benefit plans no longer in effect, maintained in an office since closed, and worked on by employees no longer employed by the debtors. Finally, given that many of the requested documents concern contractual damages under Kennedy's disputed theory

3

02-13533-mg    Doc 18742    Filed 02/27/07    Entered 02/27/07 10:59:13    Main Document
                                          Pg 4 of 9

that the Debtors were obligated to pay Kennedy for potential "savings" it identified regarding the Debtors' employee benefit plans even if the Debtors did not actually recover money identified in those "savings,"[1] the Debtors propose a bifurcation, whereby the Court would first decide whether an agreement existed between the Debtors and Kennedy. The Debtors argue that they should not be put to the burden of searching for documents that would be admissible as to damages under the Alleged Contract until the Court decides if an agreement actually exists.

## DISCUSSION

### A. <u>Legal Standards for Discovery</u>

The discovery permitted under the Federal Rules of Civil Procedure "is broad, but not without limits." *Jones v. Goord*, No. 95 CIV. 8026(GEL), 2002 WL 1007614, at *5 (S.D.N.Y. May 16, 2002). Under Rule 26, as amended in 2000, parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED.R.CIV.P. 26(b)(1). Rule 26 is made applicable to this proceeding by Federal Rule of Bankruptcy 7026. Prior to its amendment in 2000, Rule 26 authorized discovery as to any matter relevant to the subject matter of the case. *See, e.g., RLS Assocs., LLC v. United Bank of Kuwait*, No. 01 Civ. 1290CSHDF, 2003 WL 1563330, at *7 (S.D.N.Y. Mar. 26,

---

[1] The Debtors argue that even if the Debtors had signed the Alleged Contract, it contains no terms that contractually obligate the Debtors to pay Kennedy a percentage of monies that were not actually recovered. The Debtors point to testimony by Kennedy that it has never had a similar fee arrangement with any other company in almost twenty years of business. In the eighth (unnumbered) paragraph of the Alleged Contract, the compensation is envisioned as follows

> WorldCom, Inc. has contracted with Kennedy & Associates, Inc. to perform said services based upon a compensation agreement consisting of two elements:
> (1) a monthly retainer plus expenses, and
> (2) billings for one-half (50%) of the gross cost or expense reduction (savings) in the benefit plans for WorldCom, Inc. including reimbursements of overpayments under the various benefit plans.

2003). The amendment narrowed the scope of permissible discovery to ensure that the focus would be on the parties' claims and defenses. *See* FED.R.CIV.P. 26(b)(1) advisory committee's note ("The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action.").

"When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action." FED.R.CIV.P. 26(b)(1) advisory committee's note. The scope of discovery is limited by this type of action, as courts in contracts actions generally take a more restrictive approach to the determination of "relevant" information than in other types of cases. *See* 6 J. Moore et al., *Moore's Federal Practice* § 26.46[4] (3d ed. 2002). In addition, where necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," the Court may enter any protective order that is necessary, including "that the disclosure or discovery not be had." FED.R.CIV.P. 26(c)(1). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584 (1998); *see also Kunstler v. City of New York*, No. 04CIV1145(RWS)(MHD), 2006 WL 2516625, at *11 (S.D.N.Y. Aug. 29, 2006) (Rule 26 "gives the court broad discretion to tailor discovery to the needs of the case and the interests of the discovered party"); *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 102 (S.D.N.Y. 1997) (Rule 26 "directs a court to 'examine the burdens potentially to be borne by the various parties if the contemplated discovery is performed, and to limit such if it determines that the burdens or expenses of the discovery outweighs the benefits.'") (citation omitted).

If a party resists or objects to discovery, Rule 37 provides that the other party, "upon reasonable notice to other parties and all persons affected thereby, may apply

5

for an order compelling disclosure or discovery." FED.R.CIV.P. 37(a). Rule 37 is made applicable to this proceeding by Federal Rule of Bankruptcy 7037. A party may object to a discovery request if it is irrelevant, overly broad, or unduly burdensome. 8A Charles A. Wright, et al., *Federal Practice & Procedure* § 2174, at 297 (2d ed. 1994). To prevail on its objection, however, the objecting party must do more than simply intone the "familiar litany that the [requests] are burdensome, oppressive or overly broad." *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Where a party resists discovery of certain information, that party bears the burden to "clarify and explain precisely why its objections are proper." *Melendez v. Greiner*, No. 01 Civ.07888 SAS DF, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Id.* The court in deciding discovery issues is afforded broad discretion. *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004).

### B. Kennedy's Document Requests

After reviewing the specific document requests, the objections and arguments favoring production, as well as the underlying papers related to the Proof of Claim, the Court finds (1) that the Debtors should be compelled to produce certain documents as the requests concern the parties' course of performance and could conceivably help Kennedy establish the existence of an agreement, (2) that certain requests that relate to damages and do not relate to course of performance should be stayed, and (3) that the Debtors are excused from responding to certain document requests because they are not relevant to the parties' specific claims or defenses.

6

Regarding Document Requests Nos. 15, 16, 31, 32, 33, 34, 45, 80, 81, and 82, the Court finds that Kennedy's motion to compel should be granted, subject to the following extent. The Court finds that Document Requests Nos. 33, 34, 45, 80, 81, and 82 are overly broad and should be limited to correspondence that discussed Kennedy or its work for the Debtors.

The Court finds that some documents requests should be stayed because they relate to damages and or do not relate to course of performance that could evidence an agreement. A bifurcation is not necessary. Two related factors courts consider in whether to stay discovery are the breadth of discovery sought and the burden of responding to it. *See Anti-Monopoly, Inc v. Hasbro, Inc.*, No. 94 Civ. 2120 (LMM)(AJP), 1996 WL 101277, at *3 (S.D.N.Y. Mar. 7, 1996). Due to the broad scope of the discovery requests and considering the substantial burden the Debtors face in responding to these request as well as the interests of judicial efficiency and economy, the Court finds that certain document requests that relate, at best, to damages under the Alleged Contract are stayed until there is a determination that an agreement existed between the parties. *See Merex A.G. v. Fairchild Weston Sys., Inc.*, No. 85 Civ. 6596, 1996 WL 227826, at *6 (S.D.N.Y. May 3, 1996) (discussing with approval a previous stage of the litigation where "the Court had already limited discovery in this case to the issue of a written contract"). Therefore, the Court holds that Document Requests Nos. 10, 11, 12, 13, 20, 21, 22, 26, 27, 28, 37, 39, 48, 51, 53, 54, 55, 57, 58, 59, 61, 62, 64, 68, 69, 70, 73, 74, and 77 are accordingly stayed. The Court will reconsider the motion to compel these requests if it determines that an agreement exists.

Regarding Document Requests Nos. 29, 35, 36, 38, 40, 41, 44, 46, 47, 49, 50, 52, 56, 60, 65, 66, and 71, the Court finds that these requests, at best, may be tangentially related to the underlying "subject matter" of the action, but are not relevant to the parties' specific claims or defenses. The Court is not persuaded that their production would serve the reasonable needs of the Proof of Claim. Therefore, the Debtors need not produce these documents.[2]

### C. Kennedy's Judicial Notice Request

Kennedy has requested that the Court take judicial notice of *In re Insurance Brokerage Antitrust Litigation*, Nos. 04-5184 (FSH), 05-1079(FSH), 2006 WL 2850607 (D. N.J. Oct. 3, 2006), and the "issues raised therein," because the case, in which the court held that the plaintiffs had adequately pled fiduciary status under an ERISA claim to survive a motion to dismiss, "raises issues of breaches of fiduciary duty and ERISA violations similar to the ones material" to the current dispute. The Court sees no need to do so or to treat the decision any differently from any decision that the Court may chose to rely on.

---

[2] Although neither party has yet moved for sanctions under Rule 37, the Court rules that none would be granted under the circumstances. The Court has broad discretion in imposing sanctions under Rule 37. *See In re Teligent*, -- B.R. --, 2006 WL 3290942, at *14-15 (Bankr. S.D.N.Y. Nov. 13, 2006). In cases like this one, where the Court grants a motion to compel in part but denies it in part, the Court can decline to award fees "[i]n light of the additional time and expense that would be imposed upon both parties by offering them each an opportunity to be heard with respect to the imposition of costs - which is likely to work out to a 'wash' because each party would both receive and pay costs." *Tri-Star Pictures*, 171 F.R.D. at 103-04; *see also In re Teligent*, ("[i]f the court grants the motion [to compel] in part and denies the motion in part, the court may also apportion the expenses . . . [or] the Court may deny expenses to both parties."). The Court thus would deny expenses or an award of attorney fees to both parties. In making the determination to forestall any consideration of attorney fees or costs, the Court is mindful of "Rule 37's purpose of minimizing the resources which courts expend in resolving discovery disputes." *Tri-Star Pictures*, 171 F.R.D. at 104.

8

## CONCLUSION

Based upon the aforementioned, the Court grants Kennedy's Motion to Compel as to certain document requests, stays certain document requests, and excuses the Debtors from certain document requests. The parties are directed to submit an order consistent with this opinion and are directed to schedule a status conference with respect to continued proceedings.

Dated:  New York, New York
February 27, 2007

**s/Arthur J. Gonzalez**
UNITED STATES BANKRUPTCY JUDGE