**UNITED STATES BANKRUPTCY COURT**　　Not For Publication
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――――――
                                        :
In re                                   :   Chapter 11
                                        :
WORLDCOM, INC., *et al*.,                :   Case No. 02-13533 (AJG)
                                        :
            Reorganized Debtors.        :   (Confirmed)
―――――――――――――――――――――――――――――

**OPINION DENYING REORGANIZED DEBTORS SUMMARY JUDGMENT
MOTION WITH RESPECT TO CLAIM NO. 17053 FILED BY
JOSEPH A. PARDO TRUSTEE OF FPA CREDITORS
TRUST TO SET ASIDE DEFAULT JUDGMENT**

**APPEARANCES**

STINSON MORRISON HECKER LLP
Special Counsel to the Reorganized Debtors
1201 Walnut Street
Kansas City, MO 64106

　　　Mark A. Shaiken, Esq.
　　　Blake Pryor, Esq.
　　　Dennis Cross, Esq.
　　　Patricia A. Konopka, Esq.
　　　　　Of Counsel

RIKER DANZIG, SCHERER, HYLAND & PERRETTI LLP
Counsel to Joseph A. Pardo, Trustee of FPA Creditors Trust
Headquarters Plaza, 1 Speedwell Avenue
Morristown, NJ 07692

-and-

500 Fifth Avenue
Suite 4920
New York, New York 10110

　　　Courtney Schael, Esq.
　　　　　Of Counsel

ARTHUR J. GONZALEZ
United States Bankruptcy Judge

**I. INTRODUCTION**

Before the Court is the Motion of WorldCom, Inc., MCI Telecommunications Corp., and their subsidiaries (collectively, the "Debtors," or "WorldCom") for summary judgment with respect to proof of claim no. 17053 (the "Claim") filed by Joseph A. Pardo ("Pardo"), the trustee for the FPA Creditor Trust ("FPA"). The Claim is predicated upon a default judgment (the "Default Judgment") from a preference action against (the "Preference Action") against CompuServe Inc. ("CompuServe") that was issued by the Bankruptcy Court of Delaware (the "Delaware Court"). The Debtors argue that as a matter of law, the Default Judgment should be set aside because Pardo failed to properly serve CompuServe with the summons and complaint.

**II. JURIDICTION**

The Court has subject matter jurisdiction over this proceeding pursuant to sections 1334 and 157(b) of title 28 of the United States Code, the July 10, 1984 "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), and paragraph 32 of the Court's Order Confirming Debtors' Modified Second Amended Joint Plan of Reorganization under chapter 11 of title 11 of the United States Code. This matter is a core proceeding pursuant to section 157(b)(2)(B) of title 28 of the United States Code. Venue is proper

2

before the Court pursuant to sections 1408 and 1409 of title 28 of the United States Code. The Debtors cite case law and Pardo does not dispute that the Court has jurisdiction to set aside the Default Judgment. "[A] claim which has been reduced to judgment may nevertheless be challenged in the bankruptcy court on the ground that the rendering court lacked jurisdiction." *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 708 (8th Cir. 1979) (citing *Heiser v. Woodruff*, 327 U.S. 726, 736 (U.S. 1946).

### III. BACKGROUND

On July 21, 2002 (the "Commencement Date") and November 8, 2002, the Debtors commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By orders dated July 22, 2002 and November 12, 2002, the Debtors' chapter 11 cases were consolidated for procedural purposes.

By order dated October 29, 2002, the Court established January 23, 2003 as the deadline for the filing of proofs of claim against the Debtors (the "Bar Date"). By order dated October 31, 2003, the Court confirmed the Debtors' Modified Second Amended Joint Plan of Reorganization (the "Plan"). On April 20, 2004, the Plan became effective (the "Effective Date"). Upon the Effective Date, WorldCom changed its name to MCI, Inc. On January 6, 2006, Verizon Communications, Inc. and MCI merged. Under the merger agreement, MCI, Inc. merged with and into Eli Acquisition, LLC, as a direct, wholly owned subsidiary of Verizon Communications Inc. Eli Acquisition LLC, as the surviving entity, was immediately renamed MCI, LLC. MCI, LLC is now doing business as Verizon Business Global LLC.

On August 3, 2000, Pardo served a summons and complaint (the "Service") in the Preference Action on the CT Corporation ("CT"), as the registered agent for

3

CompuServe.  CT signed and returned the return receipt for the Service.  CompuServe failed to respond within 30 days.  On December 26, 2000, the Delaware Court issued a default judgment (the "Default Judgment") against CompuServe for $300,150.  On April 15, 2002, Pardo filed the Default Judgment with the United States Bankruptcy Court in the District of Ohio where CompuServe's principle place of business was located.  Pardo alleges that it notified CompuServe of the Default Judgment on several occasions prior to the filing of the Default Judgment.

The Debtors counter that at the time of the Service, CT was no longer a registered agent and, as such, the Delaware Court lacked personal jurisdiction over CompuServe.  The Debtors allege that by February 25, 1999 (at the latest), CompuServe withdrew CT's authorization to serve as their registered agent (the "Withdrawal").  The Debtors support this allegation with a certificate of withdrawal (the "Certificate of Withdrawal") from the Department of Consumer and Regulatory Affairs of the District of Columbia (the "DCRA").  The Debtors allege that at the time of the Service, CompuServe's agent was the Superintendent of Corporations of the District of Columbia (the "Superintendent").

In addition to Pardo's allegations regarding CompuServe's receipt of the Service through CT, Pardo alleges that CompuServe received the Service at MCI/WorldCom Inc's office in Washington (the "Washington Office").  Pardo alleges that CT forwarded the mail to the Washington Office.[1]  In support of Pardo's allegation that the Washington Office received service, Pardo has submitted the affirmation of Courtney A. Schael that CT forwarded the Service to the Washington Office.  WorldCom argues that CT did not

---

[1] The Debtors do not deny that the Washington Office was the registered agent to receive service of process for CompuServe.

4

forward the Service to the Washington Office, but rather forwarded Service to a CompuServe office in Ohio that was not authorized to accept service of process.

On or around January 16, 2003,[2] Pardo, filed proof the Claim in this proceeding seeking the Default Judgment, plus post judgment interest. WorldCom seeks summary judgment to set aside default judgment because the Debtors allege that CompuServe withdrew authorization from CT prior to the Service. Therefore, the Debtors argue that CompuServe never received proper service and, as such, the Delaware Court lacked personal jurisdiction over CompuServe. Pardo disputes that CT was no longer CompuServe's registered agent at the time of the Service. Further, Pardo argues that even if CompuServe revoked CT's authorization, the Service was valid because CT was still an agent and/or CompuServe received the Service from CT. In the alternative, Pardo argues that the Debtors cannot challenge the Service's validity because CompuServe failed to meet its duty to inform third parties (including Pardo) that it switched registered agents.

## IV. DISCUSSION

*Standard for Summary Judgment*

The basic principles governing a motion for summary judgment are well-settled. First, summary judgment may be granted only if the Court determines that there is no genuine issue of material fact to be tried and the moving party is therefore entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); Fed.R.Bankr.P. 7056; *see generally Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Second, the burden is upon the moving party to clearly establish the absence

---

[2] Pardo alleges that the Claim was filed on of around January 16, 2003. The Claim is stamped as being received January 21, 2003. For the purposes of the instant motion, this difference is not material.

5

of a genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Third, in considering such, the Court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the non-moving party. *Institute for Shipboard Educ. v. Cigna Worldwide Ins. Co.,* 22 F.3d 414, 418 (2d Cir. 1994). Fourth, the movant can meet its burden for summary judgment by showing that little or no evidence may be found to support the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Finally, if no reasonable jury could find in favor of the non-movant because evidence to support its case is slight, there is no genuine issue of material fact and a grant of summary judgment is proper. *See Gallo v. Prudential Residential Servs., Ltd. Partnership*, 22 F.3d 1219, 1224 (2d. Cir. 1994).

*Registered Agent*

As discussed, the Debtors allege that on the date of the Service, CT was no longer CompuServe's registered agent. As a result, the Debtors argue that the Default Judgment should be set aside pursuant to Rule 60 ("Rule 60") of the Federal Rules of Civil Procedure. Pardo alleges that CT was the registered agent at the time of the filing.[3] While Pardo has not specified how he determined at the time of the Service that CT was the registered agent, Pardo has introduced evidence that in 2005, CT was listed as CompuServe's registered agent on the DCRA and Westlaw websites.

As discussed, Pardo argues that even if CompuServe withdrew the authorization, CT was still an agent within the definition of Rule 7004 of the Federal Rules of

---

[3] Pardo challenges the validity of the evidence submitted by the Debtors regarding the Certificate of Withdrawal. As will be discussed, the Debtors have failed to prove that as a matter of law that CompuServe provided adequate notice of the Withdrawal. As such, for the purposes of the instant motion, it is not necessary for the Court to reach the evidentiary question regarding the Certificate of Withdrawal.

6

Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Rule 4 ("Rule 4") of the Federal Rules of Civil Procedure into the Bankruptcy Rules. Moreover, Pardo alleges that CompuServe received the Service in the Washington Office. Pardo alleges that CT forwarded the Service to the Washington Office. The Debtors dispute that CT was an agent authorized to accept the Service under Rule 4 because CompuServe withdrew CT's agency prior to the Service. Likewise, the Debtors dispute that CT sent the Service to the Washington Office. Furthermore, they argue even if the Service was sent to the Washington Office, Pardo has failed to establish that the Washington Office received the Service. Finally, even if the Washington Office received the Service, the Debtors argue that as a mater of law, the Service was not valid. Rule 4 requires Pardo or his agent, not an unauthorized third party, to serve CompuServe or its agent. For the purposes of the instant motion, it is not necessary for the Court to reach the issue of whether CT was an agent authorized to accept the Service. As will be discussed in more detail, the Court finds that the Debtors have failed to meet their burden that as a matter of law CompuServe provided adequate notice regarding the Withdrawal and, as such, the Debtors have failed to prove that as a matter of law CompuServe was not bound by CT's acceptance of the Service.

*Responsibility to Provide Notice*

Pardo argues that even if CompuServe actually withdrew CT's authorization, CompuServe continued to treat CT as its agent for service of process and, as such, CompuServe is bound by CT's acceptance of the Service. Pardo asserts that CompuServe continued to accept service from CT and failed to inform CT or third parties that CT was no longer CompuServe's agent. As evidence that CompuServe received

7

notice from CT, Pardo alleges that in May 2002, CompuServe's in house counsel contacted him regarding the Default Judgment. Furthermore, Pardo argues that CompuServe failed to insure that the public records reflected that CT was no longer CompuServe's agent. As discussed, in 2005, the DCRA and Westlaw websites indicated that CT was CompuServe's registered agent. Based on the aforementioned, Pardo argues that as a result of CompuServe's actions or inactions, third parties were not aware of the termination and, as such, CT is an apparent agent and CompuServe is estopped from arguing CT was not authorized to accept the Service.

The Debtors allege that CompuServe applied to withdraw CT as its registered agent and received a certification from the District of Columbia accepting the application (the "Certificate of Withdrawal"), which was effective February 25, 1999 (the "Withdrawal"). The Debtors argue that in order to end their relationship with CT, CompuServe was only required to withdraw the registration and was not required to take any additional action. Further, the Debtors argue that they were not on notice of the Preference Action until May 2002, subsequent to the Service or Default Judgment.[4] (In 2005, CT was still listed on the Website as the registered agent. It appears that after WorldCom did not address the misinformation regarding the registered action three years subsequent to being on notice that CT was still listed as its registered agent.)[5]

---

[4] The Debtors appear to understand that Pardo argues that under the theory of promissory estoppel because Pardo argued that CompuServe is estopped. However, Pardo cites *Velez v. Vassallo*, 203 F. Supp. 2d 312, 320-321 (S.D.N.Y. 2002) (addressing apparent authority). The Debtors argue that they are not estopped from asserting that CT was *not* their registered agent during the relevant period. The Debtors assert that (1) they never made any representation that CT was their agent subsequent to the withdrawal; (2) because they never made any misrepresentation regarding CT there could be no reliance; (3) finally there was not damage because Pardo could presently proceed with the preference action on the merits.

[5] Additionally, Pardo argues that the motion for summary judgment to set aside the default judgment was filed five years after the Preference Action was instituted and, as such, it was not "within a reasonable time" required by Rule 60 to set aside a default judgment. The Debtors counter that "[c]ourts have been exceedingly lenient in defining the term reasonable time, with regard to voidness challenges. In fact, it has

8

Based on the record before the Court, summary judgment is not appropriate even if CompuServe withdrew its authorization from CT to be its authorized agent. The Debtors have failed to establish that as a matter of law CompuServe provided adequate notice of the Withdrawal to Pardo. As will be explained in more detail, absent adequate notice of a principal's revocation of agency, the principal continues to be bound by the former agent. Therefore, the Debtors have failed to establish as a matter of law that they are not bound by CT's acceptance of the Service.

*Failure to Provide Adequate Notice of the Withdrawal*

Even assuming that CompuServe revoked CT's authorization to act as agent in February 25, 1999, CompuServe was required to provide notice. CompuServe had a duty to notify third parties of the change of its registered agent. "It is a familiar principle of law that when one has constituted and accredited another his agent to carry on a business, the authority of the agent to bind his principal continues, even after an actual revocation, until notice of the revocation is given." *Claflin v. Lenheim,* 66 N.Y. 301, 305 (N.Y. 1876).

> In the absence of any notice of the revocation of an agency, the principal may be held liable to third persons who never dealt with the agent previous to the revocation, if they, in common with the public at large, are justified in believing that such agency continues to exist.
>
> 3 Am Jur 2d Agency § 50

---

been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void may be made at any time." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 179 (2d Cir. 2004) (citations omitted). Moreover, they argue that as a result of the unique factual circumstances associated with the Default Judgment the motion was timely.

Furthermore, Pardo argues that the Debtors should have filed a motion to vacate pursuant to Rule 60 to set aside the Default Judgment and not Rule 56 ("Rule 56") of the Federal Rules of Civil Procedure. The Debtors counter that Rule 60 states "on motion" which includes a motion pursuant to Rule 56.

It is not necessary for the Court to reach these issues because as discussed *infra* the Court finds that summary judgment is not appropriate because the Debtors have failed to prove that as a matter of law CompuServe provided adequate notice of the Withdrawal. *See* note 12.

9

The Debtors have not established as a matter of law that they sufficiently notified third parties that CT was no longer their registered agent. It appears that the Debtors argue that the only action they were required to take was filing with the Secretary of State's office and receiving the Certificate of Withdrawal.[6] The Debtors have not addressed why they did not have the responsibility to insure that after the Withdrawal that the DCRA website did not list CT as CompuServe's registered agent. The Westlaw listing is a more complex matter. If Westlaw listed CT as the registered agent as a result of an error on the part of Westlaw, the Debtors could argue that CompuServe was not responsible to monitor all the third parties providers.[7] If the mistaken listing on Westlaw reflects an error in the relevant public record, CompuServe may very well have had the responsibility to insure that the public listing accurately reflected that CT was not longer its agent. However, it appears that the Westlaw listing was most likely based upon the relevant public record because the DCRA website also listed CT as the registered agent. There are questions of fact of whether CompuServe failed to provide adequate notice regarding its withdrawal and whether CompuServe was liable for CT's acceptance of the Service. Thus, summary judgment that the Default Judgment should be set aside is inappropriate.

*Apparent Authority*

Apparent authority is "the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons." Restatement Second of Agency § 8 (1958). Further, in order to create apparent authority, the principal must

---

[6] The Debtor's have not established that as a matter of law, withdrawal alone provides adequate notice.
[7] However, if Westlaw is a source that is used extensively to determine the identity of the registered agent, Compuserve's responsibility to provide notice of the Withdrawal may include a verification of Westlaw.

10

manifest to the third party that he "consents to have the act done on his behalf by the person purporting to act for him." *Id*. § 27. "Second Circuit case law supports the view that apparent authority is created only by the representations of the principal to the third party, and explicitly rejects the notion that an agent can create apparent authority by his own actions or representations." *Fennell v. TLB Kent Co*., 865 F.2d 498, 502 (2d Cir. 1989).[8] Similarly, the Second Circuit explained that a principal's silence is sufficient to create apparent authority.

> [Apparent authority is created when a principal] remained silent when he had the opportunity of speaking and when he knew or ought to have known that his silence would be relied upon, and that action would be taken or omitted which his statement of the truth would prevent, and that injury of some nature or in some degree would result.

*Scientific Holding Co. v. Plessey, Inc*., 510 F.2d 15, 25 (2d Cir. 1974).

The elements of apparent authority are "(1) the principal was responsible for the appearance of authority in the agent to conduct the transaction in question and (2) the third party reasonably relied on the representations of the agent." *Herbert Constr. Co. v. Continental Ins. Co.,* 931 F.2d 989, 994 (2d Cir. 1991).[9]

CompuServe has not established that as a matter of law that it was not responsible for Pardo's belief that CT was the registered agent. CompuServe authorized CT as its registered agent, and, as a result, Pardo was aware that CompuServe was the registered

---

[8] The litigants cite New York law. They do not specify whether state or federal common law should apply. However, as one Court noted that "the general principles of agency incorporated into [Washington], New York and federal law, the outcome would be the same." *Velez v. Vassallo*, 203 F. Supp. 2d 312, 321 (S.D.N.Y. 2002). "Under the settled law of agency, one who does not meet the requirements of an agent may be considered an apparent agent to a third party if 1) the putative principal represents to the third party that the putative agent is indeed his agent, and 2) the third party justifiably relies on this representation." *Ago v. Begg, Inc*., 705 F. Supp. 613, 618 (D.D.C. 1988).

[9] "The difference between apparent authority and estoppel is not clearly enunciated. In fact, some courts combine apparent authority and estoppel into one theory. Both apparent authority and estoppel can bind a principal even if the agent's acts were unauthorized." *White v. United States, Dep't of Interior*, 639 F. Supp. 82, 89 (D. Pa. 1986)(citing *Land Mine Enterprises v. Sylvester Builders, Inc*., Civil No. 81-931 (S.D.N.Y., July 29, 1985) (quotations omitted).

11

agent. After the Withdrawal, the Debtors have not established that they provided adequate notice that CT was no longer their agent. Likewise, the Debtors have failed to demonstrate the as a matter of law, Pardo did not reasonably rely on CompuServe's representations and silence. Serving CT, as CompuServe's registered agent indicates that Pardo may have relied upon CompuServe's representations and/or silence regarding CT. Reliance upon the public record that indicated CT was still the registered agent may have been reasonable. The Debtors have failed to meet their burden of demonstrating that CT did not poses apparent agency to accept Service and the Service was not valid. Therefore, summary judgment that the Default Judgment should be set aside is not appropriate.

   *Disfavor Default Judgments*

The Debtors argue that courts generally disfavor default judgments and, as such, in a motion for summary judgment to set aside a default judgment, a movant's burden is reduced. The Debtors argue that "[i]t is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001).[10] "[T]here is nothing in the record upon which to judge the veracity of either version, a court should credit the version of the party seeking to vacate the default." *AICPA v. Affinity Card,* 8 F. Supp. 2d 372, 376 (S.D.N.Y. 1998). The Debtors are correct that courts disfavor default judgment. However, the cases cited by the Debtors do not stand for the proposition that in a motion for summary judgment to vacate a default judgment, a movant's burden of proof is reduced. The cases stand for the proposition that in a trial on the merits to set

---

[10] When a judgment entered against the movant is void, however, the Court has no discretion. Instead, the Court is compelled to grant the motion since a void judgment cannot be enforced. *Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 384 (S.D.N.Y. 1986).

12

aside a default judgment there is reduced burden on the party seeking to set aside a default judgment.

*Burden of Proof*

The Debtors also argue that Pardo has failed to meet his burden of establishing that the Service was valid and, as a result, summary judgment setting aside the Default Judgment is appropriate. Pardo argues that the burden is upon the Debtors of establishing that the Service was not valid. *Silverman v. RTV Communs. Group, Inc*., 2002 U.S. Dist. LEXIS 5288 (S.D.N.Y. 2002) (vacated and remanded on other grounds by *WB Music Corp. v. RTV Commun. Group, Inc*., 445 F.3d 538 (2d Cir. 2006); *see also Velez v. Vassallo*, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002). The Debtors counter that the case law cited by Pardo, addresses situations where the defendants had notice of the initial proceedings. However, the Debtors argue that case law addresses situations where the defendant who defaulted had notice of the initial proceeding. They argue where the defendant were not aware of the initial proceeding, the burden is on the initial plaintiff.[11] *See Popper v. Podhragy*, 48 F. Supp. 2d 268, 272 (S.D.N.Y. 1998) ("that plaintiffs continued to bear the burden of proving personal jurisdiction"); *AICPA v. Affinity Card*, 8 F. Supp. 2d 372, 376 (S.D.N.Y. 1998). Even if Pardo has the burden of proving that CompuServe failed to provide adequate notice of Withdrawal to Pardo, Pardo has the

---

[11] *See* generally Theresa L. Kruk, *Who Has the Burden of Proof in Proceeding Under Rule 60(b)(4) of Federal Rules of Civil Procedure to Have Default Judgment Set Aside on Ground that it is Void for Lack of Jurisdiction?,* 102 A.L.R. Fed. 811, 2a (1991).
> The point of departure for most of the courts that impose the burden of proof on the movant has been the fact that the movant had actual or constructive notice of the original proceedings but nonetheless allowed the action to go to default. In both the earliest reported case on point5 and the more recent leading case, the fact that the defendant had notice or knowledge of the original proceedings but chose not to contest the jurisdictional issue until after entry of default judgment was of crucial significance to the courts' decisions. Given such facts, one court concluded that placing the burden on the plaintiff, as nonmovant, could result in severe prejudice where the evidence needed to establish jurisdiction was no longer available due the passage of time. *Id.*

right to a trial on the merits to prove his contention. As discussed previously, based on the record before the Court there is a material question of fact regarding whether CompuServe provided adequate notice of the Withdrawal. Irrespective of which party has the burden of proof, the question is not appropriate for summary judgment because there are questions of fact regarding the notice of Withdrawal.[12]

## V. CONCLUSION

The Court finds that summary judgment to set aside the Default Judgment is not appropriate. The Debtors have failed to meet their burden of demonstrating that as a matter of law the Service did not bind CompuServe. There are questions of fact regarding whether CompuServe provided Pardo with adequate notice of the Withdrawal. As such, it is not necessary for the Court to address whether there is a material issue of fact as to whether CT was CompuServe's actual agent at the time of the Service. The Debtors' motion for summary judgment is denied. Counsel for Pardo to settle an order consistent with this opinion.

Dated:   New York, New York
         March 9, 2007

                                                    **s/Arthur J. Gonzalez**
                                                    UNITED STATES BANKRUPTCY JUDGE

---

[12] It is not necessary for the Court to address the question of whether CompuServe had notice of the Service prior to the default judgment to determine whether the Debtors or CompuServe have the burden of determining the because has introduced evidence that in 2002, WorldCom had notice of the Default Judgment from papers delivered by Pardo to CT. This would introduce a question of fact whether there was notice regarding the previous papers served by Pardo on CT.

14