| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Not For Publication |

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| WORLDCOM, INC., *et al.*, | : | Case No. 02-13533 (AJG) |
| | : | (Confirmed Case) |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |

OPINION GRANTING WORLDCOM'S MOTION FOR SUMMARY JUDGMENT
WITH RESPECT TO CLAIM NO. 15531 FILED BY RAYONDA DYE

A P P E A R A N C E S

STINSON MORRISON HECKER LLP
Special Counsel for Reorganized Debtors
1201 Walnut Street, Suite 2700
Kansas City, MO 64106

    Mark A. Shaiken, Esq.
    Sara E. Welch, Esq.

RAYONDA DYE
9 Pheasant Wood Court, Apt. F
Belleville, IL 62226
(Address from Proof of Claim)

    Pro Se

ARTHUR J. GONZALEZ
United States Bankruptcy Judge

## I. INTRODUCTION

The Reorganized Debtors (the "Debtors" or "WorldCom") have moved for summary judgment in their favor with respect to Claim No. 15531 ("the Claim") filed by Rayonda Dye ("Dye" or the "Claimant"). For the reasons discussed below, that motion is granted.

## II. BACKGROUND

On November 23, 1998, the Debtors hired Dye to a non-sales position with the job title, Provisioner I. On January 31, 2000, the Claimant filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming discrimination on the basis of race, color, and sex. In the Charge of Discrimination, Dye contended that she did not receive a promised pay adjustment, and that unnamed white co-workers made a higher salary for performing the same job as she did. The EEOC issued a "no cause" finding and right-to-sue letter on February 22, 2000. The EEOC's notice to Dye stated that her charge was dismissed and that "You may pursue this matter further by bringing suit against the respondent(s) named in the charge. If you decide to sue, you must sue <u>WITHIN 90 DAYS</u> from your receipt of this Notice. Otherwise your right to sue is lost." (Memorandum In Support of Debtors' Motion for Summary Judgment, Ex. D, Attachment 2 (emphasis in original)). The Debtors point out there is no record that Dye sued the Debtors within ninety days of receiving the "no cause" finding, and Dye has made no assertion that she ever filed suit.

Dye transferred to a sales associate position with a subsidiary in March 2000, receiving an eight percent raise. In April 2001, the Debtors began the process of

2

approving Dye's transfer to position as a Wireless Sales Representative. However, on April 23, 2001, Dye voluntarily terminated her employment with the Debtors.

In July 2001 and in November 2002, WorldCom and certain of its subsidiaries filed petitions for bankruptcy. Dye filed Proof of Claim No. 15531 on January 21, 2003. The Debtors filed their 22nd Omnibus Objection to Proofs of Claims, including an objection to Claim No. 15531 on August 4, 2004. On August 16, 2004, and October 25, 2004, Claimant filed oppositions to Debtors' objection. A hearing was held on January 31, 2006.

In support of their motion for summary judgment, the Debtors note that there appear to be two separate discrimination claims in Proof of Claim No. 15531 – pay discrimination and discrimination in transfer/promotion. For the pay discrimination claim, WorldCom argues that this claim is the same as that filed in Dye's Charge of Discrimination with the EEOC in January 2000. Debtors argue that the Claimant failed to file suit against Debtors within ninety days of receiving the right-to-sue letter from the EEOC, as required, and the claim is thus barred and should be disallowed.

For the discrimination in transfer/promotion claim, the Debtors argue there are multiple reasons to disallow or expunge the claim. The Debtors argue that the Claimant cannot pursue a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII")[1] for discrimination in transfers or promotions in this venue without first filing a Charge of Discrimination with the EEOC. The Debtors also argue that the claim cannot survive a summary judgment motion because of the lack of

---

[1] Title VII makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

3

necessary supporting details, such as evidence that a position was available, that Claimant sought a transfer or promotion, or that Claimant was qualified for any such position. The Debtors further argue that since the Claimant's employment ended in April 2001, any charge of discrimination would now be untimely under either Title VII or 42 U.S.C. § 1981. The Debtors argue that the applicable two-year statute of limitations under Illinois law for Section 1981 means[2] that any claim from before January 21, 2001 (two years before Dye filed her Proof of Claim on January 21, 2003) is time-barred, and Dye has failed to identify any discriminatory acts or details in the window of time between January 21, 2001 and April 23, 2001, Dye's last day of working for the Debtors.

### III.  LEGAL STANDARDS

A.  *Summary Judgment*

Summary judgment is only appropriate where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* FED. R. CIV. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In determining whether such an issue exists, "the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997). When no rational jury could find in the nonmoving party's favor "because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is

---

[2]  The Debtors argue that *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), would not extend that the statute of limitations period under Section 1981 because Dye has never filed a claim under Section 1981 and any claim would be retroactive to *Donnelley* and not "pending" at the time of that decision.

4

appropriate." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Summary judgment is not proper if there is any evidence from which a reasonable inference could be drawn in the non-moving party's favor as to an issue on which summary judgment is sought. *See Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

"The salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to commercial or other areas of litigation." *Nicastro v. Runyon*, 60 F. Supp. 2d 181, 183 (S.D.N.Y. 1999). Courts should exercise more discretion, however, before "granting summary judgment in employment discrimination cases where the employer's intent is genuinely in issue." *See Lennon v. New York City*, 392 F. Supp. 2d 630, 637 (S.D.N.Y. 2005). "But even where an employer's intent is at issue, 'a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment.'" *Id.* at 638 (quoting *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997)).

B. *Procedural Requirements*

A plaintiff may only commence a Title VII action after filing a charge with the EEOC and receiving a right-to-sue letter. 42 U.S.C. §§ 2000e-5(e), (f); *see Francis v. Elmsford School Dist.*, 442 F.3d 123, 126 (2d Cir. 2006) ("Title VII plaintiffs must receive a 'right-to-sue' letter from the EEOC before filing suit in court."). Title VII requires that a plaintiff file a complaint of discrimination in a United States district court within ninety days of receiving an EEOC right-to-sue letter. *See Sherlock v. Montefiore Medic. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) (citing 42 U.S.C. § 2000e-5(f)(1)). The ninety-day deadline imposed by Title VII is "treated as a statute of limitations" and

should be strictly construed. *See Smith v. Henderson*, 137 F. Supp. 2d 313, 317 (S.D.N.Y. 2001). Failure to comply with the time limitations warrants dismissal of the complaint. *See, e.g., McFarland v. Metro-North Commuter R.R.*, 993 F. Supp. 210, 211 (S.D.N.Y. 1998).

## IV. DISCUSSION

Because Dye proceeds *pro se*, the Court judges her pleadings by a more lenient standard than pleadings submitted by counsel. *See, e.g., Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002). However, Dye's *pro se* status does not exempt her "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 92 (2d Cir. 1983) (citation omitted). As such, *pro se* status generally will not excuse a litigant's failure to comply with an applicable statute of limitations. *See Hakala v. J.P. Morgan Sec., Inc.*, 356 F. Supp. 2d 355, 357 (S.D.N.Y. 2005).

A. *Pay Discrimination Claim*

Dye's pay discrimination claim contained in Proof of Claim 15531 is similar to that raised in her Charge of Discrimination filed with the EEOC in 2000. In both filings, Dye contends that the Debtors discriminated against her by lying to her about her starting pay and paying her less than white employees performing the same job as she. In her EEOC Questionnaire, Dye alleges that she was lied to when hired about how much she would make, when she would receive a salary increase, and that there were "white Americans that do the same job that I do that make more money." (*See* Memorandum In Support of Debtors' Motion for Summary Judgment, Henderson Decl., Attachment 1). In the Proof of Claim, Dye alleges that she was discriminated against because "there were several white-Americans who did not have any telecommunications [experience] or a

6

college degree who did the exact same job as myself and they made double my salary."
Because of the failure to file suit within ninety days of receiving the right-to-sue letter on
February 22, 2000, the pay discrimination claims are barred and disallowed.[3]

B. *Transfer/Promotion Discrimination Claim*

Dye alleges in Proof of Claim 15531 that the Debtors discriminated against her by denying her request to transfer to a new position by telling her that she had not been in her current position long enough to seek a transfer. Dye claims that a white co-worker faced no such restriction before transferring. This charge of discrimination was evidently not presented to the EEOC and therefore the Court lacks subject matter jurisdiction over it. *See, e.g, Ruiz v. New York City Fire Dep't*, No. 00 CIV. 4371, 2001 WL 767009 (S.D.N.Y. July 9, 2001). A complainant can turn to the federal courts only after bringing their claims to the EEOC because Congress designed Title VII "not merely to *permit* investigation and conciliation by the EEOC, but rather to *require* such agency action and to place primary responsibility for disposing of complaints in the administrative process." *Spencer v. Banco Real, S.A.,* 87 F.R.D. 739, 743 (S.D.N.Y. 1980) (emphasis added).

The Court recognizes that the Second Circuit permits an exception for certain claims that were not raised in an EEOC complaint if they are "reasonably related" to a claim that was filed with the EEOC. *See Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001). The exception "is essentially an allowance of loose pleading and is based

---

[3] The Court determines that equitable relief would not be appropriate here to toll the ninety-day rule. The Second Circuit has held that equitable considerations may relieve a plaintiff from the ninety-day rule "in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). Dye has offered no excuse for not complying with the ninety-day rule, much less alleged that the Debtors or the EEOC took action to delay Dye's bringing suit. *See Henderson*, 137 F. Supp. 2d at 318 (stating that "equitable tolling is appropriate only when the government deliberately misled the plaintiff to rely to his detriment"). "[I]in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (internal citation omitted).

7

on the recognition that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [she] is suffering." *In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3875191 (Bankr. S.D.N.Y. June 03, 2005) (citing *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003). For the exception to apply in the instant matter, the central question is whether the complaint filed with the EEOC gave it "adequate notice to investigate discrimination in both cases." *See Deravin*, 335 F.3d at 201.

The Court finds that the transfer/promotion discrimination claim is not reasonably related to the pay discrimination claim because of the differing circumstances. In the transfer/promotion discrimination claim, Dye alleges that she was victim of an unfairly applied rule as to when she could change positions. It is not alleged when the incident occurred. In the pay discrimination claim, which was filed with the EEOC, Dye alleges discrimination in her starting pay. She did not allege any discrimination under the "Promotion" section of the EEOC questionnaire. It is doubtful that the scope of an investigation into starting pay would also encompass the transfer/promotion discrimination claim.

Moreover, another independent reason exists for not considering the claim. Since Dye did not preserve her rights as to the pay discrimination claim by timely filing the claim with a court after receiving the right-to-sue letter, any claim that might be reasonably related to it would also be time-barred. *See Hassan v. NYC Off-Track Betting Corp.*, No. 05 Civ. 9677, 2007 WL 678422, at *3 (S.D.N.Y Mar. 6, 2007) (holding that even if the later claim was reasonably related to an earlier claim, "since the plaintiff filed his Title VII claim with the court untimely, any claim that might be reasonably related to

8

it and thus, properly before the court for adjudication in this Title VII action, would also be time-barred").

Because the Court lacks subject matter jurisdiction over the transfer/promotion discrimination charge due to it not being presented to the EEOC, the claim is disallowed.[4]

C. *Settlement Offers are not Admissible Evidence*

At oral argument, Dye suggested that the Debtors asking her what she felt would be a fair settlement is proof that they discriminated against her. Since Dye is proceeding *pro se*, the Court will briefly explain a few reasons why settlement offers and negotiations are not admissible as evidence.

Settlement offers or questions as to what the other side feels would be a "fair settlement" are not necessarily made from a sense of "guilt" but could be made for financial reasons, such as seeking to limit litigation costs, *see, e.g., In re Tompkins*, 290 B.R. 194, 199 (Bankr. W.D.N.Y. 2003), or for "a desire for peace rather than from any concession of weakness of position." *See Alcan Int'l Ltd. v. S.A. Day Mfg. Co.,* 179 F.R.D. 403, 404 (W.D.N.Y. 1998) (citing FED. R. EVID. 408 advisory committee's note).

For those and other reasons, Federal Rule of Evidence 408 excludes evidence of settlement negotiations that is intended to prove liability for a claim. In other words, WorldCom's question simply cannot be used as evidence that it discriminated against Dye. Another reason for the rule is that Congress intended to promote a public policy

---

[4] Although it needs not make any determination as to the timeliness of the transfer/promotion discrimination claim, or whether Dye raises sufficient details to survive a summary judgment motion, the Court observes that a Title claim is most likely untimely under Title VII because a claimant must file a charge with the EEOC within 180 days of the alleged discriminatory practice. *See Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162, 2166 (2007). A Section 1981 claim would also likely be untimely. *See* discussion *supra* at pp. 3-4. However, should Dye return to the EEOC, file this transfer/promotion discrimination claim, and receive a right-to-sue letter, she could return to the Court to seek reconsideration of the disallowance of that claim under Bankruptcy Code § 502(j).

"favoring the compromise and settlement of disputes." *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland*, 122 F.R.D. 447 (S.D.N.Y. 1988) (citing FED. R. EVID. 408 advisory committee's note). By prohibiting such evidence from being admitted, settling parties are assured of the secrecy of their negotiations. *Id.*; *see also Alcan Int'l,* 179 F.R.D. at 404 ("The rule recognizes that parties will be discouraged from making settlement offers if those offers may be used as evidence at trial. The rule thus fosters non-judicial resolution of disputes because compromises made during the settlement process will not later surface to haunt the parties as substantive evidence.").

## V.  CONCLUSION

For the reasons set forth above, the Claimant's discrimination claims fail as a matter of law. Proof of Claim Number 15531 shall be disallowed and expunged.

The Debtors are to settle an order consistent with this opinion.

Dated:  New York, New York
         June 26, 2007

                              **s/Arthur J. Gonzalez**
                              UNITED STATES BANKRUPTCY JUDGE