# Minutes of Proceedings

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------x
Date:     July 10, 2007                                                              :
-------------------------------------------------------------------------------------x
In re:                                                                               :
                                                                                     :
**WorldCom, Inc., et al.,**                                                          :     Case No. **02-13533**(AJG)
                            Debtor(s).                                               :
-------------------------------------------------------------------------------------x

Present:   Hon. Arthur J. Gonzalez
           Bankruptcy Judge                   Courtroom Deputy              Court Reporter

Debtor(s): WorldCom, Inc., et al.             Counsel: Weil, Gotshal & Manges LLP
                                                       By:  Alfredo R. Perez, Esq.

Movant: James B. Mulligan                     Counsel: Rabinowitz, Lubetkin & Tully, L.L.C.
                                                       By: Jonathan I. Rabinowitz, Esq.


**Proceedings:**   X Motion for Relief from Judgment and Order dated January 27, 2006 Filed by James B. Mulligan


**Orders:**    X Relief sought in complaint/motion:

               For the reasons set forth in Exhibit A, attached hereto, the relief sought is

               ¤ Granted          **X** Denied           ¤ Dismissed          ¤ Awarded by Default
               ¤ Judgment to enter for:


        FOR THE COURT: Kathleen Farrell, Clerk of the Court

        BY THE COURT:

        **s/Arthur J. Gonzalez**                7/10/07                  Jacqueline De Pierola
        United States Bankruptcy Judge          Date                     Courtroom Deputy

**EXHIBIT A**

On May 9, 2007, James B. Mulligan ("Mulligan") filed a motion for relief from a prior order issued by the Court on January 27, 2006 (the "Order") pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, incorporating by reference Rule 60(b)(6) of the Federal Rules of Civil Procedure ("Rule 60(b)(6)"). The Order resulted from the Court's opinion, dated January 17, 2006, holding, among others things, that Mulligan's claims of trespass and unjust enrichment against MCI, Inc. ("MCI") were discharged upon confirmation of MCI's plan of reorganization and that Mulligan is barred from taking further action to prosecute his lawsuit to recover on such claims (the "Opinion"). Mulligan argues that Rule 60(b)(6) applies because of changes in decisional law set forth in *West v. MCI*, No. 06 Civ. 0748 (WHP), 2007 WL 485233, at *1 (S.D.N.Y. Feb. 13, 2007) (the "West Decision"), dated February 13, 2007.

Rule 60(b)(6) provides that the court may relieve a party from a final judgment, order, or proceeding based upon "any other reason justifying relief from the operation of the judgment." *See* Fed. R. Civ. P. 60(b)(6) (2007). This "catch-all" provision is narrowly interpreted in that "extraordinary circumstances" are required to justify relief. *See* 12 Moore's Federal Practice, § 60.48[1], 60-167 (3d. ed. 2002). Lack of fault by a movant, along with other considerations, may constitute "extraordinary circumstances." *Id*. at 60-173. However, cases in which relief is denied usually find some misconduct or culpable conduct. *Id.* When an appeal is available to a movant, unjustifiable failure to take appeal precludes the movant from relief. *See id*. (citing *Mitchell v. Hobbs*, 951 F.2d 417, 420 (1st Cir. 1991), in which the First Circuit held that "relief from judgment cannot be obtained under Rule 60(b)(6) unless the movant can demonstrate that 'extraordinary circumstances' prevented a timely appeal").

Here, Mulligan appealed the Order to the United States District Court for the Southern District of New York (the "District Court"). The District Court affirmed the Opinion on January 3, 2007 (the "Mulligan Decision"). Specifically, the District Court held that the "continuing violation" doctrine advanced by Mulligan in the appeal was, in essence, the same as the "continuing trespass" analysis which had been considered in his decisions, i.e., *Browning v. MCI, Inc.* and *Pinkston v. MCI, Inc. See* The Mulligan Decision, at 3. The District Court held that any trespass or unjust enrichment claims were extinguished by the confirmation of MCI's plan because the fiber optic cables and their continuing use "do not constitute distinct wrongful acts but rather singular pre-petition conduct." *Id*. Mulligan did not pursue a further appeal to the Second Circuit Court of Appeals. His appeal period expired on February 2, 2007. In his Rule 60(b)(6) motion, Mulligan did not focus on arguments that would justify his failure to appeal timely under "extraordinary circumstances." Instead, he requested relief based upon changes in decisional case law. The Court finds that a Rule 60(b)(6) motion is not a substitute for an appeal. *See Gencorp Inc. v. Olin Corp*. 477 F.3d 368, 373 (6th Cir. 2007). As a result, the Court concludes that Mulligan's unjustifiable failure to appeal timely when such appeal was available to him should preclude him from relief under Rule 60(b)(6). *See Mitchell,* 951 F.2d at 420. This finding is supported by *Ackermann v. United States*, in which the Supreme Court denied a movant's relief after finding that no extraordinary circumstance existed because his excuse for not appealing was not justified. *See* 340 U.S. 193, 195-97 (1950). The Court also finds that Mulligan's request for relief based upon changes in decisional law is not warranted.

In the West Decision, relying on *Peeler v. MCI, Inc.*, a Seventh Circuit's decision, the District Court held that MCI's post-petition maintenance of the cable may constitute a continuing or a permanent trespass. *See* The West Decision, 2007 WL 485233, at **3-4. There

is no dispute that the West Decision constitutes decisional law of the district court. "Decisional law" is also termed as case law. Case law is defined as "[t]he law to be found in the collection of reported cases that form all or part of the body of law within a given jurisdiction." *Black's Law Dictionary* 229 (8th ed. 2004).

The focus then is whether the issuance of the West Decision after the Mulligan Decision constitutes a "change" in decisional law. The West litigation is based upon Georgia state law, whereas the Mulligan litigation relies on Kansas state law. Even assuming the state laws at issue are substantially similar, the situation is simply that two district court judges came to a different conclusion on the issue of continuing trespass. Thus, the fact that two district court judges may have come to different conclusions based upon substantially similar state laws does not constitute a change in decisional law.

Further, even if the West Decision were to be considered a change in decisional law, changes in decisional law do not amount to "extraordinary circumstances." The Second Circuit held that a mere change in decisional law would not support relief under Rule 60(b)(6). *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1272-74 (2d Cir. 1994) (holding that "the fact that federal courts must follow state law when deciding a diversity case does not mean that a subsequent change in the law of the state will provide grounds for relief under Rule 60(b)(6). . . This principle also applies in federal cases where the Supreme Court has changed the applicable rule of [federal] law"). "The rationale for denying relief is particularly strong in cases in which a party had not bothered to appeal to challenge existing law and then hopes to benefit from the efforts of some other person's appeal." *See* 12 Moore's Federal Practice, § 60.48[5][b], at 60-182. This reasoning applies squarely in this matter. As discussed previously, the Court has not found any cognizable justification for Mulligan's failure to appeal timely. Further, Mulligan

3

failed to appeal even though the *Peeler* decision from the Seventh Circuit was available to him during the relevant appeal period. Mulligan is simply seeking the benefits of an unrelated appellate process, where he failed to pursue such benefits in his own case. Relief under Rule 60(b)(6) is not warranted.

Based upon the above analysis, relief requested by Mulligan under Rule 60(b)(6) is denied.

4