UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

Not For Publication

---

In re : Chapter 11

WORLDCOM, INC., *et al.*, : Case No. 02-13533 (AJG)

Reorganized Debtors. : (Jointly Administered)

---

OPINION REGARDING KENNEDY & ASSOCIATES, INC.'S MOTION FOR RELIEF
FROM ORDER ON MOTION TO COMPEL PRODUCTION OF DOCUMENTS

A P P E A R A N C E S

STINSON MORRISON HECKER LLP  
Special Counsel for Reorganized Debtors  
1201 Walnut Street, Suite 2700  
Kansas City, MO 64106

    Mark A. Shaiken, Esq.  
    Sara E. Welch, Esq.

UNGARETTI & HARRIS, LLP  
Attorneys for Kennedy & Associates, Inc.  
3500 Three First National Plaza  
Chicago, IL 60602

    Alex Pirogovsky, Esq.  
    Dean J. Polales, Esq.

ARTHUR J. GONZALEZ  
United States Bankruptcy Judge

    Before the Court is Kennedy & Associates, Inc.'s ("Kennedy") Motion for Relief

(the "Motion for Relief") from the Order on Motion to Compel Production of Documents

(the "Motion to Compel").

    On July 18, 2005, Kennedy filed the Motion to Compel under Federal Rule of

Civil Procedure 37 and Federal Rule of Bankruptcy Procedure 7037. The Reorganized

Debtors filed their response on August 18, 2005, followed by Kennedy's reply on August 26, 2005.  On February 27, 2007, the Court issued an opinion (the "February Opinion"), and an order was subsequently entered on March 19, 2007 (the "March Order"), granting in part, denying in part, and staying in part the Motion to Compel.  On July 11, 2007, Kennedy filed the Motion for Relief.

Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, allows the Court to revoke or modify earlier orders and provides, in relevant part

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... [or] order... for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct of an adverse party ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment ... [or] order ... was entered or taken.

A motion for relief under Rule 60(b) "is addressed to the sound discretion of the trial court." *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991).  12 James Wm. Moore et al, Moore's Federal Practice § 60.22[1] ("The cases interpreting the rule have consistently held that, except when it is a motion under Rule 60(b)(4) for relief from a judgment that is totally void, a party has no right to relief.").

Kennedy provides the Court with two arguments as to why relief from the March Order should be granted.

First, Kennedy argues that relief is proper because the Court failed to bifurcate the case.  With respect to Kennedy's argument based on the failure to bifurcate the case, the Court has determined that clarification of the February Opinion is necessary.  Thus, the Court will clarify the February Opinion to the extent bifurcation is concerned.

2

Although the Debtors sought bifurcation and it is likely that their request was for the litigation to be divided into separate stages, the Court viewed bifurcation in a more formal manner, *e.g.*, the instant matter would be split into two separate and distinct litigations with separate captions.  In the papers submitted regarding the Motion to Compel, Kennedy opposed bifurcation and requested a single trial, where they would be allowed to present evidence that an agreement existed between the parties, and evidence showing the damages Kennedy sustained resulting from the Debtors' breach.  Based on the Court's view, a formal bifurcation was not necessary.  Instead, the Court found that the litigation should be divided into two separate stages, without the need for any formal separation into two distinct litigations with separate captions.  Effectively, the Court granted the Debtors request for bifurcation and, if the Court determines that an agreement existed, the Court will address the issue of discovery regarding the stayed requests.

In the Motion for Relief, Kennedy argues that because the trial was not bifurcated, Kennedy will be deprived of discovery pertaining to certain issues, including damages, because those requests were stayed by the Court.  Upon further review, however, the Court notes that the division of the instant matter into two stages constitutes an informal bifurcation of the proceedings, which will not deprive Kennedy of the stayed discovery requests relating to damages and fully preserves the discovery protections sought by Kennedy herein.  Therefore, although the Court recognizes that Kennedy was concerned that the Court's finding in the February Opinion that "bifurcation is not necessary" would adversely affect Kennedy's discovery requests, since the effect of the Court's ruling informally bifurcated the case into two stages, the Motion for Relief based on the Court's failure to bifurcate is moot.

Second, Kennedy argues that relief is proper because the document requests that were either stayed or denied are also relevant to the existence of a contract. With respect to this argument, the Court must first decide the applicable standard for determining whether relief is appropriate. The Court notes that in the Motion for Relief, Kennedy merely restates portions of Rule 60(b)(1) and 60(b)(6), but fails to provide the Court with any argument as to the applicability of those two sections to the instant matter and why relief is appropriate under those two particular sections. Even if the Court evaluates the Motion for Relief under all six grounds provided by Rule 60(b), the Court still finds that relief is not warranted. The Court finds that Kennedy's argument does not fall within the parameters of the first five grounds for relief under Rule 60(b). Kennedy has failed to articulate that the Court's decision to stay the discovery requests implicates mistake, newly discovered evidence, fraud, a voided judgment, or satisfaction of the judgment. Thus, the Court considers the Motion under the standard set forth under the catch-all provision contained in Rule 60(b)(6).

The Second Circuit has held that Rule 60(b)(6) "should be liberally construed when substantial justice will thus be served." *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963). However, "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *US v. Int'l Bhd. Of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

The Court finds that Kennedy has failed to show that the staying or denial of those requests constitutes exceptional circumstances necessary to warrant relief under Rule 60(b)(6). "Rule 60(b)(6) is not… a substitute for an appeal from an erroneous judgment." *In re Teligent, Inc.*, 306 B.R. 752, 761 (Bankr. S.D.N.Y. 2004) (citations omitted). After

4

reviewing the Motion for Relief, the Court finds that Kennedy has merely restated its previous request with respect to those requests that were previously stayed or denied in the Court's ruling on the Motion to Compel.  Kennedy has failed to provide the Court with any persuasive authority or support for the proposition of relief from the March Order regarding those discovery requests that were either stayed or denied.

Therefore, the Court finds that Kennedy has failed to demonstrate the existence of exceptional circumstances under Rule 60(b) that would warrant relief from the March Order.

In conclusion, regarding Kennedy's argument based on bifurcation, the Court finds that no relief is warranted and, therefore, the Motion for Relief is denied as moot in that respect.  Regarding Kennedy's request for relief from the discovery requests that were either stayed or denied, the Court finds that Kennedy has failed to establish that such relief is warranted and, therefore, the Motion for Relief is denied in that respect.

The Debtor is to settle an order consistent with this opinion.

Dated: New York, New York
      August 21, 2007

                                          **s/Arthur J. Gonzalez**
                                          UNITED STATES BANKRUPTCY JUDGE