STINSON MORRISON HECKER LLP
Attorneys for Debtors and Debtors in Possession
1201 Walnut Street
Kansas City, MO 64106-2150
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
Mark A. Shaiken
Norman E. Beal

STINSON MORRISON HECKER LLP
Attorneys for Debtors and Debtors in Possession
1150 18th Street Suite 800
Washington, DC 20036-3816
(202) 785-9100-Telephone
(202) 785-9163- Facsimile
Michael E. Tucci

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                 :
                                                      :     **Chapter 11 Case No.**
**WORLDCOM, INC., et al.,**                           :     **02-13533 (AJG)**
                                                      :
                                                      :     **(Jointly Administered)**
                            Debtors.                  :
------------------------------------------------------------x

### JOINT STIPULATION RESOLVING CLAIM NO. 36077

TO THE HONORABLE ARTHUR J. GONZALEZ, BANKRUPTCY JUDGE:

This Joint Stipulation is made and entered into by and among the following:

Verizon Business Global, LLC successor in interest to MCI, Inc, (the "Debtor")

and Michael Jordan (the "Claimant") (the Claimant and the Debtor are hereinafter

collectively referred to as the "Parties") with reference to the following:

**WHEREAS,** on July 21, 2002 (the "Commencement Date") and November 8,

2002, WorldCom, Inc. and certain of its direct and indirect domestic subsidiaries

commenced cases (the "Bankruptcy Cases") under Chapter 11 of Title 11 of the United

States Code (the "Bankruptcy Code").  By Orders dated July 22, 2002 and November 12, 2002, the Reorganized Debtors' Chapter 11 cases were consolidated for procedural purposes only and are being jointly administered; and

**WHEREAS,** on October 31, 2003, the Reorganized Debtors' Modified Second Amended Joint Plan of Reorganization (the "Plan") was confirmed.  The Plan became effective on April 20, 2004; and

**WHEREAS,** on October 29, 2002, this Court entered its Order (a) Pursuant to Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Certain Proofs of Claim and Approving the Form and Manner of Notice Thereof (the "Bar Date Order").  The Bar Date Order established January 23, 2003 as the bar date (the "Bar Date") for filing proofs of claim in these cases.  Pursuant to the terms of the Bar Date Order, on or about November 22, 2002, the Reorganized Debtors mailed notice of the bar date (the "Bar Date Notice") to in excess of 1.2 million creditors and potential claimants; and

**WHEREAS,** on March 25, 2003, the Court entered its Order Pursuant to 11 U.S.C. § 105 Approving Notice Procedures Regarding Claim Objections and Deemed Schedule Amendment Motions ("Claim Objection Procedure Order"), approving certain procedures regarding noticing of claims objections and omnibus motions for deemed schedule amendments; and

**WHEREAS,** under the Plan, the Reorganized Debtors were required to object to Proofs of Claim no later than October 18, 2004 (the "Objection Deadline"); and

**WHEREAS**, prior to the commencement of these Chapter 11 cases, Jordan and the Reorganized Debtors were parties to an endorsement agreement; and

2

**WHEREAS,** on August 14, 2003, Claimant filed Amended Proof of Claim Number 36077 (the "Claim") which asserts a general unsecured claim against WorldCom, Inc. in the amount of $8 million for alleged outstanding balances based on the amounts the Claimant contended were owed under the endorsement contracts; and

**WHEREAS,** on September 10, 2004, the Reorganized Debtors filed objections to the Claim in their Thirtieth Omnibus Objection (the "Claim Objection"); and

**WHEREAS,** on December 30, 2004, the Claimant filed his Response to the Claim Objection.

**WHEREAS,** the Parties have since engaged in discovery and filed cross-motions for summary judgment (the "Motions") with this Court with respect to the Claim and Claim Objection, and

**WHEREAS**, the Parties now desire to resolve all disputes related to Claim 36077 and the Claim Objection, and have executed a Settlement Agreement; and

**NOW THEREFORE**, the Parties agree and stipulate and the Court **ORDERS** as follows:

(1) The terms of the Settlement Agreement have resolved the dispute between the Parties. The Debtor's Claim Objection with respect to Claim No. 36077 and the Motions are now moot, and need not be adjudicated by the Bankruptcy Court;

(2) Claim No. 36077 is hereby reduced and allowed as a general unsecured (class 6) claim in the amount of $5,925,000.00 as provided in the Settlement Agreement;

(3) The Claim no longer remains subject to further objection, reduction or disallowance; and

DB03/048629.0130/8038857.1

(4) Payment of the Claim shall be made in accordance with and in the amounts set forth under the Plan, except that: (a) the Debtor shall effect the full distribution to which Claimant is entitled on his Claim pursuant to the terms of the Plan within sixty (60) days of the approval and entry of this Stipulation by the Court, notwithstanding the payment timing provisions in Section 7.04 of the Plan; and (b) all distributions to Claimant shall be delivered as specified in Section 1(g) of the Settlement Agreement, notwithstanding anything to the contrary in the Claim or the Plan.

Dated: September 28, 2007
      New York, New York

**s/Arthur J. Gonzalez**
**The Honorable Arthur J. Gonzalez**
**United States Bankruptcy Court**

s/Michael Jordan
Michael Jordan

s/Andrea K. Short
Verizon Business Global, LLC

By: Andrea K. Short
    Assistant General Counsel

CH2\ 2078372.4

4