| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | Not For Publication |
| In re | : | Chapter 11 |
| WORLDCOM, INC., *et al.*, | : | Case No. 02-13533 (AJG) |
| Reorganized Debtors. | : | (Jointly Administered) |

OPINION REGARDING KENNEDY & ASSOCIATES, INC.'S
MOTION TO AMEND THE SCHEDULING ORDER

A P P E A R A N C E S

STINSON MORRISON HECKER LLP
Special Counsel for Reorganized Debtors
1201 Walnut Street, Suite 2700
Kansas City, MO 64106

  Mark A. Shaiken, Esq.
  Sara E. Welch, Esq.

UNGARETTI & HARRIS, LLP
Attorneys for Kennedy & Associates, Inc.
3500 Three First National Plaza
Chicago, IL 60602

  Dean J. Polales, Esq.

LAW OFFICES OF ALEX PIROGOVSKY, INC.
Attorneys for Kennedy & Associates, Inc.
250 Parkway Drive, Suite 150
Lincolnshire, IL 60069

  Alex Pirogovsky, Esq.

ARTHUR J. GONZALEZ
United States Bankruptcy Judge

The subject of this opinion is Kennedy & Associates, Inc.'s ("Kennedy") Motion to Amend the Scheduling Order entered on December 7, 2004 to extend the deadline for non-expert and expert discovery. For the reasons stated below, the motion is denied.

## A.  BACKGROUND

On January 23, 2003, Kennedy filed its Proof of Claim against WorldCom, Inc. (the "Debtors" or "WorldCom"). The Debtors objected to the Proof of Claim in their Twenty-Second Omnibus Objection to Proofs of Claim (Employment Related Claims), dated August 4, 2004, on the grounds that (i) the Debtors had no liability for the Claim and their records reflected that they did not owe Kennedy any money, and (ii) Kennedy had not provided sufficient information to support the claim or permit the Debtors to evaluate it. Kennedy responded by stating that their claim was based on a Benefits Consulting Service Agreement (the "Alleged Contract"), an unsigned version of which they had attached to their Proof of Claim.

The Scheduling Order's original deadline for completion of non-expert discovery was May 30, 2005. The original deadline for Kennedy to provide the identity and report of its expert witnesses was June 6, 2005. In early May 2005, Kennedy requested and the Debtors agreed to an extension of the discovery period through June 30, 2005. On June 8, 2005, Kennedy's counsel emailed Debtors' counsel to schedule a conference pursuant to Bankruptcy Rule 7037(a). (*See* Ex. 2 to Debtors' Response to Motion of Kennedy and Associates, Inc. to Amend the Scheduling Order with Respect to Claim Number 23470, Docket No. 19071). In that email, Kennedy's counsel also stated that he believed it would be impossible to complete "non-expert discovery" by the deadline of June 30,

2

2005 and proposed another "extension of non-expert discovery through the end of August 2005." (*Id*.) The Debtors' counsel informed Kennedy's counsel that they would not agree to another extension of the discovery deadline.

On July 5, 2005, the Court conducted an informal conference concerning Kennedy's proposed Motion to Compel Production and proposed motion to modify the Scheduling Order. At that hearing, Kennedy's counsel mentioned that because of the Debtors' refusal to extend discovery it wanted to file a motion to extend discovery. Kennedy's counsel did not mention anything related to expert discovery. At the hearing, the Court granted Kennedy leave to file its motion to compel and reserved any decision on the extension of discovery until the Court ruled upon the motion to compel.

On February 22, 2007, the Court granted Kennedy's motion to compel production as to certain document requests, stayed certain document requests, and excused the Debtors from certain document requests. An order was subsequently entered on March 19, 2007 (the "March Order"). On July 11, 2007, Kennedy filed a motion for relief from the March Order. On August 21, 2007, the Court denied the motion for relief. In that August 21st opinion, the Court reiterated that it was informally bifurcating the proceedings and would first determine whether an agreement existed between WorldCom and Kennedy. The Court stressed that Kennedy's stayed discovery requests relating to damages would be revisited following that determination.

## B. **STANDARDS FOR EXTENDING DISCOVERY**

Federal Rule of Bankruptcy Procedure 7016, incorporating Fed. R. Civ. P. 16(b), provides that a discovery schedule "shall not be modified except upon a showing of good cause." *See, e.g., In re Orange Boat Sales*, 239 B.R. 471, 474 (S.D.N.Y. 1999). "To

3

demonstrate good cause, the party seeking a modification must show that the relevant deadline could not reasonably be met despite that party's diligence." *Id.* "Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery." *See Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 45 (E.D.N.Y. 2001) (collecting cases). The practice in federal court has long been strict adherence to discovery cut-off dates, absent a showing of good cause. *See, e.g.*, *Billups v. West*, No. 95 Civ. 1146(KMW) (HBP), 1997 WL 100798, at *3 (S.D.N.Y. Mar. 6, 1997).

### C. DISCUSSION

1. *Fact Discovery*

Kennedy maintains that it is seeking additional non-expert discovery because the documents it seeks should have been in WorldCom's possession, but since WorldCom has failed to produce such documents, Kennedy must look to third parties.

Kennedy maintains that it was diligent because, prior to the June 30, 2005 deadline, it scheduled the July 2005 court conference to request a further modification of the original Scheduling Order. Kennedy, in fact, did request a conference prior to the June 30th deadline. The diligence required, however, is diligence in obtaining the discovery before the deadline, not in seeking the Court's assistance before the deadline. *See Rent-A-Center, Inc. v. 47 Mamaroneck Avenue Corp.*, 215 F.R.D. 100, 105 (S.D.N.Y. 2003) (finding a lack of diligence because, *inter alia*, defendants did not explain why the deadline set forth in the Court's Scheduling Order could not be met); *Toole v. Toshin Co., Ltd.*, No. 00-CV-0821S(SR), 2004 WL 941512 at *3 (W.D.N.Y. Feb. 6, 2004).

Kennedy's main argument is that it did not attempt to secure discovery from third

4

parties because it assumed it would receive what it desired from WorldCom. Such a misplaced assumption does not constitute the diligence required to stray from the adherence to the scheduling deadlines. *See, e.g., Bracy v. State of New York*, No. 98 Civ. 3308(RMB) (HBP), 2001 U.S. Dist. LEXIS 19986, at *3 (S.D.N.Y. Dec. 5, 2001) ("If oversight alone constituted 'good cause' to modify a scheduling order, all scheduling orders would quickly become meaningless."). Furthermore, Kennedy poorly articulates what additional information, not covered by the March Order, would be generated from additional fact discovery. *See Gray v. Town of Darien*, 927 F.2d 69, 73 (2d Cir. 1991) (affirming denial of motion to reopen discovery where plaintiffs only speculated as to what evidence, if any, further discovery would produce).

In its reply memorandum, Kennedy states that had WorldCom provided the requested documents in compliance with the March Order granting in part Kennedy's motion to compel, then additional fact discovery may have been avoided. Addressing that assertion, any non-compliance regarding the March Order is not properly within the scope of the motion to amend the Scheduling Order. The Debtor's alleged non-compliance with the motion to compel order is a separate issue, one that should be dealt with on its own. Although Kennedy requests leave to file a second motion to compel in a footnote in its reply memorandum, Kennedy should file a separate motion and supporting materials for the motion to compel, rather than raising the issue in its reply memorandum.

2. *The Request for an Extension of Expert Discovery*

According to the Scheduling Order, the deadline for expert disclosures passed on June 6, 2005. By the time of the July 5, 2005 conference with the Court, that deadline was expired. Thus, the Court does not understand how Kennedy can contend that its

5

request at that hearing "concerned the Scheduling Order in its entirely, including an extension of expert discovery deadlines . . ." (Kennedy's Mot. to Amend the Scheduling Order, ¶ 17.)

Kennedy further states as a matter of course that "expert discovery follows fact discovery" and that it would be inefficient to engage an expert before fact discovery is complete. Kennedy's assertion is belied by the Scheduling Order, which contained a deadline of June 6, 2005 for Kennedy to provide the identity and report of its expert report. That date is just a week after the Scheduling Order's original deadline for non-expert discovery. Obviously fact and expert discovery can and should proceed simultaneously.

Kennedy has not shown diligence in either obtaining expert discovery or requesting an extension before expert discovery closed. Furthermore, its stated reasons for needing additional expert discovery – that Kennedy will need expert testimony to show the Debtors' motives for taking the position that no contract existed – is wholly unpersuasive. The existence or nonexistence of a contract in a breach of contract case is not a subject that needs the illumination of expert testimony. For those reasons, the Court denies the request to reopen expert discovery.

## CONCLUSION

Based upon the aforementioned, the Court denies Kennedy's Motion to Amend the Scheduling Order. The Debtors are directed to submit an order consistent with this opinion.

Dated:  New York, New York
        October 15, 2007

**s/Arthur J. Gonzalez**
UNITED STATES BANKRUPTCY JUDGE
