UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                                :
In re                                           :    Chapter 11
                                                :
WORLDCOM, INC., *et al.*,                       :    Case No. 02-13533 (AJG)
                                                :    (Confirmed Case)
                      Reorganized Debtors.      :    (Jointly Administered)
                                                :
                                                :
                                                :
_____:


OPINION DENYING CLAIMANTS' MOTION FOR CLARIFICATION OR
MODIFICATION OF OCTOBER 15, 2007 OPINION


A P P E A R A N C E S

WEIL, GOTSHAL & MANGES LLP
Counsel for Reorganized Debtors
767 Fifth Avenue
New York, NY 10153-0119

                      Joseph Allerhand, Esq.
                      Marcia L. Goldstein, Esq.
                      Lori R. Fife, Esq.
                      Alfredo R. Perez, Esq.
                      Adam P. Strochack, Esq.
                              Of Counsel


HULETT HARPER STEWART LLP
Attorneys for Abbott Claimants
550 West C Street, Suite 1600
San Diego, CA 92101

                      Kirk B. Hulett, Esq.
                      Jennifer A. Kagan, Esq.
                      Randall R. Sjoblom, Esq.
                              Of Counsel

LAW OFFICES OF ANDREW W. HUTTON
Attorneys for Abbott Claimants
550 West C Street, Suite 1600

San Diego, CA 92101

Andrew W. Hutton, Esq.
Of Counsel

LOWENSTEIN SANDLER PC
Attorneys for Abbott Claimants
65 Livingston Avenue
Roseland, NJ 07068

Michael S. Etkin, Esq.
Of Counsel

ARTHUR J. GONZALEZ
United States Bankruptcy Judge

# I.  INTRODUCTION

The Abbott Claimants ("Abbott Claimants" or "Claimants") have filed proofs of

claim against WorldCom, Inc. ("WorldCom" or "Debtor") based on alleged violations of

California's securities laws.  On October 15, 2007, this Court issued an opinion (the

"Opinion") granting in part and denying in part the Abbott Claimants' and Debtor's

cross-motions for summary judgment.  *In re WorldCom,* No. 02-13533, 2007 WL

2983694 (Bankr. S.D.N.Y. Oct. 15, 2007).

On October 29, 2007, the Abbott Claimants filed a motion for clarification or

modification (the "Motion") of the Opinion, specifically the portion of that opinion

concerning the measure of damages.  Familiarity with the Opinion is assumed for

purposes of the instant motion.

On October 20, 2007, the Court issued an order implementing the Opinion.  The

Debtor filed its response to the Motion on November 15, 2007.  The Court held a hearing

on November 20, 2007.

For the reasons that follow in the discussion, the Abbott Claimants' motion for modification is denied. Although the Court does not believe that any clarification of the Opinion is warranted, the following discussion may provide it to the extent necessary.

## II. LEGAL STANDARDS

The Abbott Claimants fail to cite any of the Federal Rules of Civil Procedure or the Bankruptcy Rules as a basis for their motion. Such motions for clarification, modification, or reconsideration, however, are generally made pursuant to Bankruptcy Rule 9023, which incorporates Fed. R. Civ. P. 59. *See, e.g., In re Adelphia Commc'ns, Corp.*, No. 02-41729, 2006 WL 2927222 (Bankr. S.D.N.Y. Oct. 10, 2006). Since the Claimants moved within ten days of the October 20th order, their motion falls under Bankruptcy Rule 9023, and not Bankruptcy Rule 9024, which incorporates Rule 60. *See, e.g., Assoc. for Retarded Citizens of Conn., Inc. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995) ("Motions served within 10 days of judgment ordinarily will fall under Rule 59(e), while motions served later fall under Rule 60(b).") (internal quotation marks and citation omitted).

To obtain relief pursuant to Bankruptcy Rule 9023, the moving party must present newly discovered evidence or present manifest errors of law or fact by showing that "the court overlooked controlling decisions or factual matters 'which might materially have influenced the earlier decision.'" *Fund Liquidating, LLC v. Chadmoore Wireless Group Inc. (In re Interbank Funding Corp.)*, Bankruptcy No. 02-41590(BRL), Adversary No. 07-1482, 2007 WL 2080512, at *2 (Bankr. S.D.N.Y. July 19, 2007) (citing *Farkas v. Ellis*, 783 F. Supp. 830, 832-33 (S.D.N.Y. 1992), *aff'd* 979 F.2d 845 (2d Cir. 1992)). Alternatively, the movant must demonstrate the need to "prevent manifest injustice." *In*

*re Best Payphones, Inc.*, No. 01-15472(SMB), 2007 WL 203980, at *5 (Bankr. S.D.N.Y.

Jan. 24, 2007) (citing *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368

(S.D.N.Y. 1999)).  The burden is on the moving party to demonstrate these manifest

errors, and the criteria are strictly construed against the moving party.  *See Enron Corp.*

*v. J.P. Morgan Sec. (In re Enron Corp.)*, 356 B.R. 343, 351 (Bankr. S.D.N.Y. 2006).  The

"motion to reconsider should not give the moving party another bite at the apple by

permitting argument on issues that could have been or should have been raised prior to

the original motion."  *Id.* (citing *In re Bird*, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998).

### III.  DISCUSSION

The Claimants contend that being neither briefed nor argued directly, the ruling

on the measure of damages was not a necessary finding for the Opinion.  Since the

Claimants moved for summary judgment on their state law cause of action, for rescissory

damages for violations of Cal. Corp. Code section 25401 and section 25501, a ruling on

the measure of damages cannot be unexpected or uninvited, as the Court would have had

to make such a ruling if it had granted the Claimants' motion for summary judgment.

Because the Opinion denied that motion, a ruling on the measure of damages was not

strictly necessary for the purposes of that motion, however, the ruling was a necessary

part of the analysis regarding the date-of-sale ruling as well as intended to clarify the

remaining issues.  Further, the ruling on the measure of damages concerns only a

question of law, not of fact.

a. <u>Rescission is Not Possible</u>

The Claimants assert that the Opinion was contrary to law "to the extent the Court is of the opinion Claimant is limited to a recissory [sic] measure" under Cal. Corp. Code section 25501.  (Claimants' Motion, 2.)

The Claimants assert that they are entitled to tender WAXS stock at any time before judgment and thus be entitled to rescissory damages or choose not to tender WAXS stock and be entitled to what they term "valuation" damages.  The Opinion, particularly in its discussion of *Junker v. Crory*, 650 F.2d 1349 (5th Cir. 1981), explained that where rescission was not possible, because of changes in the form of securities exchanged during a merger, then a court should award the damages equivalent of rescission.  The Claimants have pointed to no contrary decisions or overlooked facts that would show how rescission could yet be possible.  The WAXS stock acquired by the Claimants in the merger has been cancelled because of WAXS's bankruptcy.  The WorldxChange stock the Claimants gave up also no longer exists because of the merger.  Furthermore, as the Debtor argues, even if the exchanged shares of WorldxChange still existed, the Debtor could not return them because <u>WAXS</u> acquired that stock, not <u>the Debtor</u>.

b. <u>"Valuation" Damages Are Not the Appropriate Measure</u>

The Claimants have failed to provide any legal authority to show why the rescissory measure of damages is not the correct and only measure of damages under section 25501.  The Claimants in the Motion allege that "[d]amages under § 25501 are defined to be the difference between the price paid and the true value of the purchased security" – a measure the Claimants refer to as "valuation" damages.  That unsupported

argument is incorrect. Nowhere in section 25501 does the statute even hint at such a definition. Furthermore, the Claimants' proposed definition of section 25501 sounds similar to Rule 10b-5 "out-of-pocket" damages, which the Court in the Opinion decided were not appropriate under analogous federal Section 12 case law.[1] Finally, another section of California's securities act shows that the California legislature could have provided for "value" or out-of-pocket damages had they wished. *See* § 25502 (the damages provision relating to insider trading).[2]

    c.   <u>Claimants' "Price At Which The Security Was Bought" Argument is Flawed</u>

Section 25501 states that the rescissory measure of damages recoverable by a purchaser "shall be an amount equal to the difference between (a) the price at which the security was bought plus interest at the legal rate from the date of purchase and (b) the value of the security at the time it was disposed of by the plaintiff plus the amount of any income received on the security by the plaintiff." At oral arguments on the Motion, the Claimants argued that the statute's phrase of "the price at which the security was bought" could only refer to the dollar amount of the WAXS stock when the Claimants received it. The Court, for reasons discussed in the Opinion, disagrees with the Claimants' interpretation. The merger was not a cash-for-stock transaction. It was a stock-for-stock transaction. As discussed in the Opinion, "the price at which the security was bought"

---

[1] The Claimants' find fault with the Court for looking to federal statute Section 12(2) of the Securities Act of 1933 for guidance. In the Opinion, however, the Court noted that section 25501 was modeled after Section 12, and that in such circumstances federal cases interpreting federal law offer persuasive authority as to the state law.

[2] Section 25502 states
    Any person who violates Section 25402 shall be liable to the person who purchases a security from him or sells a security to him, for damages equal to the difference between the price at which such security was purchased or sold and the market value which such security would have had at the time of the purchase or sale if the information known to the defendant had been publicly disseminated prior to that time and a reasonable time had elapsed for the market to absorb the information, plus interest at the legal rate . . . .

refers to the consideration given by the Claimants for the <u>WAXS</u> stock they received, and thus means the value of the <u>WorldxChange</u> stock on the date of the merger's closing.

### IV.  Conclusion

The Claimants present no overlooked facts or relevant law that would cause the Court to alter or modify the Opinion.  Based on the foregoing, the Claimants' motion is denied.  The Debtor should settle an order consistent with this opinion.


Dated: New York, New York
        November 27, 2007


                                    **s/Arthur J. Gonzalez**
                                    UNITED STATES BANKRUPTCY JUDGE